# Exhibit O



Shane Mackey <shanemackey@gmail.com>

# Presiding Officer of City Commission Debating from the Chair

**Shane Mackey** <shanemackey@gmail.com>     Wed, Jul 5, 2017 at 12:56 PM
To: Sarah Osburn <sosburn@adrianmi.gov>
Cc: aheldt@adrianmi.gov, amunson@adrianmi.gov, jrising@adrianmi.gov, jberryman@adrianmi.gov, jdudas@adrianmi.gov, lstrayer@adrianmi.gov, TFaulhaber@adrianmi.gov

Dear Ms. Osburn:

After watching the City Commission function under a form of parliamentary procedure that largely appears foreign to me, and especially after being personally attacked during the public comment segment at the City Commission meeting on Monday, June 19, 2017, I decided to review Robert's Rules of Order Newly Revised to ascertain whether my concept of parliamentary procedure is askew. In response to a question that I posed during the City Commission meeting on Monday, July 3, 2017, Mr. Jim Berryman claimed that the City Commission adheres to Robert's Rules of Order. I then read two sections of Robert's Rules of Order Newly Revised that Mr. Berryman habitually violates and which seriously undermines the integrity of the impartiality requirement imposed upon the Presiding Officer. Not surprisingly, Mr. Berryman dismissed my concern out of hand while making an oblique reference to Section 4.5 of the City Charter and claiming that the city attorney had approved of the current procedure. I was somewhat taken aback when Mr. Berryman made reference to the city attorney insofar as this is an issue of parliamentary procedure, not an issue of law, and I was unaware that you served as the *de facto* parliamentarian for the City Commission. However, since Mr. Berryman represented that the procedure followed by the City Commission has obtained the imprimatur of the city's legal department, I am writing to express grave concern regarding Mr. Berryman's serious deviations from the proper functions of the Presiding Officer.

One of the fundamental precepts codified in Robert's Rules of Order Newly Revised is that the Presiding Officer (or Chair of a committee) remain impartial on questions placed before the assembly. The reason for this impartiality requirement is that the Presiding Officer has special functionary authority over the assembly, so when he takes a partisan position on questions before it, he improperly lends the credibility and authority of the chair to his own partisan positions. This policy is borne out in several provisions of Robert's Rules of Order Newly Revised (a copy of which I have attached for your convenience with pertinent sections highlighted).

For example, under the heading "Pattern of Formality" in Section 3, Robert's Rules of Order Newly Revised provides: "Customs of formality that are followed by the presiding officer and members under parliamentary procedure *serve to maintain the chair's necessary position of impartiality and help to preserve an objective and impersonal approach, especially when serious divisions of opinion arise*." RONR (11th ed.), p. 22, ll. 25-31 (emphasis added). See analogously, RONR (11th ed.), p. 467, ll. 8-12 ("A member of an assembly who acts as its parliamentarian *has the same duty as the presiding officer to maintain a position of impartiality ….*") (emphasis added); RONR (11th ed.), p. 453, ll. 18-25 ("The practice in some organizations of permitting the chairman of a committee to preside over the assembly or put questions to vote during the presentation and consideration of the committee's report *violates numerous principles of parliamentary law relating to the chair's appearance of impartiality and the inappropriateness of his entering into debate*, not to speak of the regular presiding officer's duty to preside (see pp. 448–49).") (emphasis added). A conflict arises, however, because "[a] member's debate is expected and intended to be partial." RONR (11th ed.), p. 393, ll. 8-10. Consequently, special rules apply when a Presiding Officer (or Chair of a committee) acting under an obligation of impartiality seeks to engage in partisan debate. Specifically, the so-called "Rule Against the Chair's Participation in Debate" provides: "If the presiding officer is a member of the society [*i.e.*, City Commission], he has – as an individual – the same rights in debate as any other member; *but the impartiality required of the chair in an assembly precludes his exercising these rights while he is presiding*. **Normally, especially in a large body, he should have nothing to say on the merits of pending questions**." RONR (11th ed.), p. 394, ll. 25-21 (emphasis added). In order to remedy this conflict, "[t]o participate in debate, he [the Presiding Officer] must relinquish the chair …." RONR (11th ed.), p. 394-95, ll. 1-2. "The presiding officer who relinquished the chair then *should not return to it until the pending main question has been disposed of, since he has shown himself to be a partisan as far as that particular matter is concerned*." RONR (11th ed.), p. 395, ll. 15-21 (emphasis added). "**Indeed, unless a presiding officer is extremely sparing in leaving the chair to take part in debate, he may destroy members' confidence in the impartiality of his approach to the task of presiding**." *Id.* (emphasis added).

