UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

    Plaintiff,

v.

JAMES MICHAEL BERRYMAN,
Mayor of the City of Adrian, Michigan;
MARGARET M.S. NOE,
Judge of the Lenawee County Circuit Court,

    Defendants.

Case No: 17-12359
Judge Bernard A. Friedman
Magistrate David R. Grand

| | |
|---|---|
| Issa G. Haddad (P71699)<br>HADDAD LAW FIRM, PLC<br>Counsel for Plaintiff<br>30600 Telegraph Road, Suite 4280<br>Bingham Farms, MI  48025<br>248.633.8500<br>issa@haddlaw.com<br><br>Christopher J. Johnson (P32937)<br>JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.<br>Attorney for Margaret M.S. Noe<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI  48331<br>248.489.4100<br>cjohnson@jrsjlaw.com | John J. Gillooly (P41948)<br>Thomas D. Beindit (P81133)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for James M. Berryman<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI   48207<br>313.446.5501<br>jgillooly@garanlucow.com<br>tbeindit@garanlucow.com |

## **JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)**

    The parties, through their respective counsel, submit the following joint discovery plan pursuant to Fed. R. Civ. P. 26(f) and the courts order.

1. **Plaintiff Claims:**

This action involves the violations of Plaintiff's First and Fourteenth Amendment rights to report news, to express political ideas, and to express criticism of public officials. This action also involves a prior restraint of core political speech. Plaintiff criticized the Defendant Mayor Berryman by using First Amendment protected political speech at the local City Commission meetings and Defendant Berryman then requested an Ex Parte personal protection order which was granted by Defendant Noe to silence the criticism. The petition was not plead in accordance with the mandatory pleading specificity requirements. Plaintiff claims that Defendant Noe issued the Personal Protection Order either without reading the petition or without requiring that the petition comply with mandatory specificity requirements. These acts by Defendants have violated Plaintiff's Civil Rights as well as other state law claims giving rise to damages and a request for injunctive relief.

**Defendant James Michael Berryman's Claim:**

Simply put, Defendant Berryman denies that he breached the appropriate standard of legal care and denies any wrongdoing arising out of the incident at issue. Defendant further states that he was guided by and strictly observed all of his legal duties imposed by

operation of law and otherwise and that all of his actions were careful, prudent, proper and lawful.

**Defendant Margaret M.S. Noe's Claim:**

The only item Judge Noe had with respect to this case was to read the petition that was filed by Mayor Berryman and issue an order pursuant to state statute. Before a hearing was held on Plaintiff's motion to dissolve the PPO, she was served with this lawsuit and therefore recused herself from hearing the matter. Judge Noe is entitled to absolute judicial immunity.

2. **Subject Matter Jurisdiction:** The Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and §1343, as a federal question is involved. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. **Relationship to Other Cases:** James Berryman vs Wendell Shane Mackey, 17-44270-PH, Lenawee County Circuit Court Case, being heard and argued in the Washtenaw County Circuit Court by Hon. Patrick J. Conlin, Jr. Currently pending is the Respondent's Motion to Set Aside the Ex Parte Personal Protection Order.

4. **Initial Disclosures:** The parties believe that the presumptive time limitations for submitting initial disclosures under Fed. R. Civ. P. 26(a)

are appropriate. The parties agree to serve their initial disclosures under Fed. R. Civ. P. 26(a) on or before November 1, 2017.

5. **Discovery:** Discovery is needed on all claims and defenses. Discovery should not be conducted in phases or limited beyond the presumptive limitations set-forth in the Federal Rules of Civil Procedure. The parties believe that all pretrial discovery can be completed within seven (7) months.

6. **Anticipated Amendments to the Pleadings:** To the extent that any other amendments are deemed appropriate, the parties will file any such motions requesting leave to amend by November 1, 2017.

7. **Plaintiff's Anticipated Expert Testimony:** At this time, Plaintiff's experts may include:

8. **Defendants' Anticipated Expert Testimony:** At this time, Defendants' experts may include: (1) an economic expert.

9. **Anticipated Motion Practice:** Plaintiff anticipates to file a dispositive Motion at the conclusion of the State case involving Plaintiff's motion to set aside the PPO. Dispositive motions may be filed by the parties at the close of discovery.

10. **Use of Case Evaluation and/or Alternative Dispute Resolution:** Plaintiff does request that Case Evaluation be ordered in

this matter. Defendants do not feel this case is appropriate for case evaluation but do request that a settlement conference be set with a Magistrate Judge at the conclusion of discovery.

11. **Disclosure or Discovery of Electronically Stored Information:** The parties agree that they will preserve all relevant electronically stored information, including all metadata associated therewith, within their custody and/or control in accordance with the applicable court rules and governing case law.

The parties further agree to produce for inspection and/or copying any relevant, non-privileged information that is electronically stored in response to a discovery request or if required by mandatory disclosure. The information may be produced in either written or electronic format, at the discretion of the disclosing party, with exception of video and audio recording, which shall be produced for inspection, and/or copying in an electronic format.

12. **Assertion of Claims of Privilege or Work-Product Immunity After Production:** While the parties do not anticipate any substantial issues at this time, they agree that upon written notification by the producing party to the receiving party, the receiving party shall segregate any item subject to a claim of privilege or work-product. The

producing party will have an opportunity to request a retraction or provide other instructions as to the disposition of the items, which the receiving party will make reasonable efforts to comply therewith.

Respectfully submitted,

_____  _____
Issa G. Haddad                  John J. Gillooly
HADDAD LAW FIRM, PLC            GARAN LUCOW MILLER, P.C.
30600 Telegraph Road, Suite 4280  1155 Brewery Park Blvd., Suite 200
Bingham Farms, MI 48025         Detroit, MI 48207
248.633.8500                    313.446.5501
issa@haddlaw.com                jgillooly@garanlucow.com
P71699                          P41948

_____
Christopher J. Johnson
JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
248.489.4100
cjohnson@jrsjlaw.com
P32937

Dated: September 21, 2017

DETROIT-#1357827.docx