UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

       Plaintiff,

-vs-
                         CA: 17-12359
                         HON: BERNARD A. FRIEDMAN

JAMES MICHAEL BERRYMAN,
Mayor of the City of Adrian, Michigan;
MARGARET M.S. NOE, Judge of the
Lenawee County Circuit Court,

       Defendants.
_____ /

HADDAD LAW FIRM, PLC
Issa Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 3150
Bingham Farms, MI  48025-4550
(248) 633-8500
issa@haddlaw.com

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC
BY:   Holly S. Battersby  (P72023)
Attorney for Defendant Noe
27555 Executive Drive, Ste. 250
Farmington Hills, MI  48331-3550
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, P.C.
John J. Gillooly  (P41948)
Anthony Monticciolo (P76013)
Attorneys for Defendant Berryman
1155 Brewery Park Blvd., Ste. 200
Detroit, MI  48207-2641
(313) 446-5501
jgillooly@garanlucow.com
amonticciolo@garanlucow.com
_____ /

## DEFENDANT NOE'S EMERGENCY MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER

### ***EXPEDITED CONSIDERATION REQUESTED***

Defendant, **MARGARET M.S. NOE**, by her attorneys, **ROSATI, SCHULTZ, JOPPICH & AMTSBUECHLER, P.C.**, brings these Motions, pursuant to FRCP 26 and FRCP 45, based upon the following:

1.     Plaintiff asserts a claim against Judge Margaret Noe pursuant to 42 USC 1983 because he believes she improperly granted an ex parte Personal Protection Order filed by Defendant James Berryman against Plaintiff.  Dkt #1.

2.     As a Judge acting within her jurisdiction, Judge Noe is entitled to absolute judicial immunity from this suit. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("[a]judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)(per curium)("judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial); *Harlow v. Fitzgerald,* 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome qualified immunity).

3.     Despite the narrow scope of Plaintiff's claim against Judge Noe in this case, and the clear application of judicial immunity to bar Plaintiff's claim, Plaintiff has served several abusive subpoenas to various entities designed to embarrass and harass Judge Noe.  (Ex. A –E Subpoenas).

1

4.     Specifically, four extremely broad and unduly burdensome subpoenas, dated November 6, 2018, seek irrelevant and confidential information pertaining to Judge Noe from Lenawee County, Adrian College, Gatehouse Media and Lenawee Country Club.  (Ex. A-D)

5.     It is well-settled that "[a] subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016).

6.     These subpoenas request information that is beyond any arguable bounds of relevant discovery related to the claims in this case in violation of Fed. R. Civ. P. 26.

7.     The information requested in these subpoenas does not have the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

8.     Moreover, Plaintiff's subpoenas seek documents and records that contain confidential information pertaining to the Judge including, but not limited to, her phone numbers, phone records including text messages, Social Security Number, address, names of family members, banking/financial information, income information, personal email account information, etc.

9. The subpoena to Lenawee County is also so broad that it requests attorney client privileged information. (Ex. A).

10. As a Judge who regularly presides over criminal matters, public disclosure of the information sought in the subject subpoenas is not only an invasion of Judge Noe's privacy, but also puts her safety, and the safety of her family, at risk.

11. Consequently, Judge Noe moves to quash the subject subpoenas, as more specifically detailed in the accompanying Brief.

12. Judge Noe also seeks a Protective Order, as discussed herein, preventing disclosure of her personal and confidential information.

13. The undersigned sought concurrence from Plaintiff's counsel on November 14, 2018, explaining the nature of this Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

Defendant Noe respectfully requests that this Honorable Court quash Plaintiff's Subpoenas to Lenawee County, Adrian College, Lenawee Country Club and Gatehouse Media, grant the Protective Order as outlined herein, and award the costs and attorney fees so wrongfully incurred in filing this Motion as well as any other sanctions the Court deems appropriate.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC


s/Holly S. Battersby
Attorney for Defendant Noe
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com
(P72023)

DATED: November 19, 2018

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

       Plaintiff,

-vs-                        CA: 17-12359
                                  HON: BERNARD A. FRIEDMAN

JAMES MICHAEL BERRYMAN,
Mayor of the City of Adrian, Michigan;
MARGARET M.S. NOE, Judge of the
Lenawee County Circuit Court,

