# EXHIBIT H

STATE OF MICHIGAN
39TH JUDICIAL CIRCUIT COURT (LENAWEE COUNTY)

JAMES MICHAEL BERRYMAN,

    Petitioner,

v                                        File No.  17-44270 PH

WENDELL SHANE MACKEY,

    Respondent.      /

RESPONDENT'S MOTION TO SET ASIDE
EX-PARTE PERSONAL PROTECTION ORDER

BEFORE THE HONORABLE MARGARET M.S. NOE, CIRCUIT JUDGE

Adrian, Michigan - Wednesday, July 26, 2017

APPEARANCES:

For the Plaintiff:        MR. DALE L. SMITH (P56522)
                             Dale L. Smith, P.C.
                             1893 W. Maumee Street
                             Adrian, MI 49221
                             (517) 264-6915

For the Defendant:        MR. ISSA G. HADDAD (P71699)
                             Haddad Law Firm, PLC
                             30600 Telegraph Road, Suite 4280
                             Bingham Farms, NO 48025
                             (248) 633-8500

RECORDED BY:              Ms. Patricia J. Szymanski, CER 3118
                             Certified Electronic Recorder
                             (517) 264-4746

TABLE OF CONTENTS

WITNESSES:                                                PAGE

NONE


EXHIBITS:                              IDENTIFIED    RECEIVED

NONE

```
 1                    Adrian, Michigan
 2                    Wednesday, July 26, 2017 - 8:10 a.m.
 3                    THE BAILIFF:  Circuit Court for Lenawee County is
 4     now in session.  The Honorable Margaret Noe presiding.
 5                    Thank you.  Please be seated.
 6                    THE COURT RECORDER:  James M. Berryman versus
 7     Wendell Shane Mackey, File 17-44270 PH.
 8                    THE COURT:  Good morning.
 9                    MR. SMITH:  Good morning, Your Honor.  Dale Smith on
10     behalf of the Petitioner.
11                    MR. HADDAD:  Good morning, Your Honor.  Issa Haddad
12     on behalf of the Respondent.
13                    THE COURT:  Thank you.  The matter before the Court
14     right now has to do with a Personal Protection Order that was
15     signed by this Court July 7th, 2017 at the request of
16     Petitioner James Berryman seeking Personal Protection Order
17     against Wendell Shane Mackey.
18                    Is Mr. Mackey present?
19                    MR. HADDAD:  Mr. Mackey, um --
20                    THE COURT:  Are you waiting for him, sir?  Would you
21     like to wait a few moments?
22                    MR. HADDAD:  He should be here in a few minutes, and
23     if you could pass the matter for one moment, he'll be here for
24     the proceedings; yes, please.
25                    THE COURT:  All right, Mr. Smith, does that mess up
```

```
 1    your morning?
 2              MR. SMITH:  No.  No objection.
 3              THE COURT:  All right, if you don't mind, gentlemen,
 4    I'll have you step back and we'll give him a few moments.
 5    I'll take up another matter.
 6              MR. HADDAD:  Thank you, Judge.
 7              THE COURT:  Thank you.
 8              (At 8:12 a.m., recess proceedings.)
 9              (At 8:15 a.m., reconvene proceedings.)
10              THE COURT:  James Berryman versus Wendell Shane
11    Mackey.
12              THE COURT RECORDER:  Mr. Moore, if you're here on
13    Justice, we're not seeing him.
14              THE COURT:  I'm advised he's not able to participate
15    this morning.
16              PROBATION AGENT MOORE:  Oh, okay.
17              THE COURT:  Thank you.
18              You are James M. Berryman; is that true?
19              THE PETITIONER:  Yes, Your Honor.
20              THE COURT:  And you are Wendell Shane Mackey; is
21    that true?
22              THE RESPONDENT:  That is, Your Honor.
23              THE COURT:  Well, the matter before us this morning,
24    as all of you may already know and perhaps even better than I
25    do, has gotten rather complicated.  And the Court wishes to
```

