# EXHIBIT I

October 10, 2017

STATE OF MICHIGAN
IN THE LENAWEE COUNTY CIRCUIT COURT

JAMES MICHAEL BERRYMAN,            )
                                   )
    Petitioner,                    )
                                   )
v.                                 )   Case No. 17-44270-PH
                                   )
WENDELL MACKEY,                    )
                                   )
    Respondent.                    )

VIDEOTAPED HEARING - VOLUME III OF III
BEFORE THE HONORABLE PATRICK J. CONLIN, JR.

Washtenaw County Trial Court
Ann Arbor, Michigan - Tuesday, October 10, 2017

APPEARANCES:

For the Petitioner:  MR. DALE L. SMITH (P56522)
                     Dale L. Smith, P.C.
                     1893 West Maumee Street
                     Adrian, Michigan 49221
                     (517) 264-6915

Initially for the
Respondent:          MR. ISSA G. HADDAD (P71699)
                     Haddad Law Firm PLC
                     30600 Telegraph Road
                     Suite 4280
                     Bingham Farms, Michigan 48025
                     (248) 633-8500

Later Respondent
Appearing Pro Se:    MR. WENDELL SHANE MACKEY, J.D.
                     Research Associates
                     2232 South Main Street
                     Suite 322
                     Ann Arbor, Michigan 48103
                     (248) 880-6948

TRANSCRIBED BY:      Ms. Natalia Rutkowski, CSR #9088
                     Certified Shorthand Reporter
                     Registered Professional Reporter
                     Rutkowski Court Reporting, LLC
                     (906) 250-1462

Page 1

October 10, 2017

```
 1                      COURT'S RULING
 2            THE COURT:  So this is certainly an unusual
 3   case, which is why it came to Washtenaw County.
 4   Technically, very interesting.  Personally, having been
 5   through a campaign, I understand both of your positions
 6   in this.  However, that's not really kind of -- that's
 7   not my inquiry.  My inquiry is to whether or not there
 8   has been a pattern of behavior, communication, contact
 9   that a reasonable person would take as threatening.
10            So I do find that there's cause to maintain the
11   personal protection order.  I am, however, going to
12   modify it.
13            Just to put it on the record, although the
14   lengthy social media reporting posts about Mr. Berryman's
15   political dealings and/or his history in the community
16   may, in fact, be a framework, I think, for how he may
17   feel singled out, I've already stated, I believe, on the
18   record during prior testimony, that alone that would not
19   have been cause for me to issue a PPO.  But I think that
20   gets to a reasonable person question in whether or not he
21   personally felt threatened based on other actions.
22            However, I do believe that the June 18th [sic],
23   I think is the date of the public meeting, whereby
24   Mr. Mackey identified that Mr. Berryman was the reason,
25   along with Judge Glaser, that he went to prison, and
```

Page 90

October 10, 2017

1  even subsequent in the commentary, that, "I will remain a
2  thorn in your side," I've already told you that that was
3  the most concerning thing that I heard in terms of the
4  statements made; and that, to me, I do believe was
5  something that a reasonable person could feel
6  threatened by.
7           Moving forward in a timeline, there were two
8  other instances that caused me concern.  While I would
9  agree, Mr. Mackey, that the e-mail from July 3rd was
10 tedious in its analysis of Robert's Rules of Order, I do,
11 in my review of that e-mail, would note that all of the
12 criticism about the misappropriation or misuse of the
13 parliamentary procedure was identified as Mr. Berryman's
14 fault.  So I do also feel that in conjunction with the
15 statements at the meeting from June 18th, that that
16 e-mail would continue or perpetuate Mayor Berryman's
17 concern about personal matters being transcended from the
18 political stage.  So I do think that also is a further
19 indication close in time that there was behavior that
20 Mr. Berryman could have felt threatened by.
21          And then we get into what -- This is a little
22 bit without statutory analysis.  But the July 8th e-mail
23 is equally or more concerning to the Court.  It has not
24 been brought to my attention, or there's been no request
25 to have that be a violation of a personal protection

Page 91

October 10, 2017

```
 1    order, an order to show cause why you should not be held
 2    in contempt for violating a PPO, but the content of that
 3    July 8th e-mail is actually more concerning to me than
 4    the content of the July 3rd e-mail.  But taken in
 5    conjunction with the statements made on June 18th, I do
 6    find that Mr. Berryman has a legitimate cause for
 7    concern.
 8              So based on those instances, I am maintaining
 9    the personal protection order.  I am modifying it
10    accordingly.  I'm actually not reading from the first
11    one, so I'm just going to state, in a way, that I've
12    modified it, that I believe would accomplish your
13    political candidacy.
14              So you are restricted from following
15    Mr. Berryman.
16              You are restricted from appearing at his
17    residence.
18              You are restricted from confronting him in a
19    public place or on private property.  I will put on the
20    record specifically, because I didn't know how to
21    actually do this, that does not restrict your ability to
22    confront him in the context of public speech and/or
23    debate, but you are restricted from going up to him and
24    confronting him.  So if there's further question of
25    enforcement, I'm just putting on the record what I'm
```

Page 92

October 10, 2017

| | |
|---|---|
| 1 | intending by that. |
| 2 | You are restricted from entering onto or |
| 3 | remaining on property owned or leased by Mr. Berryman. |
| 4 | You are restricted from sending mail or other |
| 5 | communications directly to him. I will note for the |
| 6 | record that both the June -- or July 3rd and the July 8th |
| 7 | e-mails were sent to the city attorney. I would not |
| 8 | find -- I'm specifically not prohibiting you from |
| 9 | contacting other people, but have contact with |
| 10 | Mr. Berryman, but just not directly sending an e-mail or |
| 11 | communication to him. |
| 12 | I'm not restricting you from contacting him by |
| 13 | telephone. I don't know how -- why you would need to, |
| 14 | but perhaps in the political process there's a reason to |
| 15 | do that. |
| 16 | I am restricting you from placing an object or |
| 17 | delivering an object to any property owned, leased, or |
| 18 | occupied by him. |
| 19 | I am restricting you from threatening to kill |
| 20 | or physically injure him, or possessing or purchasing a |
| 21 | firearm. |
| 22 | I did, as I've noted earlier, that in |
| 23 | maintaining a personal protection order, I have -- in |
| 24 | addition to the other modifications in trying to tailor |
| 25 | this specifically, I did remove the B checkbox, "Posting |

Page 93

October 10, 2017

```
 1    a message through the use of medium of communication,
 2    including an internet or computer or electronic medium,
 3    pursuant to statute."
 4              Again, I'm just going to be as clear as I can
 5    on the record, that should an incident arise where
 6    personal matters are brought up about Mr. Berryman
 7    outside the context of his position as mayor, I would
 8    potentially review this for modification.  I don't expect
 9    that to happen, but I just want -- since I'm trying to
10    clarify this as much as possible, that's what I'm
11    intending, is to allow you to continue to campaign and do
12    what you need to do, but not any further personal
13    threatening behavior.
14              So that concludes the hearing today.  I have
15    copies of these for you.  We will mail the original and
16    the order allowing Mr. Haddad's withdrawal to Lenawee
17    County Clerk.
18              You know, Washtenaw County has no -- we don't
19    have anything.  We don't have a file for this.  So in the
20    event either party wishes to appeal this, any exhibits or
21    anything that has been presented and accepted need to
22    actually be filed with the Lenawee County Clerk, not the
23    Washtenaw County clerk.  Okay?
24              MR. SMITH:  Thank you.
25              MR. MACKEY:  Can I ask one point of
```

Page 94