UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

    Plaintiff,

-vs-                                        CA: 17-12359
                                                        HON: BERNARD A. FRIEDMAN

JAMES MICHAEL BERRYMAN, Mayor of the City of Adrian, Michigan; MARGARET M.S. NOE, Judge of the Lenawee County Circuit Court,

    Defendants.
_____/

| | |
|---|---|
| HADDAD LAW FIRM, PLC<br>Issa Haddad (P71699)<br>Attorney for Plaintiff<br>30600 Telegraph Rd., Ste. 3150<br>Bingham Farms, MI  48025-4550<br>(248) 633-8500<br>issa@haddlaw.com | ROSATI SCHULTZ JOPPICH<br>& AMTSBUECHLER PC<br>By:  Holly S. Battersby  (P72023)<br>Attorney for Defendant Noe<br>27555 Executive Drive, Ste. 250<br>Farmington Hills, MI  48331<br>(248) 489-4100<br>hbattersby@rsjalaw.com |
| GARAN LUCOW MILLER, P.C.<br>John J. Gillooly  (P41948)<br>Anthony Monticciolo (P76013)<br>Attorneys for Defendant Berryman<br>1155 Brewery Park Blvd., Ste. 200<br>Detroit, MI  48207-2641<br>(313) 446-5501<br>jgillooly@garanlucow.com<br>amonticciolo@garanlucow.com | |

_____/

**DEFENDANT JUDGE MARGARET NOE'S EMERGENCY MOTION FOR STAY OF DISCOVERY PENDING COURT'S DECISION ON HER MOTION FOR SUMMARY JUDGMENT BASED ON ABSOLUTE JUDICIAL IMMUNITY AND MOTION FOR LEAVE TO FILE MORE THAN ONE DISPOSITIVE MOTION**
**\*\*\*EXPEDITED CONSIDERATION REQUESTED\*\*\***

Defendant Noe, through her attorney Holly S. Battersby, requests a Stay of Discovery pending a decision on her dispositive motion based on judicial immunity, as well as permission to file more than one dispositive motion, should the initial Motion for Summary Judgment be denied by the Court, pursuant to Federal Rule of Civil Procedure 26(b)(2), the attached Brief in Support and the attached exhibits.

Defendant requested, but were not able to obtain, concurrence in the relief sought herein from Plaintiff's counsel on November 18, 2018, necessitating the filing of this Motion.

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/ Holly S. Battersby_____
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
Attorney for Judge Margaret Noe
hbattersby@rsjalaw.com
(P72023)

DATED: November 20, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

       Plaintiff,

-vs-                                            CA: 17-12359
                                                            HON: BERNARD A. FRIEDMAN

JAMES MICHAEL BERRYMAN,
Mayor of the City of Adrian, Michigan;
MARGARET M.S. NOE, Judge of the
Lenawee County Circuit Court,

       Defendants.
_____/

| | |
|---|---|
| HADDAD LAW FIRM, PLC<br>Issa Haddad (P71699)<br>Attorney for Plaintiff<br>30600 Telegraph Rd., Ste. 3150<br>Bingham Farms, MI  48025-4550<br>(248) 633-8500<br>issa@haddlaw.com | ROSATI SCHULTZ JOPPICH<br>& AMTSBUECHLER PC<br>By:  Holly S. Battersby  (P72023)<br>Attorney for Defendant Noe<br>27555 Executive Drive, Ste. 250<br>Farmington Hills, MI  48331<br>(248) 489-4100<br>hbattersby@rsjalaw.com |
| GARAN LUCOW MILLER, P.C.<br>John J. Gillooly  (P41948)<br>Anthony Monticciolo (P76013)<br>Attorneys for Defendant Berryman<br>1155 Brewery Park Blvd., Ste. 200<br>Detroit, MI  48207-2641<br>(313) 446-5501<br>jgillooly@garanlucow.com<br>amonticciolo@garanlucow.com | |

_____/

**<u>BRIEF IN SUPPORT OF DEFENDANT JUDGE MARGARET NOE'S
EMERGENCY MOTION TO STAY DISCOVERY PENDING THE
COURT'S DECISION ON HER DISPOSITIVE MOTION BASED ON
ABSOLUTE JUDICIAL IMMUNITY AND MOTION FOR LEAVE TO FILE
MORE THAN ONE MOTION FOR SUMMARY JUDGMENT
\*\*\*EXPEDITED CONSIDERATION REQUESTED\*\*\*</u>**

