UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

     Plaintiff,

v.

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

     Defendants.

Case No. 2:17-cv-12359

JUDGE BERNARD A. FRIEDMAN

MAGISTRATE DAVID R. GRAND

---

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025-4550
(248) 633-8500
issa@haddlaw.com

JOHNSON, ROSATI, SCHULTZ & JOPPICH
By:  Holly S. Battersby (P72023)
     Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
By: John J. Gillooly (P41948)
    Anthony P. Monticciolo (P76013)
    Thomas D. Beindit (P81133)
Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

---

**PLAINTIFF'S RESPONSE TO DEFENDANT NOE'S
EMERGENCY MOTION TO STAY DISCOVERY PENDING THE
COURT'S DECISION ON HER DISPOSITIVE MOTION BASED ON
ABSOLUTE JUDICIAL IMMUNITY AND MOTION FOR LEAVE TO
FILE MORE THAN ONE MOTION FOR SUMMARY JUDGMENT**

Haddad Law Firm, PLC.

NOW COMES Plaintiff, Wendell Mackey, by and through counsel, Issa Haddad and requests that the Court deny Defendant Noe's request that discovery be stayed pending a decision on a dispositive motion based on judicial immunity and deny Defendant Noe's request that to file more than one dispositive motion insofar as the latter request is not ripe and therefore not justiciable. Plaintiff incorporates his brief in support of this motion by reference.

Respectfully submitted,

*/s/ Issa G. Haddad*

_____

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
Dated: November 27, 2018      issa@haddlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

    Plaintiff,

v.

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

    Defendants.

Case No. 2:17-cv-12359

JUDGE BERNARD A. FRIEDMAN

MAGISTRATE DAVID R. GRAND

---

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

JOHNSON, ROSATI, SCHULTZ & JOPPICH
By:  Holly S. Battersby (P72023)
    Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
John J. Gillooly (P41948)
Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

---

**PLAINTIFF'S BRIEF IN SUPPORT
OF RESPONSE TO DEFENDANT NOE'S
EMERGENCY MOTION TO STAY DISCOVERY PENDING THE
COURT'S DECISION ON HER DISPOSITIVE MOTION BASED ON
ABSOLUTE JUDICIAL IMMUNITY AND MOTION FOR LEAVE TO
<u>FILE MORE THAN ONE MOTION FOR SUMMARY JUDGMENT</u>**

## CONCISE STATEMENT OF ISSUES PRESENTED

**I.  WHETHER DEFENDANT NOE WAIVED HER RIGHT AND IS NOW ESTOPPED FROM ASSERTING AN ABSOLUTE IMMUNITY DEFENSE DURING THE DISCOVERY STAGE OF THIS LITIGATION BY FAILING TO FILE A DISPOSITIVE MOTION DURING THE PLEADING STAGE, BY ACTIVELY PARTICIPATING IN THE DISCOVERY PROCESS AND SUBMITTING TWO SEPARATE SETS OF DISCOVERY REQUESTS TO PLAINTIFF, BY RECEIVING HUNDREDS OF PAGES OF DOCUMENTS FROM PLAINTIFF DURING THE DISCOVERY STAGE, AND BY FAILING TO SEEK A STAY OF DISCOVERY FOR OVER 16 MONTHS?**

Plaintiff Answers: Yes.

Defendant Noe Answers: No.

**II.  WHETHER DEFENDANT NOE'S REQUEST FOR A STAY OF DISCOVERY PENDING FILING OF A DISPOSITIVE MOTION SHOULD BE DENIED WHERE SHE IS NOT IMMUNE FROM PLAINTIFF'S NONMONETARY CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF?**

Plaintiff Answers: Yes.

Defendant Noe Answers: No.

**III.  WHETHER DEFENDANT NOE'S REQUEST TO FILE MORE THAN ONE DISPOSITIVE MOTION PRIOR TO HAVING HER FIRST DISPOTIVE MOTION DENIED BY THE COURT IS PRECLUDED BY THE RIPENESS DOCTRINE?**

Plaintiff Answers: Yes.

Defendant Noe Answers: No.

Haddad Law Firm, PLC.

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

**IV.  WHETHER DEFENDANT NOE IS SUBJECT TO DISCOVERY LIKE ANY OTHER WITNESS EVEN IF, *ARGUENDO*, ABSOLUTE IMMUNITY DOES BAR PLAINTIFF'S CLAIMS AGAINST HER?**

Plaintiff Answers: Yes.

Defendant Noe Answers: No.

Haddad Law Firm, PLC.

