UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

     Plaintiff,

v.

JAMES MICHAEL BERRYMAN,
Mayor of the City of Adrian, Michigan;
MARGARET M.S. NOE,
Judge of the Lenawee County Circuit Court,

     Defendants.

Case No: 17-12359
Judge Bernard A. Friedman
Magistrate David R. Grand

| | |
|---|---|
| Issa G. Haddad (P71699)<br>HADDAD LAW FIRM, PLC<br>Counsel for Plaintiff<br>30600 Telegraph Road, Suite 4280<br>Bingham Farms, MI 48025<br>248.633.8500<br>issa@haddlaw.com | John J. Gilooly (P41948)<br>Anthony Monticciolo (P76013)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for James M. Berryman<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI 48207<br>313.446.5501<br>jgilooly@garanlucow.com<br>amonticciolo@garanlucow.com |
| Laura Amtsbuechler (P36972)<br>Holly S. Battersby (P72023)<br>ROSATI, SCHULTZ JOPPICH<br>& AMTSBUECHLER, P.C.<br>Attorneys for Margaret M.S. Noe<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331<br>248.489.4100<br>lamtsbuechler@rsjalaw.com<br>hbattersby@rsjalaw.com | |

## DEFENDANT'S MOTION TO QUASH THE DOCUMENT PRODUCTION SUBPOENA DIRECTED TO AMERITRUST GROUP

**NOW COMES** Defendant, JAMES MICHAEL BERRYMAN, by and through his Counsel, Garan Lucow Miller, P.C., and for his Motion to Quash Document Production Subpoena Directed to AmeriTrust Group, hereby states as follows:

1.      In Plaintiff's Complaint he is alleging the following counts: Count I, First Amendment violation – Retaliation; Count II, Procedural Due Process violation; Count III, Substantive Due Process violation; Count IV, Violation of the Fourteenth Amendment; Count V, Conspiracy to Violate Civil Rights; Count VI, Abuse of Process; Count VII, Civil Conspiracy (state claim); and, Count VIII, Intentional Infliction of Emotional Distress.

2.      Plaintiff has issued a Subpoena directed to AmeriTrust Group requesting all documents related to the matter of James M. Berryman v Wendell Shane Mackey, Lenawee County Circuit Court Case No. 17-44270-PH and all documents related to the instant matter. (Exhibit A – Subpoena)

3.      AmeriTrust Group is the insurance carrier\third-party administrator\claims agent that provides claim administration for a coverage pool that may provide coverage to Defendant James M. Berryman.

1

4.      Any responsive documents that AmeriTrust Group may have in its custody is undeniably protected by attorney-client privilege and\or attorney work-product.

5.      Plaintiff's Subpoena is demanding the production of documents that is clearly protected pursuant to FRCP 45(d)(3)(A)(iii).

6.      Plaintiff cannot demonstrate that the confidential documents sought are relevant to the issues in the case presently before this honorable court or that the documents sought are "proportional" to the needs of the case.

7.      Defendant was unable to obtain concurrence for the relief requested in this motion as required by Local Rule 7.1

**WHEREFORE**, Defendant James M. Berryman, respectfully requests that this Honorable Court grant its Motion to Quash the Subpoena served upon AmeriTrust Group.

Respectfully submitted by,
GARAN, LUCOW, MILLER, P.C.

 /s/ John J. Gillooly
JOHN J. GILLOOLY (P41948)
ANTHONY P. MONTICCIOLO (P76013)
Attorney for James Michael Berryman
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com

Dated: November 28, 2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

      Plaintiff,

      Case No: 17-12359
      Judge Bernard A. Friedman
v.      Magistrate David R. Grand

JAMES MICHAEL BERRYMAN,
Mayor of the City of Adrian, Michigan;
MARGARET M.S. NOE,
Judge of the Lenawee County Circuit Court,

      Defendants.

