UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

        Plaintiff,        Civil Action No. 17-12359
                                      Honorable Bernard A. Friedman
                                      Magistrate Judge David R. Grand

v.

JAMES MICHAEL BERRYMAN,
Mayor of the City of Adrian, Michigan;
MARGARET M.S. NOE, Judge of the
Lenawee County Circuit Court,

        Defendants.
_____/

## ORDER STAYING COMPLIANCE WITH THIRD-PARTY SUBPOENAS AND STAYING DISCOVERY PENDING RESOLUTION OF MOTIONS

The dispute in this case dates back about 30 years to a time when plaintiff Wendell Shane Mackey ("Mackey"), then just 19 years old, robbed a flower shop owned by defendant James Michael Berryman ("Berryman"). The Court will undoubtedly have an opportunity to delve deeper into this case's factual and procedural background, but the following brief discussion suffices for present purposes.

Mackey (now a law school graduate) and Berryman (then, and during the events in question described below, the Mayor of the City of Adrian, Michigan) recently became somewhat contentious political adversaries. In early July 2017, after some heated exchanges between the two at City meetings and an e-mail by Mackey to City officials criticizing Berryman, Berryman filed an *ex parte* petition for a personal protection order ("PPO") against Mackey, and the Honorable Margaret M.S. Noe ("Noe") granted the PPO without notice to Mackey. Mackey now alleges that Judge Noe issued the PPO not only without proper factual and legal support, but also

"in an effort to silence [Mackey's] criticism of Defendant Berryman and to provide Defendant Berryman a competitive advantage in the local election." (Doc. #1 at ¶ 70).

On July 21, 2017, Mackey filed his civil rights complaint in this Court pursuant to 42 U.S.C. § 1983, asserting principally that the PPO and the manner in which it was obtained violated his rights under the First and Fourteenth Amendments to the United States Constitution. Mackey included Noe as a defendant in this case notwithstanding the doctrine of absolute judicial immunity and the protections provided to judges by the Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996).[1]

Presently before the Court for hearing and determination are the following motions: (1) Noe's Emergency Motion to Quash Subpoenas and for Protective Order related to the subpoenas

---

[1] In light of the FCIA's enactment, Mackey's assertion in recent briefing that, "it is very well-settled that judges do not enjoy absolute immunity from suits seeking nonmonetary remedies such [as] declaratory or injunctive relief" (Doc. #26 at 20) is incorrect:

> Although common law judicial immunity extended only to suits for money damages, *see Pulliam v. Allen*, 466 U.S. 522, 541-43 [] (1984), Congress expanded the scope of that immunity by enacting the [FCIA]. *Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir. 2005). The FCIA amended 42 U.S.C. § 1983 to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." As a result of this amendment, 42 U.S.C. § 1983 now "explicitly immunizes judicial officers against suits for injunctive relief." *Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006)] . . .

*Underhill v. Royer*, No. 14-CV-14768, 2015 WL 2384052, at *2 n.4 (E.D. Mich. May 19, 2015), aff'd (May 12, 2016). *See also Texas Brine Co., LLC v. American Arbitration Assoc., Inc.*, No. CV 18-6610, 2018 WL 5773064, at *4 (E.D. La. Nov. 2, 2018) ("The *Pulliam* decision was statutorily overruled as to 1983 claims in 1996 by the [FCIA] . . ."). Moreover, a plaintiff "cannot use § 1983 as a device to obtain collateral review of state court judgments." *West v. Jones*, No. 1:14-CV-02298-VEH, 2015 WL 2450538, at *5 (N.D. Ala. May 22, 2015). Thus, he "cannot obtain declaratory or injunctive relief under § 1983 if he had an adequate remedy at law, including appellate review in the state courts with respect to an allegedly improper judicial ruling." *Id.* The foregoing raises serious questions about Mackey's claims against Noe in this case.

served on Lenawee County, Adrian College, Lenawee Country Club, and Gatehouse Media (Doc. #23); and (2) Noe's Emergency Motion for Stay of Discovery Pending Court's Decision on Her Motion for Summary Judgment Based on Absolute Judicial Immunity and Motion for Leave to File More than One Dispositive Motion (Doc. #24).

The Court held phone calls with counsel regarding these motions on November 21 and 28, 2018, and finds that until a hearing can be held on these and the other motions the parties expressed an intention of filing[2], the most prudent and efficient course of action is to stay enforcement of the third-party subpoenas issued by Mackey, and (other than stated below) to stay discovery in this case.

Accordingly, **IT IS ORDERED** that:

- The compliance deadlines listed in the third-party subpoenas served by Mackey are **STAYED** pending further order of the Court. To the extent they have not responded to such subpoenas, the following recipients of Mackey's third-party subpoenas **SHALL NOT PRODUCE** to Mackey or his counsel any materials requested therein: (1) Lenawee County; (2) Adrian College; (3) Lenawee Country Club; (4) Gatehouse Media; (5) Sprint; (6) City of Adrian; (7) Morgan & Meyers PLC; and (8) Ameritrust Group. Defendants **SHALL FORTHWITH PROVIDE** a copy of this Order to each subpoenaed third-party. To the extent the subpoenaed third-parties are later required to produce some or all of the documents requested in the subpoenas at issue, the Court shall issue an order to that effect and direct that such order be transmitted to the third parties.

- The parties shall have until **December 12, 2018** to file the motions described in their recent papers, and Noe's filing of a dispositive motion shall be without prejudice to her right to file a future dispositive motion, should one become appropriate. Before filing any such motions, counsel shall meet and confer in good faith to resolve or narrow the issues in dispute.

- Once the above-referenced motions are filed, the Court will schedule a single hearing on all referred motions.

---

[2] During the November 28, 2018 telephone call with the Court, Noe indicated that she intends to file a dispositive motion on the issue of absolute judicial immunity within the next two weeks. In one of his November 27, 2018 filings, Mackey indicated that he planned to file "*several* discovery-related motions within the next 24 hours." (Doc. #26 at 14) (emphasis in original).

- With the exception of Berryman's responses to interrogatories served on him by Mackey on or about November 7, 2018, discovery in this case is **STAYED** pending further order of the Court.

**IT IS SO ORDERED.**


Dated: November 29, 2018　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 22, 2016.

　　　　　　　　　　　　　　　　　　　　　s/Eddrey O. Butts
　　　　　　　　　　　　　　　　　　　　　EDDREY O. BUTTS
　　　　　　　　　　　　　　　　　　　　　Case Manager