Mr. Berryman claims that Section 4.5 of the City Charter allows him to disregard all of the foregoing mandates. However, Section 4.5 of the City Charter only provides, as pertinent here, that the mayor "shall have a voice and vote in all proceedings of the commission equal with that of other members of the commission, but shall have no veto power." City Charter, §4.5(a). In light of the language "but shall have no veto power," the intent underlying Section 4.5 was not

to wholly repeal by implication the Robert's Rules of Order Newly Revised but, rather, to clarify that the mayor has no greater power than any other member of the City Commission when it comes to debate and voting. More importantly, I am not claiming that the mayor does not have a "voice and vote" in commission proceedings equal with that of other members of the Commission. Rather, it is *the manner* in which Mr. Berryman exercises his voice and vote - by using the Chair from which to advocate is own personal partisan positions and essentially turning commission proceedings into "The Jim Berryman Show." This approach is at odds with fundamental parliamentary procedure and violates the several tenets set forth in Robert's Rules of Order Newly Revised, especially when juxtaposed with the 11 duties of a Presiding Officer that are expressly enumerated in Robert's Rules of Order Newly Revised. See, RONR (11th ed.), pp. 449-450, ll. 15-25.

I would also note that Mr. Berryman wholly ignored my second point: absent a specially adopted rule (which the Commission has none), the general rule is that "no member can speak more than twice to the same question on the same day …." RONR (11th ed.), p. 389, ll. 1-8. Because this rule was wholly ignored during the Commission proceedings on Monday, June 19, 2017, the City Commission proceeding rambled on for hours with Mr. Berryman engaging in what was essentially a filibuster against the Commission postponing its vote on the Commission's recommendation regarding the proposed biergarten.

*Here is the danger in refusing to adhere to the rules*. During the City Commission meeting on Monday, June 19, 2017, David Munson, a candidate for City Commission and a close friend of Mr. Berryman, stood up among the members of the public and interjected, "Point of Order," despite the fact that he is not a member of the City Commission. Neither Mr. Berryman nor any of the City Commissioners censured, chastised, or even corrected Mr. Munson's conduct. Accordingly, based upon this precedent, please be advised that I will henceforth be participating in City Commission meetings in the same manner as Mr. Munson, feeling free to stand up and interject points of order whenever Mr. Berryman or the Commission sees fit to ignore the Robert's Rules of Order Newly Revised (which is essentially every 5 minutes or so). To deprive me of this right that was extended to Mr. Munson would be to deprive me of equal protection of the laws under the "class of one" legal concept. *This is the danger in refusing to adhere to the rules*.

Accordingly, I am writing to kindly request that you change your position regarding the Presiding Officer's ability to engage in debate from the chair. Mr. Berryman certainly has the same "voice and vote" as other members of the Commission, after he relinquishes the chair to preserve the integrity of its impartiality. This should present no problem since Mr. Berryman should relinquish the chair "extremely sparing" lest he "destroy members' confidence in the impartiality of his approach to the task of presiding." RONR (11th ed.), p. 395, ll. 15-21. I look forward to receiving your reply. Thank you.

Shane Mackey

---


**Roberts Rules of Order - Newly Revised, 11th ed.pdf**
2445K