       Defendants.
_____ /

HADDAD LAW FIRM, PLC         ROSATI SCHULTZ JOPPICH
Issa Haddad (P71699)              & AMTSBUECHLER PC
Attorney for Plaintiff              BY:  Holly S. Battersby  (P72023)
30600 Telegraph Rd., Ste. 3150    Attorney for Defendant Noe
Bingham Farms, MI  48025-4550    27555 Executive Drive, Ste. 250
(248) 633-8500                  Farmington Hills, MI  48331-3550
issa@haddlaw.com              (248) 489-4100
                                 hbattersby@rsjalaw.com

GARAN LUCOW MILLER, P.C.
John J. Gil!ooly  (P41948)
Anthony Monticciolo (P76013)
Attorney for Defendant Berryman
1155 Brewery Park Blvd., Ste. 200
Detroit, MI  48207-2641
(313) 446-5501
jgillooly@garanlucow.com
amonticciolo@garanlucow.com
_____ /

**BRIEF IN SUPPORT OF DEFENDANT NOE'S EMERGENCY
MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER**

**\*\*\*EXPEDITED CONSIDERATION REQUESTED\*\*\***

## <u>ISSUES PRESENTED</u>

I.   **WHETHER PLAINTIFF'S SUBPOENAS TO LENAWEE COUNTY, ADRIAN COLLEGE, LENAWEE COUNTRY CLUB AND GATEHOUSE MEDIA SHOULD BE QUASHED?**

        Plaintiff says, No.
        Defendant says, Yes.

II.  **WHETHER JUDGE NOE IS ENTITLED TO A PROTECTIVE ORDER PURSUANT TO FRCP 26(C)(1)?**

        Plaintiff says, No.
        Defendant says, Yes.

# INDEX OF AUTHORITIES

## Cases

9 *Wright & Miller, Federal Practice & Procedure: Civil* s 2457 at
437-438 (1971)................................................................................5

*EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994)............................4

*Harlow v. Fitzgerald,* 457 U.S. 800, 815-819 (1982) ................................................1

*In re City of New York*, 607 F.3d 923, 944-45 (2nd Cir. 2010)................................7

*In re Packaged Ice Antitrust Litig.*, 2011 WL 1790189, at *9
(quoting *In re City of New York*, 607 F.3d at 944-45)...........................................7

*In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011
WL 1790189, at *9 (E.D. Mich. May 10, 2011) ............................................7, 11

*Martin v. Trott Law, P.C.*, No. CV 15-12838, 2016 WL 9450599,
at *2 (E.D. Mich. Dec. 22, 2016)................................................................5

*Michigan State A. Philip Randolph Inst. v. Johnson*, No. 16-CV-11844,
2018 WL 1465767, at *2 (E.D. Mich. Jan. 4, 2018) .......................................6, 17

*Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).........................................................1, 11

*Rataj v. City of Romulus,* 306 Mich. App. 735, 754 (2014) ................................8, 11

*Seattle Times Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 30-34 (1984 ..............16

*State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic &
Rehab Clinic, P.C.*, 315 F.R.D. 220, 222 (E.D. Mich. 2016)...................................2

*Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ......................................................1

*Sys. Prod. and Solutions, Inc., v. Scramlin*, No. 13-cv-14947,
2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014)...........................................3

## **Rules**

Fed.R.Civ.P. 26 ............................................................................................1

Fed.R.Civ.P. 26(b) .......................................................................................3

Fed.R.Civ.P. 26(b)(1) ..............................................................................3, 15

Fed. R. Civ. P. 26(c)(1) ...............................................................................16

Fed.R.Civ.P. 45(b) .......................................................................................5

Fed.R.Civ.P. 45(d)(1) ...................................................................................5

Fed.R.Civ.P. 45(d)(2)(B) ..............................................................................5

Fed.R.Civ.P. 45(d)(3) ...................................................................................4

Fed. R. Evid 401 ..................................................................................2, 4, 13

## STATEMENT OF PERTINENT FACTS

This litigation arises out of an ex parte Personal Protection Order ("PPO") obtained by former Adrian Mayor James Berryman against Plaintiff Wendell Shane Mackey.  Dkt #1.  Defendant Berryman filed the Petition for Ex Parte PPO on July 6, 2017 and it was entered by Lenawee County Circuit Court Judge Margaret Noe on July 7, 2017.  (Ex. F – PPO; Ex. G – Order Granting PPO). Plaintiff filed this lawsuit on July 17, 2017 and requested that Judge Noe recuse herself from hearing his Motion to Set Aside the Ex Parte PPO.  (Dkt #1; Ex. H – Disqualification Transcript, pp. 14).  Consequently, the matter was re-assigned to Washtenaw County Circuit Court Judge Patrick Conlin.   After three days of hearing, Judge Conlin ordered that the PPO remain in place, with minor modification.  (Ex. I – Conlin Ruling).