1  proceed this morning, however, wishes to proceed this morning,
2  although with some alacrity, also would like to move in a
3  direction that represents each of your interests and affords
4  each of you the due process you're entitled to under law.
5      So having said that, let me say first and foremost,
6  Mr. Haddad, you sent me something by email asking me to accept
7  service, and I treated that as an ex-parte -- attempted ex-
8  parte communication, and I do not recognize that. Just so
9  that you know, I don't encourage or invite attorneys to use my
10 e -- to serve me with papers, either for my court actions or
11 any in any other regard, through email.
12     However, I was able to contact Court Services, and I
13 did meet with them yesterday, and they did give me a document
14 that on its face, although unsigned, appears to be a lawsuit
15 filed by Mr. Mackey in the Eastern District.
16     MR. HADDAD: Yes, Your Honor.
17     THE COURT: All right, and so I do have that now,
18 and I have been served, and I just wish the record to reflect
19 that accordingly.
20     MR. HADDAD: For the record, Your Honor, that
21 document, there was a waiver of service. That way it would
22 allow Your Honor 60 days to file an answer.
23     THE COURT: All right, my comment to you, sir --
24     MR. HADDAD: Yes.
25     THE COURT: -- only is that I don't permit that --

```
 1              MR. HADDAD:  'Kay.
 2              THE COURT:  There was nothing my office indicates to
 3    me that suggested that they advised you of that, and I just
 4    want you to know something came.  I didn't even open it.  I do
 5    not receive that from -- I have no idea if it's -- what it is
 6    or what it is about at that point, and so I just want you to
 7    know I didn't recognize it.
 8              MR. HADDAD:  Understand, Your Honor.  Under the
 9    Federal Court Rules --
10              THE COURT:  I'm not concerned about whether I may or
11    may not.
12              MR. HADDAD:  I understand.
13              THE COURT:  I'm just telling you I did not.
14              MR. HADDAD:  And just to complete the record, the
15    document that was sent to you was the Summons, Complaint, and
16    Waiver of Service.  Under the Federal Court Rules, I have an
17    obligation to offer you an opportunity to waive service so we
18    don't have to have you personally served.  And that's what
19    that email was about.
20              THE COURT:  Okay, I don't know anything that allows,
21    under the court rule, for you to do that with email, by email
22    service, but maybe it is correct.  And my record simply
23    advises you I didn't receive that, but took the initiative to
24    contact and make service available should they want to
25    participate it.  That's all I really wish the record --
```