# INDEX OF AUTHORITIES

**Cases**

*Anderson v. Creighton*, 483 U.S. 635 (1987) ........................................................10

*Berry v. Ludington*, No. 16-10395, 2016 WL 6158964, at *3
  (E.D. Mich. Oct. 24, 2016) ...................................................................................8

*Everson v. Leis*, 556 F.3d 484, (6th Cir. 2009).......................................................10

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982)................................................... 2, 4, 10

*King v. McCree,* 573 F. App'x 430 (6th Cir. 2014) ...................................................8

*Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) .................................................10

*Mireles v. Waco*, 502 U.S. 9 (1991)............................................................... 3, 4, 5, 8

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) .................................................................9

*Murphy v. Lockhart*, 2011 WL 4577162 at *17 (E.D. Mich., Sept. 30, 2011)........12

*Pearson v. Callahan*, 555 U.S. 223 (2009)...............................................................9

*Saucier v. Katz*, 533 U.S. 194 (2001) .......................................................................9

*Serven v. Health Quest Chiropractic, Inc.*, 319 Mich. App. 245 (2017)...............2, 4

*Siegert v. Gilley*, 500 U.S. 226 (1991).....................................................................9

*Stump v. Sparkman*, 435 U.S. 349 (1978)................................................................3

*Summers v. Leis*, 368 F.3d 881 (6th Cir. 2004) ......................................................10

*Wallin v. Norman*, 317 F.3d 558 (6th Cir. 2003)....................................................10

## **Rules**

Federal Rule of Civil Procedure 26(b)(2) ................................................................. 3

LR 7.1(b)(2) ............................................................................................................ 11

## **ISSUES PRESENTED**

I. **WHETHER THIS COURT SHOULD STAY ANY AND ALL DISCOVERY PERTAINING TO JUDGE NOE PENDING A DECISION ON HER MOTION FOR SUMMARY JUDGMENT BASED ON ABSOLUTE JUDICIAL IMMUNITY?**

> Plaintiff says, "No."
> Defendant says, "Yes."

II. **WHETHER JUDGE NOE SHOULD BE PERMITTED TO FILE MORE THAN ONE MOTION FOR SUMMARY JUDGMENT, IF NECESSARY?**

> Plaintiff says, "No."
> Defendant says, "Yes."

## **PERTINENT FACTS**

This litigation arises out of an ex parte Personal Protection Order ("PPO") obtained by former Adrian Mayor James Berryman against Plaintiff Wendell Shane Mackey. Defendant Berryman filed the Petition for Ex Parte PPO on July 6, 2017 and it was entered by Lenawee County Circuit Court Judge Margaret Noe on July 7, 2017. (Ex. A – PPO; Ex. B – Order Granting PPO). Plaintiff filed this lawsuit on July 17, 2017 and requested that Judge Noe recuse herself from hearing his Motion to Set Aside the Ex Parte PPO. (Dkt #1; Ex. C – Disqualification Motion Transcript, pp. 14). Consequently, the matter was re-assigned to Washtenaw County Circuit Court Judge Patrick Conlin. After three days of hearing, Judge Conlin ordered that the PPO remain in place, with minor modification. (Ex. D – Conlin Ruling).

In this lawsuit, Plaintiff raises the following claims against Judge Noe pursuant to 42 USC §1983: First Amendment Retaliation; 14th Amendment Procedural Due Process Violation; 14th Amendment Substantive Due Process Violation; 14th Amendment Equal Protection Violation; and Conspiracy to Violate Plaintiff's Civil Rights. Dkt #1. Plaintiff further asserts claims of Abuse of Process, Conspiracy and Intentional Infliction of Emotional Distress under state law. Dkt #1. As discussed more thoroughly below, each claim is barred by absolute judicial immunity afforded by state and federal law, even if the Judge's

decision regarding Defendant Berryman's ex parte PPO was in error and even if Plaintiff could somehow prove that the Judge acted with malice, which he cannot. *Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982); *Serven v. Health Quest Chiropractic, Inc.*, 319 Mich. App. 245, 253 (2017). Consequently, this Court should stay all discovery pertaining to Judge Noe, including, but not limited to: Plaintiff's discovery requests directed to Judge Noe dated November 7, 2018; Judge Noe's deposition; any and all subpoenas to third-parties seeking information pertaining to Judge Noe; and any other discovery that in any way directed to or concerning the Judge.