# INDEX OF AUTHORITIES

**Cases**                                                     **Page(s)**

*Belill v. Hummel*,
   835 F.2d 877 (6th Cir. 1987) ...............................................................12

*Brookings v. Clunk*,
   389 F.3d 614 (6th Cir. 2004) ...............................................................16

*Brown v. Crowley*,
   312 F.3d 782 (6th Cir. 2002) .................................................................8

*Buckhannon Care Home, Inc. v. W. Virginia Dept. of Health and Human*
   *Resources*,
   532 U.S. 598 (2001) .............................................................................13

*Davidson v. Eblen*,
   142 F.3d 432 (6th Cir. 1998) ...............................................................11

*Dennis v. Sparks*,
   449 U.S. 24 (1980) ................................................................... 14, 16, 17

*English v. Dyke*,
   23 F.3d 1086 (6th Cir. 1994) ..................................................... 8, 9, 10

*Gould v. Symons*,
   2003 WL 21877726 (E.D. Mich. Apr. 25, 2003),
   *report and recommendation adopted*,
   275 F. Supp. 2d 843 (E.D. Mich. 2003) .............................................10

*Gribble v. Bass*,
   14 F.3d 601 (6th Cir. 1993) .................................................................12

*Hamer v. Neighborhood Hous. Services of Chicago*,
   __ U.S. __, 138 S. Ct. 13 (2017) ...........................................................8

*Hewitt v. Helms*,
   482 U.S. 755 (1987) .............................................................................13

Haddad Law Firm, PLC.

# INDEX OF AUTHORITIES

**Cases**                                                               **Page(s)**

*Ireland v. Tunis*,
  907 F. Supp. 1088 (E.D. Mich. 1995),
  *aff'd*, 113 F.3d 1435 (6th Cir. 1997) ...................................................9

*Kelsey v. Withers*,
  718 Fed. Appx. 817 (11th Cir. 2017) ................................................10

*Kennedy v. City of Cleveland*,
  797 F.2d 297 (6th Cir. 1986) ..................................................... 7, 8, 9

*Kundrat v. Halloran*,
  145 F. Supp. 2d 865 (E.D. Mich. 2001) ............................................12

*Lefemine v. Wideman*,
  568 U.S. 1 (2012) ...........................................................................13

*Maniaci v. Schwartz*,
  25 F.3d 1049 (6th Cir. 1994) ...........................................................12

*Mireles v. Waco*,
  502 U.S. 9 (1991) ..................................................................... 11, 13

*Moore v. City of Harriman*,
  272 F.3d 769 (6th Cir. 2001) .............................................................9

*Morningstar v. Worthy*,
  454 Fed. Appx. 391 (6th Cir. 2011) ...................................................8

*Kennedy v. City of Cleveland*,
  797 F.2d 297 (6th Cir. 1986) ..................................................... 7, 8, 9

*Puckett v. U.S.*,
  556 U.S. 129 (2009) ...........................................................................7

*Pulliam v. Allen*,
  466 U.S. 522 (1984) .........................................................................11

Haddad Law Firm, PLC.

# INDEX OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*S. Ct. of Virginia v. Consumers Union of U. S., Inc.,*
   446 U.S. 719 (1980) ...................................................................11

*Sevier v. Turner,*
   742 F.2d 262 (6th Cir. 1984) ................................................12

*Union Mut. Ins. Co. v. Wilkinson,*
   80 U.S. 222 (1871) .................................................................11

*Wallace v. Hayse,*
   1 F.3d 1243 (6th Cir. 1993).................................................12


**Statutes**                                                               **Page(s)**

42 U.S.C. § 1983.....................................................................14

42 U.S.C. § 1988.....................................................................13

Haddad Law Firm, PLC.

## STATEMENT OF FACTS

### A.   Introduction

Defendants' conduct in the instant litigation is, unfortunately but not surprisingly, taken straight from the Insurance Defense 101 playbook – obstruct and delay discovery all while claiming good faith and a willingness to cooperate. Throughout this litigation, Defendants claim to be ever ready to proceed with discovery, yet for reasons always purportedly beyond their control, little to no such discovery is able to take place, through no fault of their own of course.

In addition to Defendant Noe's present motions, Plaintiff will be filing *several* discovery-related motions within the next 24 hours pertaining to Defendants' extensive discovery related misconduct.  Because both Defendants have been acting in tandem in this matter to obstruct discovery for over 16 months, Plaintiff respectfully requests that the Court defer its ruling on Defendant Noe's present motions for 24 hours until after Plaintiff files his motions and the Court is more fully appraised of what has transpired during the discovery stage of this litigation.  Plaintiff would note that Co-Defendant James Berryman and/or his counsel have a history of obstructing discovery up to and including destroying evidence.

Defendant Noe claims that she was "forced" to file the present motion. Defendant's Brief, p. 5.  However, the fact that Defendant Noe seeks to stay *all*

- 1 -

discovery – even discovery related to Co-Defendant James Berryman who is not even represented by Defendant Noe's counsel – reveals the true motive and intent underlying the present motion.  Defendant's Brief, p. 2.

### B.    <u>Defendant Noe's Waiver of Immunity from Discovery</u>

Plaintiff initiated this matter on July 21, 2017.  Doc # 1.  Shortly over three weeks later, on August 15, 2017, Defendant Noe filed her answer and affirmative defenses to Plaintiff's complain.  Doc # 4.  One of Defendant Noe's affirmative defenses was that she "is entitled to absolute judicial immunity on the federal and state counts."  Doc # 4, p. 21.  However, rather than file a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), *Defendant Noe did nothing for more than a year*.