---

Issa G. Haddad (P71699)
HADDAD LAW FIRM, PLC
Counsel for Plaintiff
30600 Telegraph Road, Suite 4280
Bingham Farms, MI  48025
248.633.8500
issa@haddlaw.com


Laura Amtsbuechler (P36972)
Holly S. Battersby (P72023)
ROSATI, SCHULTZ JOPPICH
& AMTSBUECHLER, P.C.
Attorneys for Margaret M.S. Noe
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
248.489.4100
lamtsbuechler@rsjalaw.com
hbattersby@rsjalaw.com

John J. Gillooly (P41948)
Anthony Monticciolo (P76013)
GARAN LUCOW MILLER, P.C.
Attorneys for James M. Berryman
1155 Brewery Park Blvd., Ste 200
Detroit, MI   48207
313.446.5501
jgillooly@garanlucow.com
amonticciolo@garanlucow.com

---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO QUASH THE DOCUMENT PRODUCTION SUBPOENA DIRECTED TO AMERITRUST GROUP

# TABLE OF CONTENTS

**Page**

Table of Contents ........................................................................................... i

Index of Authorities ........................................................................................ ii

List of Exhibits ............................................................................................... iv

Concise Statement of Issues Presented ......................................................... v

Controlling or Most Appropriate Authority ..................................................... vi

Standard of Review ....................................................................................... 2

Argument ...................................................................................................... 3

   I. THE PRODUCTION SOUGHT IS UNDENIABLY CONFIDENTIAL ............................................................................ 3

   II. THE PRODUCTION SOUGHT IS NOT RELEVANT TO THE NEEDS OF PLAINTIFF AND PROPORTIONAL TO THAT NEED ................................................................................. 6

Conclusion ................................................................................................... 7

i

## INDEX OF AUTHORITIES

**Page**

## Cases

*Am. Floral Servs., Inc. v. Florists Transworld Delivery Ass'n.*,
 107 F.R.D. 258 (N.D. Ill. 1985) .......................................................... 5

*American Elec. Power Co. v. United States,*
 191 F.R.D. 132 (S.D. Ohio 1999) ..................................................... 2

*Fausek v. White,*
 965 F.2d 126 (6th Cir.1992) ............................................................ 5

*Hendricks v. Total Quality Logistics,* L.L.C.,
 275 F.R.D. 251 (S.D. Ohio 2011) ..................................................... 2

*Hickman v. Taylor*,
 329 U.S. 495 (1947) ......................................................................... 4

*James M. Berryman v. Wendell Shane Mackey*,
 Lenawee County Circuit Court Case No. 17-44270-PH ..................... 1

*Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, & Nov. 1, 1991*,
 959 F.2d 1158 (2d Cir. 1992) ........................................................... 4

*Quicken Loans, Inc. v. Brooks*,
 No. 07-13143, 2010 WL 11541991 (E.D. Mich. May 18, 2010) ......... 4

*Reed v. Baxter,*
 134 F.3d 351 (6th Cir.1998) ............................................................ 5

*Robinson v. Textron Lycoming Reciprocating Div.,*
 2005 U.S. Dist. LEXIS 23377 (S.D. Ohio May 31, 2005) .................. 2

*Sagebrush Solutions, L.L.C. v. Health Mgmt. Sys.,*
 2013 U.S. Dist. LEXIS 1699, 4-5 (S.D. Ohio Jan. 3, 2013) ............... 2

*Stratienko v. Chattanooga-Hamilton Cty. Hosp. Auth.*,
 No. 1:07-CV-258, 2008 WL 11342544 (E.D. Tenn. Nov. 4, 2008) ..... 4

*Surles v. Greyhound Lines, Inc.,*
 *474 F.3d 288* (6th Cir. 2007) ........................................................... 3

*Sys. Prod. and Solutions, Inc. v. Scramlin*,
    No. 13-cv-14947, 2014 WL 3894385 (E.D. Mich. Aug. 8, 2014) ........ 6

*United States v. Roxworthy*,
    457 F.3d 590 (6th Cir. 2006) ............................................................ 4

## **Court Rules / Statutes / Other Authorities**

Fed. R. Civ. P. 4(c)(3) ..................................................................... 2

Fed. R. Civ. P. 26(b) ....................................................................... 6

Fed. R. Civ. P. 26(b)(1) ................................................................... 6

Fed. R. Civ. P. 26(b)(3) ................................................................... 4

Fed. R. Civ. P. 45 ............................................................................ 6

Fed. R. Civ. P. 45(d)(3)(A)(iii) ......................................................... 3

Selan Epstein, *The Attorney–Client Privilege and the
    Work Product Doctrine,* (5th Ed.2007), Vol. 1 ................................. 6

Plaintiff issued a Subpoena directed to AmeriTrust Group requesting all documents related to the matter of *James M. Berryman v. Wendell Shane Mackey*, Lenawee County Circuit Court Case No. 17-44270-PH and all documents related to the instant matter. (Exhibit A – Subpoena).