Plaintiff's suit against Judge Noe is limited to the allegation that she improperly granted Mr. Berryman's ex parte PPO without first conducting an evidentiary hearing.  Dkt #1.  Given the emergency nature that often accompanies a PPO, judges frequently grant these Orders without evidentiary hearing.  Even if Plaintiff could somehow prove that the ex parte PPO was wrongfully granted, Judge Noe is afforded absolute judicial immunity for decisions she makes within her jurisdiction as a Lenawee County Circuit Court Judge.  *See, e.g.   Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("[a]judge is absolutely immune from liability

for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"); *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)("judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial); *Harlow v. Fitzgerald,* 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome qualified immunity).[1]

Despite the narrow scope of Plaintiff's claim against Judge Noe in this case, and the clear application of judicial immunity to bar Plaintiff's suit, Plaintiff served eight abusive subpoenas, dated November 6, 2018, upon various entities, several of which were specifically designed to embarrass and harass Judge Noe, as well as invade her privacy.[2]   (Exs. A-E, Subpoenas).   These subpoenas include those directed to Lenawee County, Lenawee Country Club, Adrian College and Gatehouse Media.  (Ex. A-D).  The information sought, to the extent it exists in the possession of the recipients, would require potential public disclosure of attorney-client privileged information, as well as private and confidential information

---

[1] Given the clear application of judicial immunity to bar Plaintiff's claims, along with the abusive discovery tactics which are being employed in this litigation, Defendant Noe will promptly file a Motion for Stay of Discovery and Motion for Leave to File More Than One Motion for Summary Judgment, so that the immunity issues can be resolved before Judge Noe is subjected to any additional improper discovery requests.  *See, e.g.* Ex. J – Plaintiff's Interrogatories to Defendant Noe.

[2] These subpoenas were received by the undersigned on November 9, 2018.

including, but not limited to the Judge's: home address, phone number(s), information pertaining to her work phone, phone records including text messages, Social Security Number, driver's license number, names and phone numbers of family members and friends, banking/financial information, credit card numbers, income information, personal email account information, etc. Clearly, this information is wholly irrelevant to the issues raised in Plaintiff's Complaint against Judge Noe.

## **ARGUMENT**

### I.   **PLAINTIFF'S SUBPOENAS TO LENAWEE COUNTY, ADRIAN COLLEGE, LENAWEE COUNTRY CLUB AND GATEHOUSE MEDIA SHOULD BE QUASHED.**

Despite the narrow scope of Plaintiff's allegations against Judge Noe, and her absolute judicial immunity, Plaintiff has served incredibly broad and far-reaching subpoenas to Lenawee County, Lenawee Country Club, Adrian College and Gatehouse Media, which seek wholly irrelevant information and were served simply to annoy, embarrass and harass Judge Noe, as well as invade her privacy. "Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45." *Sys. Prod. and Solutions, Inc., v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014)(Ex. K).  As this Court is well aware, Rule 26(b)(1) provides, in pertinent part:

> **Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to**

**the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

(emphasis added).   "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid 401.   FRCP 45(d)(3) governs Motions to Quash Subpoenas, articulating where a court *must* quash or modify a subpoena:

(A) **When Required**. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) **requires disclosure of privileged or other protected matter, if no exception or waiver applies; or**
(iv) **subjects a person to undue burden.**

(emphasis added). Whether a burden is "undue" requires the Court to weigh "the likely relevance of the requested material ... against the burden ... of producing the material." *EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994).  "While the person seeking to quash the subpoena 'bears the burden of demonstrating that the discovery sought should not be permitted, **the party seeking the discovery has the initial burden of demonstrating its relevance**." *Martin v. Trott Law, P.C.*,

4

No. CV 15-12838, 2016 WL 9450599, at *2 (E.D. Mich. Dec. 22, 2016)(internal

quotes and cites omitted)(Ex. L)(emphasis added).