1  MR. HADDAD: Understand, Your Honor.
2  THE COURT: -- to reflect. It doesn't impact what
3  we're doing here today.
4  MR. HADDAD: Understand, Your Honor.
5  (Simultaneous conversation follows)
6  THE COURT: All right, lastly --
7  MR. HADDAD: When I called --
8  (Individual conversation follows)
9  MR. HADDAD: I'm sorry.
10 THE COURT: Okay, the next thing, the matter that is
11 before the Court, which is scheduled up for this morning, is
12 the Personal Protection Order at File 17-44270 RH [sic],
13 wherein Mr. Berryman, on or about July 7th, 2017, sought the
14 benefit of a Personal Protection Order against Mr. Mackey and
15 was granted the same by this Court on said date, on July 7,
16 2018 [sic].
17 Now the question of the other matter reflects upon
18 this matter because I am the Judge who received the Personal
19 Protection Order request, I granted the petition, and yet Mr.
20 Mackey is within his rights and has sought by motion to set
21 the Personal Protection Order aside. He is entitled to a
22 hearing, and we are at the last date available for us to be
23 timely in responding -- to receiving and getting him an
24 appropriate response.
25 MR. HADDAD: Yes.

```
 1      THE COURT:  How do you wish to proceed at this point
 2   in light of the fact that Mr. Mackey has now sought relief of
 3   which I -- and I really have not read through and I haven't
 4   retained counsel for the lawsuit or anything of that nature.
 5   However, at this point, how does he wish to proceed?
 6      MR. HADDAD:  Did the Court have an op -- yesterday I
 7   contacted the Court.  I was informed that we have about 20
 8   minutes for this hearing, and I was also informed that you
 9   were out for a few weeks.  So I don't know if you read our
10   petition to terminate the PPO.
11      THE COURT:  I did read your petition.
12      MR. HADDAD:  Thank you, Your Honor.
13      THE COURT:  I'm prepared to proceed on that today.
14      MR. HADDAD:  The question is how much time are we
15   allowed for that?
16      THE COURT:  I have a -- well, I'll allow you as much
17   time as you need if you wish to proceed on that at this time.
18      MR. HADDAD:  Right.  The question is I have -- we
19   have a three-hour audio from the -- one of the committee --
20   commission meetings.
21      THE COURT:  Um-hum.
22      MR. HADDAD:  And there's an audio to that.  I have
23   some cross-examination for Mr. Berryman that may exceed --
24      THE COURT:  Can I take --
25      MR. HADDAD:  -- some time.
```

```
 1              THE COURT:  Can I take you to a more procedural
 2   question first?
 3              MR. HADDAD:  Yes.
 4              THE COURT:  Do you intend to proceed with me
 5   presiding over this matter?
 6              MR. HADDAD:  One issue is the Court was going to
 7   recuse itself and have Mr. --
 8              THE COURT:  Are you asking me to recuse myself, sir?
 9              MR. HADDAD:  I believe, yes, Your Honor.  I'm asking
10   you to recuse yourself because --
11              THE COURT:  All right, well, let's start with that
12   so that we don't start scheduling in my book three hours for
13   anything that in fact I won't be hearing.  That doesn't seem
14   to be a logical approach.
15              MR. HADDAD:  Right.
16              THE COURT:  And let me ask -- let me -- do you wish
17   to make a formal request for recusal?
18              MR. HADDAD:  Yes, Your Honor.
19              THE COURT:  And is that premised on the fact that
20   you have -- your client has filed a lawsuit against Petitioner
21   and the Court?
22              MR. HADDAD:  Yes, Your Honor, that's part -- that's
23   part of the premises for that.
24              THE COURT:  All right.  Is there anything else you
25   wish to say before I allow Mr. Smith an opportunity to respond
```

```
 1   and in fact the Court respond accordingly?
 2              MR. HADDAD:  Yes, Your Honor.  With regards to
 3   having an impartial jurist hear this case, jurist read the
 4   petition, granted the petition on July 7th.  We filed our