Defendant believes that a stay as to all discovery in this matter is warranted so that she is not forced to bear the expense of participating in what will undoubtedly be an expensive discovery process before having the issue of absolute judicial immunity decided. In addition to the continued deposition of Defendant Berryman and Plaintiff, co-defense counsel previously noticed, and adjourned, 10 other witness depositions, which constitutes a substantial defense. However, if the Court is not inclined to stay discovery in its entirety, Judge Noe requests that a stay as to any discovery directed to her be entered, and her counsel will continue to attend all depositions and other proceedings. This would allow the litigation against Co-Defendant Berryman to proceed while ensuring that Judge Noe's interests are represented.

Judge Noe additionally requests that this Court permit the filing of more than one Motion for Summary Judgment on her behalf, with the first Motion, based upon absolute judicial immunity, being filed within fourteen days of this Court's Order and the second Motion, if necessary, being filed after discovery has been conducted.

## LEGAL ARGUMENT

### I. THIS COURT SHOULD STAY DISCOVERY PENDING A DECISION ON JUDGE NOE'S MOTION FOR SUMMARY JUDGMENT BASED ON ABSOLUTE JUDICIAL IMMUNITY.

Pursuant to Federal Rule of Civil Procedure 26(b)(2), a court may control the time and extent of discovery based on the needs of a particular case. Here, Plaintiff claims that Judge Noe somehow violated his federal civil rights by granting the ex parte PPO which former Mayor James Berryman sought against him. Dkt #1. Judge Noe intends to file a Motion for Summary Judgment asserting the defense of absolute judicial immunity to Plaintiff's federal and state law claims. Given the well-established body of case law that precludes civil actions against judges acting within their jurisdiction, Judge Noe is very likely to prevail on her Motion for Summary Judgment based on judicial immunity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("[a]judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors"); *Mireles v. Waco*, 502 U.S. 9, 11–12

3

(1991)(per curium)("judicial immunity is an immunity from suit, not just from ultimate assessment of damages . . . . Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial); *Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982) (allegations of malice are insufficient to overcome qualified immunity); *Serven v. Health Quest Chiropractic, Inc.*, 319 Mich. App. 245, 253(2017)("[i]t is well settled that judges are accorded absolute immunity from liability for acts performed in the exercise of their judicial functions.")

Judge Noe originally anticipated that the discovery sought in this matter would be reasonable, expedient and without the intent of harassing and retaliating against her for entering the subject ex parte PPO against Plaintiff. She intended to appear for her deposition and answer reasonable Interrogatories and Requests to Produce.[1] However, Plaintiff's improper discovery tactics, coupled with the

---

[1] At Plaintiff's counsel's first request, Judge Noe immediately provided several deposition dates and her deposition was set to proceed on November 5, 2018. (Ex. G – September 7, 10 &11, 2018 Emails). After the October 23, 2018 deposition of Defendant Berryman concluded without completion, the parties agreed that Judge Noe's deposition would proceed on November 8, 2018 to allow for the re-scheduling of Defendant Berryman and Plaintiff's depositions. (Ex. H –October 25, 2018 Email). Plaintiff declined to notice her deposition on November 8th, however, due to a dispute with co-defense counsel. Plaintiff's attorney has not responded to a request for available dates for the continued deposition of Co-Defendant Berryman and Plaintiff and it appears Plaintiff intends to request another extension of the Scheduling Order. (Ex. I – November 16, 2018 Email).

continued delay in the progress of discovery, has forced Judge Noe to seek a stay of discovery while her dispositive motion is decided. (Ex. E - Subpoenas; Ex. F – P's Ints to Defendant Noe). Judge Noe is entitled to swift adjudication of this matter, given that absolute immunity is immunity from suit, not just from ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)(per curiam). Allowing a stay of discovery during the pendency of Judge Noe's Motion for Summary Judgment based on this immunity will provide for an expedient resolution of the claims against the Judge.

Further, Plaintiff recently served several incredibly broad subpoenas seeking information that is entirely irrelevant to this suit. (Ex. E – November 6, 2018 Subpoenas). Judge Noe has been forced to file a Motion to Quash four of these subpoenas, which invade the Judge's privacy for the sole purpose of harassing her. See Dkt #23. These subpoenas request information that would publicly disclose things like the Judge's phone number(s), email addresses, home address, text messages, phone calls, family members names, financial/banking information, income information, Country Club membership information, and the list goes on. *See* Dkt. #23.