### C.    <u>Defendants' Own Discovery Abuses</u>

When Defendant Noe did take action over 13 months later, she did not file a dispositive motion asserting absolute judicial immunity.  Rather, on October 4, 2018, Defendant Noe chose to fully participate in the discovery stage of the litigation by serving Plaintiff with Defendant Margaret M.S. Noe's Interrogatories and Request to Produce to Plaintiff ("Defendant Noe's First Discovery Request").  **Ex. A**.  Although Defendant Noe claims that she is absolutely immune from monetary damages, almost all of her discovery requests to Plaintiff pertained to damage.

Haddad Law Firm, PLC.

The reason why almost all of Defendant Noe's requests pertained to damages is that Co-Defendant Berryman, whose discovery request exceeded the 25 interrogatory limit imposed by FED. R. CIV. P. 33(a)(1), had already exhausted the 25-interrogatory limit in Defendant James Michael Berryman's First Set of Interrogatories and Request for Production of Documents to Plaintiff. **Ex. B**. In an effort to assist Defendant Berryman circumvent the 25-interrogatory limit, almost all of Defendant Noe's requests related to damages notwithstanding her claim that she is absolutely immune from damages.

In this First Amendment retaliation case, Defendant Noe's First Discovery Request included requests such as:

1.    Please *describe in detail any injury, disfigurement, disability or other physical or psychological injury or complaint* which you allege are attributable to the incident which is the subject of this case.

2.    Please state *the name and address of each and every physician or other medical or psychological professional of any kind with which you have consulted or treated in the last ten years, including the facility where each profession is employed*. For each such person, please provide:
    (a)    The *nature of the consultation* or treatment rendered;
    (b)    The *approximate dates of the consultation or treatment*; and
    (c)    Whether *the condition for which you were treated is ongoing at the present time*.
    (d)    Whether you are alleging each condition for which you treated was caused by the subject incident along with an explanation regarding how each condition was allegedly caused by the subject incident.
    (e)    *A signed medical authorization* (copies of which are attached to these Interrogatories and Requests to Produce).

3.   *Have you received any insurance or governmental benefits of any kind, including Social Security Disability benefits*, as a result of the incident which is subject of this case?  If so, please state in detail:

   (a)   The source and amount of the benefits;

   (c)   Whether there has been any physical examination of you, or determination of disability which forms a basis for your receipt of those benefits.

   (d)   Whether you are currently the recipient or beneficiary of Medicare or Medicaid benefits of any kind or anticipate being the recipient or beneficiary of such benefits during the pendency of this case.

4.   Please *state with specificity each and every loss or condition for which you claim damages in this case*.  For each such loss or condition, please *set forth with specificity the amount of damages you are claiming*, with a summary of how you arrived at the amount for each element of damage claimed in this case.

5.   Please produce *any and all documentation in your possession which in any way supports the calculation of damages* you have provided in response to Request #4.

6.   Please list *each prescription medication you currently take*.  For each prescription please provide:

   (a)   The name and address of the prescriber of the medication;

   (b)   The condition for which each medication is prescribed;

   (c)   How long you have been taking each medication.

*        *        *

9.   *Are you aware of any medical, Medicare, Medicaid or any other liens attributable to treatment you claim* you have received as a result of the subject incident?  If so, please provide:

   (a)   The *identity of the holder of any such liens*;

   (b)   The *amount of any such liens*;

   (c)   The *date you became aware of the existence of any such liens*;

   (d)   The *nature of services rendered*; and

   (e)   Please provide *any and all documentation including any and all lien correspondence pertaining to any liens*.

**Ex. A**, pp. 2-6 (all emphasis added).

Haddad Law Firm, PLC.

A month after serving Plaintiff with Defendant Noe's First Discovery Request, on November 5, 2018, Defendant Noe served Plaintiff with Defendant Margaret M.S. Noe's Second Request to Produce to Plaintiff ("Defendant Noe's Second Discovery Request").  Ex. **C**.  Defendant Noe's Second Discovery Request included the following requests:

1.    Please provide copies of ***any and all court filings pertaining to Personal Protection Orders you which you have obtained from the Lenawee County Circuit Court regarding any party***. This Request includes, but is not limited to, copies of documents and/or court filings regarding any personal Protection Orders considered by Judge Noe, Judge Anzalone and any other Judge which previously presided over matters in that Court.

2.    Please provide ***any and all documents and/or court filings whatsoever which you have obtained copies of from the Lenawee County Circuit Court since June 19, 2018***.

3.    Please provide ***copies of any and all Personal Protection Orders and/or filings pertaining to Personal Protection Orders which you have obtained from the Washtenaw County Circuit Court regarding any party***. This Request includes copies of any personal Protection Orders considered by Judge Conlin or any other current or former Judge in that Court.

4.    Please provide ***copies of all transcripts you are in possession of that in any way pertain to the events giving rise to this lawsuit***.