AmeriTrust Group is the insurance carrier\third-party administrator\claims agent that provides claim administration for a coverage pool that may provide coverage to Defendant James M. Berryman. Any responsive documents that AmeriTrust Group may have in its custody are undeniably protected by attorney-client privilege and\or the attorney work-product doctrine.

Notwithstanding the fact that the document production sought is undeniably confidential under attorney\client privilege or the attorney work-product doctrine, the document production sought is not "proportional" to the needs of the case. Here, Plaintiff is seeking insurance documents for insurance coverage that may have or may be coving the instant matter and in a matter where Defendant Berryman successfully obtained a personal protection order against Plaintiff.

Deponent, AmeriTrust Group, is an insurer\third-party administrator\claims agent that retains counsel to represent insureds. The claim files housed by AmeriTrust contains attorney work-product related to the claims retained counsel defends.

1

In short, Plaintiff cannot demonstrate the document production sought is relevant or proportional to his needs of the case.

## STANDARD OF REVIEW

The proper method for challenging a subpoena that involves the production of privileged or other protected matter is by motion to quash, and in response to such motion, a court may modify or quash the subpoena, as appropriate.  See Fed. R. Civ. P. 4(c)(3); *American Elec. Power Co. v. United States,* 191 F.R.D. 132, 136 (S.D. Ohio 1999).

Michigan Millers Mutual Insurance Company's status as a non-party to this litigation must weigh as a factor against disclosure. *American Elec. Power Co.,* 191 F.R.D. at 136-137.  Although the party seeking to quash a subpoena bears the burden of proof, "the party who issued the subpoena has the burden of establishing a need for the breadth of the information sought in response to a non-party's prima facie showing that the discovery would be burdensome." *Hendricks v. Total Quality Logistics,* L.L.C., 275 F.R.D. 251, 253 (S.D. Ohio 2011); *Sagebrush Solutions, L.L.C. v. Health Mgmt. Sys.,* 2013 U.S. Dist. LEXIS 1699, 4-5 (S.D. Ohio Jan. 3, 2013); *Robinson v. Textron Lycoming Reciprocating Div.,* 2005 U.S. Dist. LEXIS 23377 (S.D. Ohio May 31, 2005) ("A non-party seeking to quash a Rule 45(c) subpoena bears the burden of demonstrating that production of discovery should not be permitted."), *American Elec. Power Co.,* 191

F.R.D. at 136-137. "Although a plaintiff should not be denied access to information necessary to establish [its] claim, neither may a plaintiff be permitted to 'go fishing.'" *Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305* (6th Cir. 2007)(citation and internal quotations omitted).

**ARGUMENT**

The Subpoena issued to AmeriTrust Group should be quashed because 1) it seeks the production of confidential documents, and 2) is not relevant to the needs of Plaintiff and proportional to that need.

## I. THE PRODUCTION SOUGHT IS UNDENIABLY CONFIDENTIAL

Pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii), "on timely motion, the court for the district where compliance is required **must quash** or modify a subpoena that: ... requires **disclosure of privileged** or other protected matter. (emphasis added).

Here, Plaintiff is requesting the claim file that contains attorney-client privileged documents and\or attorney work-product documents. The original purpose of the work product doctrine, as articulated by the Supreme Court, was to allow an attorney to "assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference ... to promote justice and to protect [his] clients' interests."

*United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)).

The current work product doctrine is set forth in Federal Rules of Civil Procedure 26(b)(3), and it protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *Roxworthy*, 457 F.3d at 593; Fed. R. Civ. P. 26(b)(3)).