Rule 45(b), additionally provides:

> **[T]he court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive** or condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things.

(emphasis added). Here, Plaintiff seeks disclosure of irrelevant, protected matter

that clearly invades Judge Noe's privacy and subjects her to undue burden. In

ruling on a Motion to Quash, like the instant Motion filed by Defendant Noe, the

Court may modify the subpoena at issue to remove its objectionable features. *See,*

9 *Wright & Miller, Federal Practice & Procedure: Civ*il s 2457 at 437-438 (1971);

Fed. R. Civ.P 45(b). At the very least, Defendant Noe requests that the irrelevant,

abusive requests be removed from the subject subpoenas, as outlined below.[3][4]

---

[3] Rule 45 (d)(1) provides that" [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Plaintiff clearly has not taken such steps in serving these incredibly burdensome and oppressive subpoenas in this case and his actions should be sanctioned.

[4] Although Defendant Noe only addresses those portions of the subpoenas that are directly applicable to her, the subpoena recipients have a clear basis for objecting to these burdensome subpoenas pursuant to FRCP 45(d)(2)(B), which provides:

"[A] district court must limit the scope of discovery if it determines that 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.'" *Michigan State A. Philip Randolph Inst. v. Johnson*, No. 16-CV-11844, 2018 WL 1465767, at *2 (E.D. Mich. Jan. 4, 2018)(Ex. M )(quoting Fed. R. Civ. P. 26(b)(2)(C)(iii)).  Here, there is absolutely no benefit to disclosure of the information Plaintiff seeks, as more thoroughly described below.  None of the materials sought have any relevance whatsoever to Plaintiff's claim that the ex parte PPO against him was improperly granted and constitute a substantial burden to the subpoena recipients, as well as Judge Noe, whose personal safety will be placed at risk if the information sought is made public.  Further, there is no "amount in controversy" as it pertains to Judge Noe, as Plaintiff has not experienced any monetary damages.  He is not making a wage loss claim, has not treated for any medical or psychological issue arising from this incident, and has set forth no other source of economic damages.  (Ex. N – Ans to Co-Def Int; Ex. O – Ans to Def Noe's Ints).  Finally, the information sought will

A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.

have no bearing on the resolution of the issues raised in Plaintiff's Complaint, as they seek information that is entirely irrelevant to this litigation. It is clear that the subpoenas seeking information pertinent to Judge Noe must be quashed.

Additionally, this Court has previously recognized a "law enforcement privilege" in determining whether police officers' private information must be disclosed. *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 1790189, at *9 (E.D. Mich. May 10, 2011)(Ex. P). According to this privilege, police officers are entitled to protection from disclosure of their personal information to the public because it may endanger their safety. *In re City of New York*, 607 F.3d 923, 944-45 (2nd Cir. 2010). As this Court has held, "in determining whether law enforcement privilege should foreclose disclosure the 'public interest in nondisclosure [must be balanced] against the need of a particular litigant for access to the privileged information.'" *In re Packaged Ice Antitrust Litig.*, 2011 WL 1790189, at *9 (quoting *In re City of New York*, 607 F.3d at 944-45)(Ex. P). The same safety concerns are applicable in the judicial context, where the public dissemination of a judge's personal information poses the same risk as dissemination of police officers' confidential information.

Judge Noe is called upon to preside over criminal proceedings, which involve the conviction and sentencing of the guilty. Exposing Judge Noe's personal address, phone number, Social Security Number, driver's license number,

banking information, family member names, etc., undoubtedly poses a threat to her safety and, for the same reasons this Court has recognized the law enforcement privilege, this information should be protected from public disclosure. Plaintiff has no legitimate need for the information he seeks as it is entirely irrelevant to his lawsuit. Plaintiff's subpoenas pertaining to Judge Noe should be quashed. *See also Rataj v. City of Romulus,* 306 Mich. App. 735, 754 (2014)("[h]ome addresses, dates of birth, and telephone numbers typically constitute information of a personal nature within the meaning of the privacy exemption" to the FOIA and "personnel files of a law enforcement agency are exempt from disclosure "[u]nless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance....")(internal quotes and cites omitted).