 5   response, and then based on the response and the order signed
 6   by this Court on July 7th, we feel that there was some --
 7   there could be some bias on the part of the jurist based on
 8   the lawsuit and the actions filed.  And so that's our basis to
 9   have Your Honor recuse herself from this matter.
10              THE COURT:  If I may, Mr. Haddad, I get that the
11   lawsuit has been filed and now in fact it's been served.  And
12   the other one would be the fact that I'm the judge who granted
13   the Personal Protection Order, so you're concern would be that
14   I am dedicated to my position on July 7th and that causes you
15   concern in your request for me to disqualify.
16              MR. HADDAD:  Yes, Your Honor, based on the PPO
17   statute, the Petitioner must state specific allegations with
18   times and dates.  When you plead fraud or request for PPO, you
19   must plead with specificity, and this wasn't done in this
20   case, and we feel that --
21              THE COURT:  All right, well, now I think you're
22   getting into the content of the Personal Protection Order, but
23   if you stay with me just on the part --
24              MR. HADDAD:  Yes.
25              THE COURT:  -- that has to do with the Court
```

```
 1   continuing her role in this matter.
 2          MR. HADDAD:  We're asking that Your Honor recuse
 3   yourself and have this matter transferred to the other Circuit
 4   Court Judge so we can schedule an evidentiary hearing for this
 5   motion to terminate, which would allow us at least three to
 6   four hours to handle it in a one-time sitting.
 7          THE COURT:  Thank you.  Allow me to let Mr. Smith
 8   speak if you so desire, Mr. Smith.
 9          MR. HADDAD:  Thank you.
10          MR. SMITH:  Yes, Your Honor.  I believe that it's
11   basically a blatant attempt to forum shop.  They obviously
12   don't like the circumstance that you signed a Personal
13   Protection Order.  The allegations that are in the Personal
14   Protection Order are concerning to Mr. Berryman, the past
15   history and the continued animosity from Mr. Mackey, he makes
16   it out that it was Mr. Berryman's responsibility that he's the
17   -- Mr. Berryman is the reason that he went to prison.
18   However, there was two other breaking and entering cases that
19   he pled guilty to at the same time, so, but Judge Glaser saw
20   through that and thought he was a threat to the community at
21   that time.
22          We believe that the filing of the Federal complaint
23   is just the opportunity to try to remove you, and we believe
24   it's just an opportunity to try to forum shop to get a
25   different judge with what they hope is a different
```

```
 1    perspective. I believe even a different judge is gonna see
 2    the same perception that we -- Mr. Berryman has and that the
 3    PPO would be remaining in place.
 4             But, however, I think the filing of the Federal
 5    complaint, which contradicts some -- a lot of the statements
 6    in the Federal complaint actually contradict his objection to
 7    the PPO. First, he denies that he's the blogger, and now he's
 8    admitting it. So I believe it's a blatant attempt to forum
 9    shop, and we'd request that you stay on it and hear the case.
10             THE COURT: Thank you. Would you like to have the
11    last word, Mr. Haddad?
12             MR. HADDAD: Yes, Your Honor. The allegations made
13    that there's a threat to Mr. Berryman are just untrue.
14    Anything that was stated to Mr. Berryman was stated in his
15    official capacity as the mayor criticizing --
16             THE COURT: All right, once again, I think we're in
17    the content of the Personal Protection Order.
18             MR. HADDAD: And that's --
19             THE COURT: I need to make a ruling before we get
20    into that.
21             MR. HADDAD: Thank you, Judge.
22             THE COURT: Anything on the DQ request? I don't
23    want to restrict what you say about the DQ at all at this
24    point.
25             MR. HADDAD: Nothing further, Your Honor.
```