Plaintiff additionally recently served several intrusive discovery requests upon Judge Noe which would require her to provide irrelevant information, much of which is of a highly personal confidential nature, including: the name, address

5

and phone number of any Internet Service Providers she used to access the internet over a two year period; all Internet Protocol addresses which she used to access the internet over a two year period; the name, address and phone number for any Telecommunications Service Provider through which Judge Noe made phone calls for a two year period; the Uniform Resource Locator for any access to a social media site by Judge Noe or anyone on her behalf over a two year period; all Communications Apps installed on any device used by Judge Noe over a two year period; any complaint filed against Judge Noe with the State Bar of Michigan, Attorney Grievance Commission, Michigan Attorney Discipline Board, Michigan Bar Association and/or the Judicial Tenure Commission, as well as any response, reply or order relating thereto, for Judge Noe's entire tenure as an attorney or judge; any photograph depicting Judge Noe and Defendant Berryman; all social media posts made by Judge Noe or anyone on her behalf for a period of two years; a copy of Judge Noe's entire Facebook profile; and a request that Judge Noe hand over any electronic device used by her over a period of two years for forensic analysis by Plaintiff. (Ex. F – P's Discovery Requests to Judge Noe). Clearly, these discovery requests are incredibly burdensome and seek information that is well beyond the scope permitted under Federal Rule of Civil Procedure 26.

Additional evidence of the retaliatory approach Plaintiff continues to take in his discovery tactics lies in his recent correspondence to counsel for Co-Defendant

6

Berryman. Mr. Berryman's attorney has subpoenaed Plaintiff's records from the National Conference of Bar Examiners and Michigan Board of Law Examiners. These subpoenas originated from Defendant Berryman and not Judge Noe yet, in a letter to co-defense counsel regarding those subpoenas, Plaintiff's counsel threatens:

> I would also note that, in the event you somehow prevail on this issue, I will use that ruling as precedent to subpoena all documents regarding Defendant Noe from the Judicial Tenure Commission, which as I understand it is just as fertile ground as anything that might be found in my client's Bar application materials.

(Ex. J- P's Nov. 15 Correspondence to Co-Def Counsel). This correspondence evidences Plaintiff's improper motive of retaliating against Defendants through discovery, which has unfortunately resulted in the service of several burdensome subpoenas and discovery requests seeking irrelevant information for the sole purpose of harassing Defendant Noe. (Ex. E).

Furthermore, if Defendant Berryman's deposition is any indication, Judge Noe will be harassed and asked questions which constitute an invasion to her privacy if Plaintiff is permitted to depose her. During just the first portion of Defendant Berryman's deposition, he was questioned regarding financial documents pertaining to a business he owned in the 1970s; asked for information regarding his wife's social media accounts and phone number; requested to divulge information protected by the attorney-client privilege; questioned regarding his

7

political affiliation; asked about any civil infraction he was ever cited with; and questioned regarding numerous other irrelevant topics. (Ex. K – Berryman Dep., pp. 9, 20-23, 30-37, 40, 53, 57, 93, 119-120, 124-125, 146). Judge Noe can only expect that she would receive the same treatment if her deposition were permitted to proceed and, given the absolute judicial immunity afforded her, she should be spared this "rigor of litigation." *Skousen v. Brighton High School*, 305 F.3d 520, 526-527 (6th Cir. 2002).

Judge Noe hoped to cooperate in reasonable, respectful and relevant discovery before filing her Motion for Summary Judgment, even though she is entitled to absolute immunity from suit. Because it is clear that improper discovery tactics persist in this matter, and because the defense of absolute judicial immunity bars Plaintiff's suit against Judge Noe, in its entirety, as a matter of law, Judge Noe is requesting a stay of all discovery in this matter, pending a ruling on her dispositive motion. A stay of discovery is warranted in this case because absolute judicial immunity "is an immunity from suit, not just from ultimate assessment of damages. . . ." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)(per curiam); *See also King v. McCree,* 573 F. App'x 430, 438 (6th Cir. 2014); ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *Berry v. Ludington*, No. 16-10395, 2016 WL 6158964, at *3 (E.D. Mich. Oct. 24, 2016)(Ex. L).