5.    Please ***provide copies of any and all exhibits which you or your attorney intend to rely upon or utilize during the deposition of Judge Margaret Noe***, including but not limited to: Personal Protection Orders, court filings, transcripts, articles, correspondence, memoranda, news articles, social media postings, audio recordings or video recordings

Haddad Law Firm, PLC.

6. Please ***provide copies of any and all journal or diary entries that in any way pertain to the allegations contained in your Complaint <u>and/or the damages you allege in your Complaint</u>***.

7. Please provide copies of ***any and all social media postings, including but not limited to: Facebook, Twitter, Instagram or any other social media website***, that in any way relate to the allegations contained in your Complaint and/or the damages you allege in your Complaint.

**Ex. C** (all emphasis added).

After failing to file a dispositive motion for over 16 months, after actively participating in the discovery process and submitting two separate sets of discovery requests to Plaintiff, after receiving hundreds of pages of documents from Plaintiff during the discovery stage, and after failing to seek a stay of discovery for over 16 months, Defendant Noe looks at this Court with a straight face and asks that discovery be stayed now that it is her turn to reciprocate and respond to Plaintiff's discovery request.

Shortly after Plaintiff began pursuing discovery in this matter, on October 5, 2018, Defendant Noe announced her resignation as a judge and return to private practice as of January 2018. **Ex. D**. Defendant Noe's suspiciously opportune resignation from government service to return to private practice at the age of 65 appears to be a consequence, in whole or in part, of the present litigation and a

Haddad Law Firm, PLC.

desire to prevent Plaintiff from obtaining scandalous information that occurred during Defendant Noe's tenure as a judge.[1]

Defendant Noe's current 11th-hour argument is nothing more than the most recent installment of Defendants' obstruction and delay of discovery in a thinly-veiled, pellucid attempt to run out the proverbial fourth-quarter clock in this litigation until Defendant Noe resigns in merely a few weeks.

Despite Defendant Noe's own discovery abuses in this matter, she now cries foul and projects her own discovery abuse onto Plaintiff.  As with her motion to quash Plaintiff's subpoenas, Defendant Noe's current motion is wholly frivolous.

## ARGUMENTS

**I. DEFENDANT NOE WAIVED HER RIGHT AND IS NOW ESTOPPED FROM ASSERTING AN ABSOLUTE IMMUNITY DEFENSE DURING THE DISCOVERY STAGE OF THIS LITIGATION BY FAILING TO FILE A DISPOSITIVE MOTION DURING THE PLEADING STAGE, BY ACTIVELY PARTICIPATING IN THE DISCOVERY PROCESS AND SUBMITTING TWO SEPARATE SETS OF DISCOVERY REQUESTS TO PLAINTIFF, BY RECEIVING HUNDREDS OF PAGES OF DOCUMENTS FROM PLAINTIFF DURING THE DISCOVERY STAGE, AND BY FAILING TO SEEK A STAY OF DISCOVERY FOR OVER 16 MONTHS.**

---

[1] Based upon information and belief, including information from local government officials, Defendant Noe is believed to have at least two criminal arrests and/or convictions and several Requests for Investigation before the Michigan Judicial Tenure Commission.  Moreover, despite working in a small rural community with a population of only approximately 20,000 people, Defendant Noe's abuses of authority have made the national media on more the one occasion.

Haddad Law Firm, PLC.

"'No procedural principle is more familiar to this Court than that a ... right may be forfeited in ... civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'" *Puckett v. U.S*., 556 U.S. 129, 134 (2009) (citation omitted). "Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense." *Kennedy v. City of Cleveland*, 797 F.2d 297, 300-01 (6th Cir. 1986). "[E]ven if a defendant has 'raised' the affirmative defense in a responsive pleading, 'the defense of qualified immunity may be deemed as waived if not properly and timely presented before the district court.'" *Brown v. Crowley*, 312 F.3d 782, 788 (6th Cir. 2002). An immunity defense "can be raised at various stages of the litigation including *at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial*." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (emphasis added).

In its seminal decision of *Kennedy v. City of Cleveland*, *supra*, the Sixth Circuit Court of Appeals explained:

> We also note that immunity, whether qualified or absolute, is an affirmative defense which must be affirmatively pleaded; ***it is not a doctrine of jurisdictional nature that deprives a court of the power to adjudicate a claim***. [Citations omitted.] ***Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense***. And since certain of the interests protected by the doctrines of immunity are conceptually distinct, and all of them are procedurally distinct, ***the failure to plead immunity may, at different stages of the litigation, work either a partial or complete waiver***. ....

> *It also follows that the right is one which can be lost by failure timely to assert it. …. The quid pro quo is obvious: in exchange for the defendant's right to interrupt the judicial process, the court may expect a reasonable modicum of diligence in the exercise of that right.*

*Kennedy*, 797 F.2d at 300-01 (footnotes omitted, all emphasis added).[2] *See also*

*Morningstar v. Worthy*, 454 Fed. Appx. 391, 396–97 (6th Cir. 2011)

(unpublished).