Several courts have extended the reach of the work-product doctrine beyond documents prepared in anticipation of litigation to documents gathered and assembled by or for a party's representative in anticipation of litigation, where the selection of particular documents could reveal the opposing attorney's thought process, legal strategy, or theory of the case. See, e.g., *Quicken Loans, Inc. v. Brooks*, No. 07-13143, 2010 WL 11541991, at *4 (E.D. Mich. May 18, 2010) (documents gathered by non-attorney representatives at the request of attorney in anticipation of litigation protected by work-product doctrine); *Stratienko v. Chattanooga-Hamilton Cty. Hosp. Auth.*, No. 1:07-CV-258, 2008 WL 11342544, at *6 (E.D. Tenn. Nov. 4, 2008); *Matter of Grand Jury Subpoenas Dated Oct. 22, 1991, & Nov. 1, 1991*, 959 F.2d 1158, 1166 (2d Cir. 1992) ("[W]here a request is made for documents already in the possession of the requesting

4

party, with the precise goal of learning what the opposing attorney's thinking or strategy may be, even third-party documents may be protected."); *Am. Floral Servs., Inc. v. Florists Transworld Delivery Ass'n.*, 107 F.R.D. 258, 261 (N.D. Ill. 1985) ("There can be little doubt that forced disclosure of the selection made by [a] requesting party's lawyer from among [certain] documents, necessarily reflect[s] his or her assessment of what is and is not important in the case, [and] would run afoul of (and would be precluded by) the Doctrine.").

"The elements of the attorney-client privilege are as follows: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived." *Reed v. Baxter,* 134 F.3d 351, 355–56 (6th Cir.1998) (citing *Fausek v. White,* 965 F.2d 126, 129 (6th Cir.1992).

It is a generally accepted proposition that confidential communications of legal advice from an attorney to his client are within the attorney-client privilege, so as to minimize the risk of betraying privileged client communications to which the advice pertains. Commentators discuss two lines of authority on the level of protection afforded to attorney

communications. Some courts apply a strict construction which affords protection only to the extent that the legal opinion expressed contains the confidential matter revealed in confidence by the client in seeking the opinion. A second line of authority embraces a more liberal rule which affords privilege protection to attorney communications containing legal advice to the client, regardless of whether it expressly reveals client confidences. See Edna Selan Epstein, *The Attorney–Client Privilege and the Work Product Doctrine,* (5th Ed.2007), Vol. 1, Pages 76–86.

## II. THE PRODUCTION SOUGHT IS NOT RELEVANT TO THE NEEDS OF PLAINTIFF AND PROPORTIONAL TO THAT NEED

Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45. *Sys. Prod. and Solutions, Inc. v. Scramlin*, No. 13-cv-14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014). The Rule allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense and **proportional** to the needs of the case. Fed. R. Civ. P. 26(b)(1).

Here, Plaintiff cannot receive the document production he seeks because it is not relevant to his claim and is not proportional to the needs of the case. In Plaintiff's Complaint he is alleging a violation of the first amendment, procedural and substantive due process violation, equal

protection violation, conspiracy to violation civil rights, abuse of process, civil conspiracy, and a claim for intentional infliction of emotional distress.

Insurance documents maintained by a carrier, administrator or claim agent are undeniably relevant to the case at bar and definitely not proportional to any of Plaintiff's discovery needs.

## CONCLUSION

The document production sought by Plaintiff is for documents that are privileged under the attorney-client privilege doctrine and attorney work-product doctrine. This is undeniable. The deponent is the carrier\claims administrator who is providing coverage for a defendant in this matter. As such, counsel provides advise, opinions, work-product, drafts reports, and provides case strategy, clearly these documents are not producible to Plaintiff.

Moreover, the documents sought are not relevant to the claims Plaintiff is alleging in this matter and\or is not proportional to his discovery needs.

**WHEREFORE**, Defendant James M. Berryman, respectfully requests that this Honorable Court grant its Motion to Quash the Subpoena served upon AmeriTrust Group.

Respectfully submitted by,
GARAN, LUCOW, MILLER, P.C.

 /s/ John J. Gillooly
JOHN J. GILLOOLY (P41948)
ANTHONY P. MONTICCIOLO (P76013)
Attorney for James Michael Berryman
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com

Dated: November 28, 2018
#1419133

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## **CERTIFICATE OF SERVICE**

I hereby certify that on <u>November 28, 2018</u>, my assistant, Joyce P. Young, electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**James B. Rasor** – jbr@rasorlawfirm.com
**Andrew J. Laurila** – ajl@rasorlawfirm.com

and I hereby certify that on <u>November 28, 2018,</u> my assistant, Joyce P. Young, mailed by United States Postal Service the foregoing document to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:  **NA**

/s/ Anthony Monticciolo
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5514
amonticciolo@garanlucow.com
P76013