Defendant Noe specifically seeks to quash or modify the following portions of the irrelevant and burdensome subpoenas served upon Lenawee County, the Lenawee County Country Club, Adrian College and Gatehouse Media:

**A.    The Lenawee County Subpoena.**

Plaintiff's broad and burdensome subpoena to Lenawee County seeks 13 categories of irrelevant information. (Ex. A). The following requests specifically pertain to Judge Noe:

***Electronically Stored Information***

3.      Please provide clear, legible and unredacted copies in Adobe Portable Document Format (.pdf) of all electronically stored information, including but not limited to electronic mail messages, text messages, or any other form of electronic communication, sent to or from any Lenawee County employee, contractor or elected official between January 1, 2017 to the present that relate to, pertain to or otherwise reference in any way Margaret Noe.

4.      Please provide clear, legible and unredacted copies in Adobe Portable Document Format (.pdf) of all electronically stored information, including but not limited to electronic mail messages, text messages, or any other form of electronic communication, sent to or from any Lenawee County employee, contractor or elected official between January 1, 2017 to the present that relate to, pertain to or otherwise reference in any way the Personal Protection Order issued in the matter of *James M. Berryman v Wendell Shane Mackey*, Lenawee County Circuit Court Case No. 17-44270-PH.

5.      Please provide clear, legible and unredacted copies in Adobe Portable Document Format (.pdf) of all electronically stored information, including but not limited to electronic mail messages, text messages, or any other form of electronic communication, set to or from any Lenawee County employee, contractor or elected official between January 1, 2017 to the present that relate to, pertain to or otherwise reference in any way the matter of *Wendell Shane Mackey v. James Michael Berryman v [sic],* U.S. District Court, E.D. Mich. Case No. 2:17-cv-12359.

### *Documents*

1.      Please provide clear, legible and unreduced copies of any document that relates to, pertains to or otherwise references in any way Wendell Shane Mackey that is not routinely maintained for public review in the Clerk of the Court's office.

2.      Please provide clear, legible and unreduced copies of Margaret M.S. Noe's entire personnel file.

3.     Please provide clear, legible and unreduced copies of any document that relates to, pertains to or otherwise references in any way the Personal Protection Order issued in the matter of *James M. Berryman v. Wendell Shane Mackey*, Lenawee County Circuit Court Case No. 17-44270-PH that is not routinely maintained for public review in the Clerk of the Court's office.

4.     Please provide clear, legible and unreduced copies of any document that relates to, pertains to or otherwise references in any way the matter of *Wendell Shane Mackey v. James Michael Berryman*, U.S. District Court, E.D. Mich. Case No. 2:17-cv-12359 that is not routinely maintained for public review in the Clerk of the Court's office.

5.     Please provide copies of all telephone records for any telephone(s) routinely used by Margaret M.S. Noe from January 1, 2017 to present including but not limited to documents memorializing the date of call or text message, originating telephone number, terminating telephone number and duration of call or length of text message.

6.     Please identify all telephone numbers for any telephone(s) routinely used by any Lenawee County employees, contractors or elected officials from January 1, 2017 to the present.

(Ex. A – County Subpoena). As a preliminary matter, upon information and belief, "Electronically Stored Information" Requests # 3, #4 and #5, as well as "Document" Requests #1, #3, and #4 may contain attorney-client privileged information, which is not subject to disclosure. Further, Judge Noe's personnel file is wholly irrelevant to the claim raised in this lawsuit and does not have the tendency of making any fact of consequence in this action more probable. Fed.R.Evid. 401. The Judge granted an ex parte PPO in accordance with the law;

there is nothing in her personnel file that could have any bearing on whether that decision was proper, especially given the fact that even if the Judge made the wrong decision, or acted with malice, she is absolutely immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)(per curium).  The request for her personnel file is clearly an attempt to harass, oppress and annoy her.  Furthermore, disclosure of the information that may contained in Judge Noe's personnel file, including banking information, income information, home address, home telephone number, personal email address, family members' names, Social Security Number, driver's license number, etc., would severely compromise Judge Noe's personal safety if made public. *See, e.g., Rataj v. City of Romulus,* 306 Mich. App. 735, 754 (2014); *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 1790189, at *9 (E.D. Mich. May 10, 2011)(Ex. P).  There is absolutely no reason for such information to be produced in a case which is limited to whether a decision by a judicial official was proper.

Plaintiff's subpoena to Lenawee County is extremely overly broad and unduly burdensome and should be struck in its entirety.  At the very least, the requests identified above which pertain to Judge Noe should be removed from the request.

**B.  <u>Lenawee Country Club Subpoena Documents</u>**

Judge Noe is a member of Lenawee Country Club.  Plaintiff seeks 11

categories of irrelevant information from her Country Club in violation of her right to privacy.  (Ex. B – Lenawee Country Club Subpoena).  Those that pertain to Judge Noe are as follows:

> 5.    Please provide clear, legible and unredacted copies of all documents, communications or Electronically Stored Information related or pertaining to Margaret Noe, including *but not limited to*:
>
>> A.    Membership applications or renewals;
>>
>> B.    Documents reflecting Margaret Noe's authorization to enter the Lenawee Country Club, from January 1, 2017 to the present;
>>
>> C.    Documents that reflect that Margaret Noe used, reserved or[sic] otherwise been present at any Lenawee Country Club facility from January 1, 2017 to the present;
>>
>> D.    Charges or expenses made or signed for by Margaret Noe from January 1, 2017 to the present including receipts and signatures of all charges and expenses;
>>
>> E.    Invoices, statements or receipts issued to Margaret Noe from January 1, 2017 to present; and
>>
>> F.    Any other document that relates or pertains to Margaret Noe from January 1, 2017 to the present including, but not limited to any photographs or other documents.

Plaintiff does not allege that any of the events giving rise to his lawsuit occurred at the Lenawee Country Club.  Dkt #1.  Seeking every "document that relates or pertains" to Judge Noe from a social club she is a member of is the pure definition of harassment.  The information sought in this discovery request has absolutely no

bearing on whether granting an ex parte PPO to Defendant Berryman was proper and does not have the tendency of making any fact of consequence in this action more probable.  Fed.R.Evid 401.  Information pertaining to charges made by Judge Noe at her Country Club along with invoices, statements and receipts will clearly result in the public disclosure of Judge Noe's financial/banking information, credit card numbers, etc.  The overbreadth and harassing nature of this subpoena is highlighted by Plaintiff's request for *any document whatsoever* pertaining to Judge Noe over the last two years.  This subpoena, as it relates to Judge Noe, must be quashed.

### C.   <u>Adrian College Subpoena</u>

Plaintiff served a subpoena upon Adrian College which seeks 10 different categories of documents. (Ex. C – Adrian College Subpoena).  It is hard to imagine how any of the documents requested have any bearing upon the claims raised in this case, but the irrelevant requests that specifically pertain to Judge Noe are:

> 8. Please provide clear, legible and unredacted copies of any document that relates to, pertains to, or otherwise references both Margaret Noe and James Berryman.
>
> 9. Please provide clear, legible, and unredacted copies of any photograph or other document that depicts both Margaret Noe and James Berryman.

Nothing about the PPO obtained by Defendant Berryman against Plaintiff has anything to do with Adrian College.  Plaintiff is improperly conducting a fishing

expedition designed to elicit information that is wholly irrelevant to the claim raised in this lawsuit.  The overly broad and unduly burdensome request for any document that in any way relates or references Judge Noe is clearly designed to harass her.  Judge Noe was an adjunct professor at one point in her career at Adrian College.  The production of "any document" in the College's possession that in any way pertains to Judge Noe could very well result in the disclosure of personal and confidential information, such as her address, family member names, banking information, Social Security Number, income information, credit score, etc.  The subpoena in its entirety should be struck as overly broad, unduly burdensome and seeking completely irrelevant information.  At the very least, Requests #8 and #9 should be removed.

### D.   <u>Gatehouse Media Subpoena</u>

Plaintiff seeks 14 different categories of information from Gatehouse Media (d/b/a The Daily Telegram), with the following irrelevant and harassing requests pertaining to Judge Noe (Ex. D – Gatehouse Media Subpoena):

#### *<u>Electronically Stored Information</u>*

5.   Please provide copies in Adobe Portable Document Format (.pdf) of all electronically stored information including *but not limited to* electronic mail messages, text messages or any other form of electronic communication set to/from Margaret M.S. Noe to / from any employee or contractor of The Daily Telegram between January 1, 2017 to the present.

8.   Please provide copies in Adobe Portable Document Format

(.pdf) of all posts made on www.lenconnect.com from any account(s) affiliated with Margaret M.S. Noe.

These requests are wholly irrelevant to any claim or defense in this case and are not proportional to the needs of the case.  FRCP 26(b)(1).  The information sought does not have the tendency of making any fact of consequence in this action more probable given the only assertion against her is that she improperly granted an ex parte PPO.  This subpoena seeks any communication Judge Noe may have had with The Daily Telegram regarding any subject whatsoever over a period of two years, as well as posts on www.lenconnect.comfrom any account, personal or business, affiliated with Judge Noe, which have absolutely nothing to do with claims asserted against her in this lawsuit.[5]  Further, Defendant objects to this request on the grounds that it violates Judge Noe's right to privacy.  Production of information responsive to this request, to the extent any exists, has the potential of making public Judge Noe's personal email address and other private information pertaining to the Judge.  As described above, as a judicial officer, this is particularly concerning because the Judge regularly hears criminal matters and exposure of her personal information, such as email addresses, puts her personal safety at risk.  This subpoena was clearly improperly issued to harass, embarrass and annoy Judge Noe and should be quashed by this Court.

---

[5] Judge Noe does not have any recollection of posting on www.leconnect.com, but to the extent the information sought in this subpoena does exist, it may contain her personal email address, which should not be publicly disclosed.

## II.   **JUDGE NOE IS ENTITLED TO A PROTECTIVE ORDER PURSUANT TO FRCP 26(C)(1).**

Fed. R. Civ. P. 26 (c)(1) provides:

> The court may, for good cause, **issue an order to protect a party or person from annoyance, embarrassment, oppression**, or undue burden or expense, including one or more of the following:
>
> **(A) forbidding the disclosure or discovery;**
>
> **(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery**;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> **(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;**
>
> (E) designating the persons who may be present while the discovery is conducted;
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

As the Supreme Court has held, "it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c)," in order to regulate the use and disclosure of information that "if publicly released could be damaging to reputation and privacy." *Seattle Times Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 30-34 (1984).  Further, as Magistrate Judge Mazoub recently explained:

> **Rule 26(c) allows the court to issue protective orders** for good cause shown **to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the**

> **disclosure or discovery be limited to certain matters**. Fed. R. Civ.
> P. 26(c). The party seeking a protective order has the burden of
> showing that good cause exists for the order. *Nix v. Sword*, 11
> Fed.Appx. 498, 500 (6th Cir. 2001). To show good cause, the movant
> must articulate specific facts showing "clearly defined and serious
> injury resulting from the discovery sought and cannot rely on mere
> conclusory statements." *Id.* (citations and internal quotation marks
> omitted).

*Michigan State A. Philip Randolph Inst. v. Johnson,* No. 16-CV-11844, 2018 WL

1465767, at *2 (E.D. Mich. Jan. 4, 2018)(Ex. M).

Defendant Noe requests a Protective Order prohibiting discovery of the

information and materials pertaining to her that Plaintiff seeks in his subpoenas

directed to Lenawee County, Lenawee Country Club, Adrian College and

Gatehouse Media. (Ex. A – D). Defendant Noe further requests that this Order

prohibit Plaintiff from serving similar subpoenas on other entities, which seek to

discover irrelevant and private information such as Defendant Noe's phone

records, email addresses, residential address, income information,

banking/financial information, family members' names, information pertaining to

the Judge's membership at social clubs and other social activities, etc., without first

obtaining permission from this Court. A Protective Order of this nature is

especially important in this case as a subpoena recipient may produce the requested

materials before a defendant has the ability to file a Motion to Quash. Clearly,

public disclosure of Judge Noe's personal information constitutes a substantial risk

to the safety of her and her family.

## RELIEF

Defendant Noe respectfully requests that this Honorable Court quash Plaintiff's Subpoenas to Lenawee County, Adrian College, Lenawee Country Club and Gatehouse Media, grant the Protective Order as outlined herein, and award the costs and attorney fees so wrongfully incurred in filing this Motion as well as any other sanctions the Court deems appropriate.

Respectfully submitted,

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/ Holly S. Battersby
Attorney for Defendant Noe
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com
(P72023)

DATED:  November 19, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, I electronically filed the

foregoing paper with the Clerk of the Court using the ECF system, which will send

notification of such filing to the following: Issa Haddad; John J. Gillooly /

Anthony Monticciolo; and I hereby certify that I have mailed by United States

Postal Service the paper to the following non-ECF participants:  On:   [NONE]

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/ Holly S. Battersby
Attorney for Defendant Noe
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
hbattersby@rsjalaw.com
(P72023)