THE COURT: All right, thank you. Well, it's an interesting quandary I have to say. Judges get Personal Protection Orders at the spur of the moment, at all times, regarding many different types of circumstances.

They are, for the most part, ex-parte requests for protection because any delay may result in a greater problem or greater concern.

This particular Personal Protection Order was read and entertained by this Court for determination on its face. We only read on their face. That's the only information that the Court has before themselves when they get a Petition for a Personal Protection Order.

This one was granted as set forth in the file on the Personal Protection Order. Since then, Mr. Mackey has appropriately and timely filed a motion to terminate, and he did that within a timely frame.

In order for the Court to recuse herself, she has to remind the parties that this would clearly result in delay, and delays impact due process. Without any suggestion otherwise would be misleading.

So I presume, Mr. Haddad, you've taken that into consideration as you make your motion for this morning's relief.

MR. HADDAD: That is true, Your Honor, correct.

THE COURT: Thank you. Judges sign Personal

```
 1   Protection Orders.  Judges hear objections to them.  We hear
 2   motions to terminate them, to amend them, to adjust them
 3   regularly in the course of our business.  There was nothing
 4   unusual about this manner, and I'm prepared today to proceed
 5   to hear what you have to say with regard to the Personal
 6   Protection Order.
 7           Having been sued by one of the parties in the
 8   matter, in this case the Respondent, I believe the Court has a
 9   duty to step outside of the matter, grant Respondent Wendell
10   Shane Mackey's request for disqualification, but reflects upon
11   my record that it really has nothing to do with the Personal
12   Protection Order.  I was prepared and willing and happy to
13   proceed to hear your motion this morning.  I just don't think
14   it's proper in light of having been served with a lawsuit out
15   of the Eastern District despite the fact that I have not
16   retained counsel or sought any relief or even fully examined
17   the document at this point.
18           I will grant your motion for disqualification.  I
19   will prepare that paperwork in my office.  We'll follow the
20   plan accordingly, move it through our judges, and if necessary
21   seek the relief from the Supreme Court Administrator's Office.
22           MR. SMITH:  Thank you, Your Honor.
23           MR. HADDAD:  Your Honor, what I would ask is that if
24   -- if myself and opposing counsel be able to meet with Judge
25   Azula's [sic] clerk to try to schedule something, and we know
```

```
 1   the matter won't be prepared in the next few minutes, but if
 2   we could manage to schedule something so we could have
 3   something heard.
 4          THE COURT:  I'm sorry, are you talking about the
 5   lawsuit.  I don't know who Judge Zula --
 6          MR. HADDAD:  No, the termination of the PPO.
 7          THE COURT:  Judge Zula?
 8          MR. HADDAD:  Yes.
 9          THE COURT:  I don't know -- Judge Zula, is that the
10   District Court?
11          MR. HADDAD:  Oh, I'm sorry, the -- the other Circuit
12   Court Judge.
13          THE COURT:  Oh, our other Circuit Court Judge.
14          MR. HADDAD:  Yes.
15          THE COURT:  Perhaps you're referencing Judge
16   Anzalone.
17          MR. HADDAD:  Anzalone, that's correct.
18          THE COURT:  All right, thank you.  Yeah, sure I'll
19   do what we have to do.  You may check with her clerk if you
20   want to get a date.  We'll have to incorporate that date as we
21   proceed --
22          MR. HADDAD:  Thank you, very much, Your Honor.
23          THE COURT:  -- nonetheless anyway.
24          MR. SMITH:  Judge, I think --
25          THE COURT:  Mr. Smith, the Personal Protection Order
```

```
 1   remains in full force and effect pending further review.
 2           MR. SMITH:  I understand that, Your Honor, but I
 3   understand that the procedure after a disqualification
 4   requires paperwork to be submitted to the other judge to see
 5   if they're actually gonna take it, so it may --
 6           THE COURT:  That is correct.
 7           MR. SMITH:  -- may be premature to start scheduling
 8   anything until we actually know there's an acceptance.
 9           THE COURT:  That is absolutely -- he is correct.  I
10   mean the matter is -- we only have two Circuit Court Judges,
11   but we do have a plan in place that we will follow, and we
12   have a directive in the manner in which we work with the
13   Supreme Court Administrator's Office.  So I don't know that
14   she will be the person who will or will not --
15           MR. HADDAD:  I'm just trying to find some available
16   timeframes that works with both counsel.  That way we can
17   anticipate a date -- a return date.
18           THE COURT:  I think Mr. Smith is saying --
19           MR. SMITH:  Once we know --
20           THE COURT:  -- anticipation isn't logical at this
21   point.
22           MR. SMITH:  I think once we have a -- know which
23   judge is taking the case then we'll have the opportunity to
24   coordinate a schedule.
25           THE COURT:  And that may be true.  I have no idea if
```

```
 1    Judge Anzalone will or will not receive this case.  That would
 2    be completely her judgment, and I will trust her judgment
 3    accordingly.
 4              MR. SMITH:  Thank you, Your Honor.
 5              MR. HADDAD:  Thank you very much, Your Honor.
 6              (At 8:31 a.m., proceedings concluded.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
 1        I certify that this transcript, consisting of 18 pages,
 2   is a complete, true and correct transcript of the proceedings and
 3   testimony taken in this case on Wednesday, July 26, 2017.
 4
 5   Dated:   October 12, 2018        /s/ Patricia J. Szymanski
 6                                    Patricia J. Szymanski, CER 3118
 7                                    425 N. Main Street
 8                                    Adrian, MI 49221
 9                                    (517) 264-4746
```