Like the related doctrine of qualified immunity, judicial immunity is intended not only to protect judges from civil damages, but also to protect them from the rigors of litigation itself, including the potential disruptiveness of discovery. *Skousen v. Brighton High School*, 305 F.3d 520, 526-527 (6th Cir. 2002). Courts have long held that qualified immunity is designed to "spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). The same principle applies to absolute judicial immunity. Like qualified immunity, absolute judicial immunity is more than a legal defense, it is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The United States Supreme Court in *Pearson v. Callahan*, 555 U.S. 223 (2009) has emphasized the importance of resolving immunity issues as soon as possible:

> Because qualified immunity is "an immunity from suit rather than a mere defense to liability ... it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (emphasis deleted). Indeed, we have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that "'insubstantial claims' against government officials [will] be resolved prior to discovery." *Anderson v. Creighton,* 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). **Accordingly, "we repeatedly have stressed the importance of resolving immunity questions at the**

9

> **earliest possible stage in litigation.**" *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) *(per curiam).*

*Id.* at 231-232 (emphasis added). In civil rights cases, the Sixth Circuit has repeatedly held that the district court errs when it orders additional time for discovery without first addressing a defendant's assertion of immunity. *Everson v. Leis*, 556 F.3d 484, 490-93, 502 (6th Cir. 2009); *Summers v. Leis*, 368 F.3d 881 (6th Cir. 2004); *Wallin v. Norman*, 317 F.3d 558 (6th Cir. 2003). When a dispositive motion based on immunity is raised, "a district court cannot avoid ruling on the issue." *Summers*, 368 F.3d at 886 (citing *Skousen*, 305 F.3d at 520).

In *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993), the Sixth Circuit emphasized the United States Supreme Court's mandate, set forth in *Harlow v. Fitzgerald*, that **"[u]ntil this threshold immunity question is resolved, discovery should not be allowed**." (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))(emphasis added). The U.S. Supreme Court has also held that discovery should be stayed in furtherance of protecting "public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson v. Creighton*, 483 U.S. 635, 646 (1987)(internal citations omitted). There is little doubt that the deposition of Judge Noe; the numerous written discovery requests posed to her; subpoenas for her personal and confidential information; and continued delay in completing discovery have been, and will continue to be, extremely disruptive to Judge Noe and the Court she presides over.

10

Defendant should further be spared the expense of continuing to participate in this litigation until the issue of absolute judicial immunity is decided, as this is one of the primary purposes of affording government officials immunity.

Thus, according to the well-established case law on this issue, this Court should decide the applicability of absolute judicial immunity as a threshold legal matter, to spare Judge Noe the rigors and disruption of discovery. Application of the doctrine of absolute immunity to the facts of this case will either obviate the need for any further discovery as it pertains to Judge Noe, or it will substantially limit the claims and issues that would require factual development if it does not dispose of the case in its entirety. Judge Noe requests that this Court stay all discovery, but at the very least discovery pertaining to her, including, but not limited to, her deposition and the recently served Interrogatories and Requests to Produce (Ex. F), until her dispositive motion based on absolute judicial immunity is decided.

II. **IF JUDGE NOE'S INITIAL DISPOSITIVE MOTION BASED ON ABSOLUTE JUDICIAL IMMUNITY IS DENEID, SHE SHOULD BE PERMITTED TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT AFTER THE CONCLUSION OF DISCOVERY.**

As described more thoroughly above, Judge Noe seeks to file an immediate Motion for Summary Judgment based primarily on absolute judicial immunity, as there is no possibility, even with additional discovery, that Plaintiff can establish a valid claim against her. Because LR 7.1(b)(2) provides that "[a] party must obtain

11

leave of court to file more than one motion for summary judgment," Defendants seek this Court's permission to file two separate dispositive motions: one within 14 days of this Court's Order and, in the event that Motion is denied, a later Motion at the conclusion of discovery. *See Murphy v. Lockhart*, 2011 WL 4577162 at *17 (E.D. Mich., Sept. 30, 2011)(the failure to obtain leave of court is fatal to the defendant's second motion for summary judgment)(Ex. M).

WHEREFORE, Defendant Noe respectfully requests that this Honorable Court enter an Order Staying Discovery pending a decision on her Motion for Summary Judgment based on absolute judicial immunity and her Motion for Leave to File More than One Motion for Summary Judgment.

ROSATI SCHULTZ JOPPICH
& AMTSBUECHLER PC

s/ Holly S. Battersby_____
27555 Executive Drive, Ste. 250
Farmington Hills, MI 48331
(248) 489-4100
Attorney for Judge Noe
hbattersby@rsjalaw.com
DATED: November 20, 2018    (P72023)

### CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record; and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [none].

/s/   Paula M. Rosenthal_____