Subsequently, in *English v. Dyke*, *supra*, the Sixth Circuit Court of Appeals,

relying on *Kennedy*, explained the compartmentalized nature of a waiver of the

immunity defense.

> "Since immunity must be affirmatively pleaded, it follows that failure to do so can work a waiver of the defense." Kennedy, 797 F.2d at 300. The defense is subject to the same procedural rules as other defenses. *Id.* Thus, … *a failure to assert the defense in a pre-answer motion to dismiss waives the right to raise the issue in a second pre-answer motion to dismiss*. Swart v. Pitcher, No. 92–2401, 1993 WL 406802 (6th Cir. Oct. 8, 1993) (unpublished opinion). In addition, a defendant may waive his right to appeal a denial of qualified immunity if he fails to file a timely appeal. Kennedy, 797 F.2d at 301. *Moreover, the trial court has discretion to find a waiver if a defendant fails to assert the defense within time limits set by the court or if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes*. Kennedy, 797 F.2d at 300–301; see Yates v. City of Cleveland, 941 F.2d 444, 449 (6th Cir.1991). Such a waiver, however, need not waive the defense for all purposes but would generally only waive the defense for the stage at which the defense should have been asserted.1 See Kennedy, 797 F.2d

---

[2]  Although Sixth Circuit precedent refers to "waiver" of the immunity defense, it is more accurately characterized as a forfeiture. *See e.g. Hamer v. Neighborhood Hous. Services of Chicago*, __ U.S. __, 138 S. Ct. 13, 17 n.1 (2017) ("The terms waiver and forfeiture – though often used interchangeably by jurists and litigants – are not synonymous.  [F]orfeiture is the failure to make the timely assertion of a right[;] waiver is the intentional relinquishment or abandonment of a known right.") (Internal quotations omitted.)

Haddad Law Firm, PLC.

at 300. ***Thus, for example, a defendant who fails to timely assert the defense prior to discovery may waive the right to avoid discovery but may nonetheless raise the issue after discovery on summary judgment or at trial.***

*English*, 23 F.3d at 1090 (all emphasis added).[3]  *See also Moore v. City of Harriman*, 272 F.3d 769, 792 n.11 (6th Cir. 2001).

In an extraordinary display of chutzpah, Defendant Noe demanded and received discovery from Plaintiff, yet now, she seeks to terminate Plaintiff's reciprocal right to demand and receive discovery from her.  As in *English*, *supra*, Defendant Noe's failure to timely assert her immunity defense prior to discovery has waived any right that she might have once had to avoid discovery.  *See English*, 23 F.3d at 1090, *Kelsey v. Withers*, 718 Fed. Appx. 817, 821–22 (11th Cir. 2017) (unpublished) ("Just as judicial immunity can be waived entirely ... litigants may also waive their right to immunity from discovery."), *Gould v. Symons*, 2003 WL 21877726, at *3 (E.D. Mich. Apr. 25, 2003) ("... Defendants have waived the defense for purposes of being protected from 'the burdens of trial and discovery' by not raising the defense pre-discovery in their answer or separate motion ...."), *report and recommendation adopted*, 275 F. Supp. 2d 843 (E.D. Mich. 2003).

Defendant Noe appears to concede that she waived her immunity from discovery.  She candidly admits that she "hoped to cooperate in reasonable,

Haddad Law Firm, PLC.

---

[3]  Although the issue in *English v. Dyke*, 23 F.3d 1086, 1090 (6th Cir. 1994) was qualified immunity, "[t]he holding in *English* applies as well to the defense of absolute immunity ...." *Ireland v. Tunis*, 907 F. Supp. 1088, 1095 (E.D. Mich. 1995), *aff'd*, 113 F.3d 1435 (6th Cir. 1997).

respectful and relevant discovery before filing her Motion for Summary Judgment

....” Defendant's Brief, p. 8. Thus, Defendant Noe knowingly and willfully

waived her immunity from discovery in this matter. After obtaining information

regarding Plaintiff's case, Defendant Noe apparently wishes to revoke her prior

waiver and obstruct Plaintiff's access to information regarding Defendant Noe's

case. Defendant Noe argues in a conclusory manner, making broad sweeping

claims of "improper discovery tactics" without offering a factual basis in support

of this unwarranted conclusion. In short, Defendant Noe's argument is long on

adjectives and short on analysis as to how Plaintiff's discovery requests are

"improper."

Defendant Noe's failure to assert an immunity defense for over 16 months,

during both the pleading and discovery stages of this litigation, and in demanding

and receiving discovery from Plaintiff induced Plaintiff to believe that Defendant

Noe would likewise reciprocate during discovery. To allow Defendant Noe to

wholly avail herself of discovery and then, before Plaintiff can obtain any

discovery from her, attempt to hide behind the aegis of absolute immunity would

give Defendant Noe a windfall advantage contrary to equity and good conscience.

Accordingly, in addition to waiving any right to immunity from discovery that she

might have had during the pleading stage of this litigation, Defendant Noe's

conduct estops her from now changing position and maintaining that discovery is

not similarly available to Plaintiff. *Union Mut. Ins. Co. v. Wilkinson*, 80 U.S. 222,

Haddad Law Firm, PLC.

233 (1871).  Accordingly, Defendant Noe's egregiously inequitable motion to deprive Plaintiff of the selfsame discovery that he provided to Defendant Noe should be denied.

### II. DEFENDANT NOE'S REQUEST FOR A STAY OF DISCOVERY PENDING FILING OF A DISPOSITIVE MOTION SHOULD BE DENIED WHERE SHE IS NOT IMMUNE FROM PLAINTIFF'S NONMONETARY CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF.

"[J]udges defending against § 1983 actions enjoy absolute immunity *from damages liability* for acts performed in their judicial capacities." *S. Ct. of Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 734-35 (1980) (emphasis added). See also, *Mireles v. Waco*, 502 U.S. 9 (1991).  "*However, we have never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief with respect to their judicial acts.*"  *Consumers Union of U. S., Inc.*, 446 U.S. at 734-35 (emphasis added).  Rather, it is very well-settled that judges do not enjoy absolute immunity from suits seeking nonmonetary remedies such declaratory or injunctive relief.  *Waco*, 502 U.S. at 10 n.1 ("The Court, however, has recognized that a judge is not absolutely immune ... from a suit for prospective injunctive relief ....")  *See also Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), *Consumers Union of U. S., Inc.*, 446 U.S. at 736-37, *Davidson v. Eblen*, 142 F.3d 432 at *2 (6th Cir. 1998) ("While plaintiff's claim for money damages is precluded, plaintiff's claim for injunctive relief against the defendant state judge and state

Haddad Law Firm, PLC.

prosecutor is not barred by judicial immunity."), *Maniaci v. Schwartz*, 25 F.3d 1049 at *3 (6th Cir. 1994) ("[T]he doctrine of judicial immunity may protect a defendant judicial officer from a damages claim, but it does not foreclose possible injunctive or declaratory judgment relief."), *Gribble v. Bass*, 14 F.3d 601 at *3 (6th Cir. 1993) ("Lastly, the district court failed to recognize that such immunity, even if it would apply, does not protect the defendants from the injunctive and declaratory relief that Gribble has requested in his original complaint."), *Wallace v. Hayse*, 1 F.3d 1243 at *1 (6th Cir. 1993) ("[T]he district court committed error when it dismissed Wallace's suit based upon the determination that Judge Hayse enjoyed absolute immunity against § 1983 suits which request injunctive and declaratory relief."), *Belill v. Hummel*, 835 F.2d 877 at *4 (6th Cir. 1987) ("[T]he doctrine of judicial immunity does not prevent a federal court from granting prospective injunctive relief against a state court judge."), *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984) ("[T]he doctrine of judicial immunity does not protect state judicial officers ... from suits for injunctive relief" and "the defense of judicial immunity is unavailable to the defendants regarding the declaratory and injunctive relief claims ...."), *Kundrat v. Halloran*, 145 F. Supp. 2d 865, 869 (E.D. Mich. 2001) ("Plaintiff seeks no money damages, and judicial immunity does not bar the declaratory relief Plaintiff seeks.")

Similarly, the Supreme Court has also "recognized that a judge is not absolutely immune ... from a suit for attorney's fees authorized by statute ...."

Haddad Law Firm, PLC.

*Waco*, 502 U.S. at 10 n.1.  *See also Allen*, 466 U.S. at 544.  Obtaining injunctive or declaratory relief satisfies the prevailing party test of 42 U.S.C. § 1988.  *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012).  *See also Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603-04 (2001), *Hewitt v. Helms*, 482 U.S. 755, 760 (1987).

Plaintiff's Civil Rights Complaint and Jury Demand respectfully requests this Court "to enter a declaratory judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights, and awarding Plaintiff and other relief to which it may appear he is entitled."  Plaintiff's Civil Rights Complaint and Jury Demand, p. 29.  To the extent the Court believes Plaintiff also seeks monetary damages against Defendant Noe, the appropriate remedy is to allow Plaintiff an opportunity to amend his Civil Rights Complaint and Jury Demand to clarify this point, not dismiss the pleading in its entirety.  FED. R. CIV. P. 15.

Defendant Noe incessantly parrots the mantra that she is immune not just from damages but from the suit altogether and that she should not be subject to the inconveniences of discovery.  Her analysis fails to appreciate that all of the cases she cites reiterating these principles *involved suits seeking **monetary damages***.  In an apparent attempt to beguile the Court into making an erroneous legal decision, Defendant Noe repeatedly cites and relies upon precedent *pertaining to suits*

*seeking **monetary damages**.*  Defendant Noe has not cited a single case which stands for the proposition that she is immune *from suits seeking nonmonetary **declaratory and injunctive relief** because no such case law exists.*  In short, no matter how badly Defendant Noe may wish that she was immune from suits seeking nonmonetary declaratory and injunctive relief, her mere repetition of this erroneous mantra simply does not make it so.

For over 16 months, Defendant Noe has filed no dispositive motion asserting absolute judicial immunity because she is not entitled to absolute judicial immunity.  For this reason, Defendant Noe's present motion seeking to stay discovery pending the filing of a motion asserting absolute judicial immunity against claims for nonmonetary declaratory and injunctive relief lacks merit and should therefore be denied.

### III.   DEFENDANT NOE'S REQUEST TO FILE MORE THAN ONE DISPOSITIVE MOTION IS NOT RIPE FOR LITIGATION WHERE SHE HAS NOT FILED HER FIRST DISPOSITIVE MOTION NOR HAS THE COURT DENIED IT.

"[T]he ripeness requirement prevents courts from hearing premature or abstract disagreements." *Platt v. Bd. of Com'rs on Grievances and Disc. of Ohio S. Ct.*, 769 F.3d 447, 451 (6th Cir. 2014).  "Three factors guide the ripeness inquiry: '(1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication

- 15

of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings.'" Berry v. Schmitt, 688 F.3d 290, 298 (6th Cir. 2012).

The likelihood that the harm alleged by Defendant Noe will ever come to pass is minimal. According to Defendant Noe, she is entitled to absolute judicial immunity, so her first dispositive motion should be granted. According to Plaintiff, Defendant Noe would never be entitled to absolute judicial immunity for nonmonetary declaratory and injunctive relief. Under either scenario, the necessity of a second dispositive motion is minimal, especially where the proper remedy if Defendant Noe's first dispositive motion is denied is for Defendant Noe to seek interlocutory appellate review of the denial, not waste precious judicial resources repeating the same argument that she already lost in her first dispositive motion.

Nor is the factual record sufficiently developed to produce a fair adjudication of the merits of Defendant Noe's premature request to file a second dispositive motion. As noted above, Defendant Noe has failed to file, and the Court has failed to deny, Defendant Noe's first dispositive motion. Thus, there effectively are no fact sufficiently developed to produce a fair adjudication of the merits of Defendant Noe's request to file a second dispositive motion.

Lastly, absolutely no hardship will inure to Defendant Noe if her premature request to file a second dispositive motion is denied at this stage in the proceedings. In the event that Defendant Noe files her first dispositive motion, the

Court denies the same, and Defendant Noe fails to seek appellate review of the Court's denial, she may always seek leave from the court to file more than one dispositive motion at anytime during the proceedings thereafter. Accordingly, Defendant Noe's request to file more than one dispositive motion should be denied as premature.

**IV. DEFENDANT NOE'S REQUEST FOR A STAY OF DISCOVERY PENDING FILING OF A DISPOSITIVE MOTION SHOULD BE DENIED WHERE, EVEN IF ABSOLUTE IMMUNITY DID BAR PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF, THE U.S. SUPREME COURT HAS MADE CLEAR THAT JUDGES WHO ARE FACT WITNESSES REMAIN SUBJECT TO DISCOVERY LIKE ANY OTHER WITNESS.**

Assuming *arguendo* that Plaintiff's nonmonetary claims for declaratory and injunctive relief are somehow barred by absolute immunity – which they are not – Defendant Noe remains subject to discovery just like any other fact witness.

In *Dennis v. Sparks*, 449 U.S. 24 (1980) (copy attached as **Ex. E**), a state court judge conspired with non-state actors and entered an injunction precluding respondents from producing minerals from oil leases owned by them. *Id*. at 25. The state appellate court subsequently dissolved the injunction on the basis that it had been illegally issued by the state trial court. *Id*. The state court respondents then filed a complaint in the United States District Court pursuant to 42 U.S.C. § 1983, alleging that they had been deprived of property (*i.e.*, two years of oil production) without due process of law because the state court injunction "had

- 17

been corruptly issued as the result of a conspiracy between the judge and the other

defendants ...." *Id*. at 25-26.

All of the defendants moved to dismiss the action.  The judge asserted

judicial immunity and the remaining defendants claimed that as non-state actors

they did not act "under color" of state law as required for Section 1983 claims.  *Id*.

at 26.  The district court ruled that the judge was entitled to absolute judicial

immunity, and the Fifth Circuit Federal Court of Appeals initially agreed.  *Id*.

However, on rehearing *en banc*, the court of appeals reversed the district court's

ruling.  *Id*. at 26-27.

The U.S. Supreme Court rejected the argument that the co-conspiring state

court judge could not be subject to the inconveniences of discovery and trial based

on his absolutely immunity from monetary damages.

> It is urged that if petitioner and other private co-conspirators of the
> judge are to be subject to § 1983 damages actions and if a case such as
> this is to go to trial, *the charge of conspiracy and judicial corruption*
> *will necessarily be aired and decided, the consequence being that the*
> *judge, though not a party and immune from liability, will be heavily*
> *involved, very likely as a witness forced to testify about and defend his*
> *judicial conduct*.  It is true that, based on the Speech or Debate
> Clause, we have held that Members of Congress need not respond to
> questions about their legislative acts, *Gravel v. United States*, *supra*,
> at 616-617, 92 S.Ct., at 2622-2623; and, in general, the scope of state
> legislative immunity for purposes of § 1983 has been patterned after
> immunity under the Speech or Debate Clause. *Supreme Court of*
> *Virginia v. Consumers Union*, 446 U.S., at 732-734, 100 S.Ct., at
> 1974-1976.  ***But there is no similar constitutionally based privilege***
> ***immunizing judges from being required to testify about their judicial***
> ***conduct in third-party litigation. Nor has any demonstration been***
> ***made that historically the doctrine of judicial immunity not only***

Haddad Law Firm, PLC.

- 18

> ***protected the judge from liability but also excused him from***
> ***responding as a witness when his co-conspirators are sued.  Even if***
> ***the judge were excused from testifying, it would not follow that***
> ***actions against private parties must be dismissed.***
>
> Of course, testifying takes time and energy that otherwise might be
> devoted to judicial duties; and, if cases such as this survive initial
> challenge and go to trial, the judge's integrity and that of the judicial
> process may be at stake in such cases.  ***But judicial immunity was not***
> ***designed to insulate the judiciary from all aspects of public***
> ***accountability.***  Judges are immune from § 1983 damages actions, but
> they are subject to criminal prosecutions as are other citizens. O'Shea
> v. Littleton, 414 U.S. 488, 503, 94 S.Ct. 669, 679, 38 L.Ed.2d 674
> (1974). ***Neither are we aware of any rule generally exempting a***
> ***judge from the normal obligation to respond as a witness when he***
> ***has information material to a criminal or civil proceeding***.  Cf.
> United States v. Nixon, 418 U.S. 683, 705-707, 94 S.Ct. 3090, 3106-
> 07, 41 L.Ed.2d 1039 (1974).

*Sparks*, 449 U.S. at 30-31 (footnote omitted, all emphasis added).

Assuming *arguendo* that absolute judicial immunity somehow shielded

Defendant Noe from Plaintiff's nonmonetary declaratory and injunctive relief –

which it does not – according to *Sparks*, Defendant Noe would *still* be subject to

discovery based upon her legal obligation to respond as a witness due to the

material information she possesses regarding the present civil proceeding.

Only Defendant Berryman and Defendant Noe know what truly transpired

when Defendant Noe granted her good friend and political ally's request and

issued a presumptively unconstitutional prior restraint to silence Plaintiff as

Defendant Berryman's political opponent in the midst of an election.  Defendant

Berryman's conveniently selective recall only serves to bolster Plaintiff's need to

- 19

obtain discovery from his co-conspirator, Defendant Noe, who Plaintiff can only hope is more forthcoming in her testimony than Defendant Berryman.  Although this may result in some inconvenience to Defendant Noe, "[t]he doctrine of judicial immunity does not exist to make life easy for judges or to foster judicial peace of mind." *Brookings v. Clunk*, 389 F.3d 614, 624 (6th Cir. 2004) (Gibbons, J., dissenting).  As the U.S. Supreme Court acknowledged in *Sparks*, there simply is no "rule generally exempting a judge from the normal obligation to respond as a witness when he has information material to a criminal or civil proceeding." *Sparks*, 449 U.S. at 31 (footnote omitted).  Accordingly, Defendant Noe's request to be relieved of her obligation to respond as a witness in this matter must be denied.

Haddad Law Firm, PLC.

## <u>RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order denying Defendant Noe's Emergency Motion for Stay of Discovery, imposing a monetary sanction against Defendant Noe for positing her frivolous argument, and awarding any other relief to which it may appear Plaintiff is entitled.

Respectfully submitted,

*/s/ Issa G. Haddad*

_____

HADDAD LAW FIRM, PLC
By:   Issa G. Haddad (P71699)
Attorney for Respondent
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025-4550
(248) 633-8500

Dated: November 27, 2018

Haddad Law Firm, PLC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

     Plaintiff,

v.

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

     Defendants.

Case No. 2:17-cv-12359

JUDGE BERNARD A. FRIEDMAN

MAGISTRATE DAVID R. GRAND

---

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

JOHNSON, ROSATI, SCHULTZ & JOPPICH
By:  Holly S. Battersby (P72023)
     Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
John J. Gillooly (P41948)
Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

---

## CERTIFICATE OF SERVICE

     The undersigned certifies that s/he served a copy of Plaintiff's Response to

Defendant Noe's Emergency Motion to Stay Discovery Pending the Court's

Decision on Her Dispositive Motion Based on Absolute Judicial Immunity and

Motion for Leave to File More Than One Motion for Summary Judgment, Brief in

Support of the same, and this Proof of Service upon all parties of record, or their

counsel if represented, by uploading said papers to the Case Management /

Electronic Case Files system for electronic transmission to the Court and to all

parties of record, or their counsel if represented on the date set forth below.


Dated: November 27, 2018                    */s/ Issa G. Haddad            .*
                                            Affiant

Haddad Law Firm, PLC.