#1419133

# EXHIBIT A



30600 Telegraph Rd
Suite 3150
Bingham Farms, MI 48025
Toll Free: (844) HaddLaw
Office: (248) 633-8500
.info@haddlaw.com

November 6, 2018

*Via Certified Mail (No. 7017 2680 0000 4846 2627)*

AmeriTrust Group (formerly Meadowbrook Insurance Group)
c/o Mr. Michael G. Costello, Resident Agent
Wilson Young Costello PLC
2 Towne Square, Suite 901
Southfield, Michigan 48076-3740

Re:   *Wendell Shane Mackey v James Michael Berryman, et al.,*
        US ED Mich Case No. 2:17-cv-12359 (Friedman, J.)

Dear Mr. Costello:

Enclosed please find a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") for processing by your office.

Also enclosed please find a Certification of Records form. Please complete and sign the Certification of Records form in the presence of a notary public and return it to our office along with the documents provided in response to the Subpoena. Completion of the Certification of Records form is required if you wish to avoid having to make a court appearance as a witness in this matter. However, please note that in some instances a court appearance may still be necessary.

Should you have any questions regarding this matter, please feel free to contact my office at your convenience.

Sincerely,

Issa. G. Haddad, Esq.

Encls
cc:   Mr. John J. Gillooly (via first-class mail w/encls)
        Ms. Holly S. Battersby (via first-class mail w/encls)
        W. Mackey (via electronic mail)
        file

www.haddlaw.com
Bingham Farms | Birmingham | Detroit | Lansing

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

| | | |
|---|---|---|
| WENDELL SHANE MACKEY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:17-cv-12359 |
| | ) | |
| JAMES MICHAEL BERRYMAN | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  AMERITRUST GROUP (FORMERLY MEADOWBROOK INSURANCE GROUP)
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED.

| Place: 30600 Telegraph Road, Suite 3150<br>Bingham Farms, Michigan 48025 | Date and Time:  December 6, 2018<br>1:00 p.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  November 6, 2018

DAVID J. WEAVER, CLERK OF COURT

                                        OR

_____         _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
WENDELL SHANE MACKEY _____ , who issues or requests this subpoena, are:

Issa G. Haddad (P71699), 30600 Telegraph Road, Suite 3150, Bingham Farms, Michigan 48025
(248) 633-8500, issa@haddlaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## REQUESTED DOCUMENTS

### A.  Definitions

1.  **"Document"** is used in the broadest sense of the word and includes but is not limited to any and all writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.  A document that contains any note, comment, addition, deletion, insertion, annotation, marginalia, or any other alteration compromises a non-identical legible copy of another document and shall be treated as a separate document subject to production.

### B.  Documents

1.  Please provide copies of all documents that relate to, pertain to, or otherwise concern the matter of *James M. Berryman v Wendell Shane Mackey*, Lenawee County Circuit Court Case No. 17-44270-PH, including *but not limited to* a clear, legible, and unredacted copy of the claims file.

2.  Please provide copies of all documents that relate to, pertain to, or otherwise concern the matter of *Wendell Shane Mackey v James Michael Berryman v*, U.S. District Court, E.D. Mich. Case No. 2:17-cv-12359, including *but not limited to* a clear, legible, and unredacted copy of the claims file.

# CERTIFICATION OF RECORDS

This document is intended to meet the requirements set forth in Rules of Evidence, Rule 902(11), addressing certified records of regularly conducted activity.

I swear or affirm that each of the following is true regarding the attached records, to the best of knowledge and belief:

1. I am the custodian of these records, or I am an employee familiar with the manner and process in which these records are created and maintained by virtue of my duties and responsibilities;

2. The records were made at or near the time of the occurrences of the matters set forth by, or from information transmitted by, people with knowledge of those matters;

3. The records were kept in the course of regularly conducted business activity; and

4. It was the regular practice of the business activity to make the record.

Organization:

| | |
|---|---|
| Signature: | Date: |
| Print or Type Name: | Title: |
| Business Phone: | Business Address: |

| | | |
|---|---|---|
| City: | State: | Zip: |

The attached records consists of _____ pages.

Subscribed and sworn to before a Notary Public, this _____ day of _____, 2018.

| | |
|---|---|
| Notary Public Name: | My Commission expires on: |

| | | |
|---|---|---|
| State of: | County of: | Acting in the County of: |

Notary Public Signature: