UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

     Plaintiff,

                                    Case No. 2:17-cv-12359

v.

                                      JUDGE BERNARD A. FRIEDMAN

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;    MAGISTRATE DAVID R. GRAND
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

     Defendants.

---

<div style="writing-mode: vertical">Haddad Law Firm, PLC.</div>

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

ROSATI, SCHULTZ, JOPPICH &
AMTSBUECHLER PC
By:  Holly S. Battersby (P72023)
     Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
By: John J. Gillooly (P41948)
     Anthony P. Monticciolo (P76013)
     Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

---

**PLAINTIFF'S RESPONSE TO DEFENDANT
BERRYMAN'S MOTION TO QUASH THE DOCUMENT
<u>PRODUCTION SUBPOENA DIRECTED TO AMERITRUST GROUP</u>**

NOW COMES Plaintiff, Wendell Mackey, by and through counsel, Issa Haddad and requests that the Court deny Defendant Berryman's Motion to Quash the Document Production Subpoena Directed to Ameritrust Group.  Plaintiff incorporates his brief in support of this motion by reference.

> Respectfully submitted,
>
> */s/ Issa G. Haddad*
> _____
> HADDAD LAW FIRM, PLC
> By:  Issa G. Haddad (P71699)
> Attorney for Plaintiff
> 30600 Telegraph Road, Suite 3150
> Bingham Farms, Michigan 48025
> (248) 633-8500
> issa@haddlaw.com

Dated: December 12, 2018

Haddad Law Firm, PLC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

      Plaintiff,

v.

Case No. 2:17-cv-12359

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

JUDGE BERNARD A. FRIEDMAN

MAGISTRATE DAVID R. GRAND

      Defendants.

---

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

ROSATI, SCHULTZ, JOPPICH &
AMTSBUECHLER PC
By:  Holly S. Battersby (P72023)
     Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
By: John J. Gillooly (P41948)
    Anthony P. Monticciolo (P76013)
    Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

---

**BRIEF IN SUPPORT OF
PLAINTIFF'S RESPONSE TO DEFENDANT
BERRYMAN'S MOTION TO QUASH THE DOCUMENT
<u>PRODUCTION SUBPOENA DIRECTED TO AMERITRUST GROUP</u>**

Haddad Law Firm, PLC.

**CONCISE STATEMENT OF ISSUES PRESENTED**

I.   **WHETHER THE COURT SHOULD DENY DEFENDANT BERRYMAN'S REQUEST TO QUASH PLAINTIFF'S SUBPOENA AND TO ISSUE A PROTECTIVE ORDER WHERE IT IS UNTIMELY?**

Plaintiff Answers: Yes.

Defendant Berryman Presumably Answers: No.

II.  **WHETHER THE DOCUMENTS REQUESTED IN PLAINTIFF'S NOVEMBER 6, 2018, SUBPOENA TO THE CITY OF ADRIAN'S INSURER, AMERITRUST GROUP, MUST BE DISCLOSED BECAUSE THE ATTORNEY-CLIENT PRIVILEGE DOES NOT APPLY?**

Plaintiff Answers: Yes.

Defendant Berryman Answers: No.

III. **WHETHER THE DOCUMENTS REQUESTED IN PLAINTIFF'S NOVEMBER 6, 2018, SUBPOENA TO THE CITY OF ADRIAN'S INSURER, AMERITRUST GROUP, MUST BE DISCLOSED BECAUSE THE ATTORNEY WORK PRODUCT PRIVILEGE DOES NOT APPLY?**

Plaintiff Answers: Yes.

Defendant Berryman Answers: No.

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

**IV. WHETHER THE DOCUMENTS REQUESTED IN PLAINTIFF'S NOVEMBER 6, 2018, SUBPOENA TO THE CITY OF ADRIAN'S INSURER, AMERITRUST GROUP, IS RELEVANT AND PROPORTIONAL TO THE NEEDS OF THE CASE?**

Plaintiff Answers: Yes.

Defendant Berryman Answers: No.

Haddad Law Firm, PLC.

# INDEX OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Am. Elec. Power Co., Inc. v. U.S.*,
   191 F.R.D. 132 (S.D. Ohio 1999) ...................................................................... 1, 4

*Atlanta International Ins. Co. v. Bell*,
   475 N.W.2d 294 (1991) ..................................................................................... 8

*Central Michigan Bd. of Trustees v. Employers Reinsurance Corp.*,
   117 F. Supp. 2d 627 (E.D. Mich. 2000) ............................................................ 8

*Cooey v. Strickland*,
   269 F.R.D. 643 (S.D. Ohio 2010) .............................................................. 11, 12

*E.E.O.C. v. Texas Hydraulics, Inc.*,
   246 F.R.D. 548, 554 (E.D. Tenn. 2007) ............................................................ 7

*Glidden Co. v. Jandernoa*,
   173 F.R.D. 459 (W.D. Mich. 1997) .................................................................. 12

*Guy v. United Healthcare Corp.*,
   154 F.R.D. 172 (S.D. Ohio 1993) .................................................................... 13

*Hendricks v. Total Quality Logistics, L.L.C.*,
   275 F.R.D. 251, 253 (S.D. Ohio 2011) ............................................................. 3

*Herbert v. Lando*,
   441 U.S. 153 (1979) ....................................................................................... 17

*Humphreys, Hutcheson and Moseley v. Donovan*,
   755 F.2d 1211 (6th Cir. 1985) ......................................................................... 10

*In re Grand Jury Investigation No. 83-2-35*,
   723 F.2d 447 (6th Cir. 1983) .................................................................... 1, 3, 7

*In re Haynes*,
   577 B.R. 711 (Bankr. E.D. Tenn. 2017) .......................................................... 14

Haddad Law Firm, PLC.

# INDEX OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Jaffee v. Redmond,*
   518 U.S. 1 (1996) ................................................................ 6

*Kirschner v. Process Design Associates, Inc.,*
   592 N.W.2d 707 (Mich. 1999) ........................................... 8

*Koster v. June's Trucking, Inc.,*
   625 N.W.2d 82, 84 (Mich. App. 2000) .............................. 9

*McClarty v. Gudenau,*
   173 B.R. 586 (E.D. Mich. 1994) ........................................ 8

*Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners,*
   294 F.R.D. 87 (S.D. Ohio 2013) ...................................... 17

*Oppenheimer Fund, Inc. v. Sanders,*
   437 U.S. 340 (1978) .......................................................... 16

*Schlagenhauf v. Holder,*
   379 U.S. 104 (1964) .......................................................... 17

*Trammel v. U.S.,*
   445 U.S. 40 (1980) .............................................................. 6

*U.S. v. Leggett & Platt, Inc.,*
   542 F.2d 655 (6th Cir. 1976) ............................................ 17

*U.S. v. Zolin,*
   491 U.S. 554 (1989) .......................................................... 14

*Upjohn Co. v. U.S.,*
   449 U.S. 383 (1981) .......................................................... 10

*Wright v. Jeep Corp.,*
   547 F. Supp. 871 (E.D. Mich. 1982) ................................ 13

Haddad Law Firm, PLC.

# INDEX OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Zigler v. Allstate Ins. Co.*,
  2007 WL 1087607 (N.D. Ohio Apr. 9, 2007) ...................................................... 9


**Rules**

FED. R. CIV. P. 26 ................................................................................................ 16

FED. R. CIV. P. 45 ................................................................................................ 4

MICH. R. PROF. CON., Rule 3.3 ........................................................................... 2


**Treatises**

C. Wright, LAW OF FEDERAL COURTS (2d ed. 1970) ........................................... 17

Haddad Law Firm, PLC.

## STATEMENT OF FACTS

On November 6, 2018, Plaintiff issued a subpoena to AmeriTrust Group, seeking to obtain the claims file pertaining to the state court proceeding as well as to this proceeding.  **Ex. A**.

On November 28, 2018, Defendant Berryman filed a Motion to Quash the Document Production Subpoena Directed to Ameritrust Group (Doc No. 28), claiming the claims file is "undeniably confidential" because it is protected by both the attorney-client privilege as well as the attorney work-product privilege.  **Ex. B**. Defendant Berryman further claims that the claims files materials are somehow not relevant to this matter, notwithstanding the fact that these materials directly relate and pertain to both the state court proceedings and this proceeding.  *Id*.

## STANDARD OF REVIEW

"The burden of establishing the existence of the privilege rests with the person asserting it.*"  In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447 (6th Cir. 1983) (collecting cases).  There is nothing more to the standard.

Plaintiff's counsel would be remiss if he did not address the egregious misrepresentations set forth in the "Standard of Review" section in Defendant Berryman's brief in support.  Citing *Am. Elec. Power Co., Inc. v. U.S*., 191 F.R.D. 132 (S.D. Ohio 1999), Defendant Berryman claims that "Michigan Millers Mutual Insurance Company's [sic; AmeriTrust Group's] status as a non-party to this

Haddad Law Firm, PLC.

litigation must weigh as a factor against disclosure." Defendant's Brief in Support, p. 2. *This is a blatant misrepresentation of law to the Court*. What the Court in *Am. Elec. Power Co., Inc.* held was that Courts have found unusual circumstances for a deponent's failure to serve written objections to a subpoena within the time specified by Rule 45 where "(1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) *the subpoenaed witness is a non-party acting in good faith*; and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *Am. Elec. Power Co., Inc.*, 191 F.R.D. at 136-37 (emphasis added). Absolutely nothing in this decision stands for the proposition that one's "status as a non-party to this litigation must weigh as a factor against disclosure." Defendant's Brief in Support, p. 2. In fact, the *Am. Elec. Power Co., Inc.* Court expressly held the opposite: a non-party deponent's "status as a non-party does not relieve it of its obligations to respond to proper discovery requests or to comply with the applicable rules," *Am. Elec. Power Co., Inc.*, 191 F.R.D. at 136–37, and it says absolutely nothing about a deponent's status as a non-party weighing as a factor against disclosure. Mich. R. Prof. Con., Rule 3.3 ("A lawyer shall not knowingly make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.")

Likewise, Defendant Berryman cites *Hendricks v. Total Quality Logistics, L.L.C.*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) for the proposition that "the party who issued the subpoena has the burden of establishing a need for the breadth of the information sought in response to a non-party's prima facie showing that the discovery would be burdensome" despite the fact that neither this phrase nor even the word burdensome appears anywhere in that decision.  Moreover, Plaintiff, as the party who issued the subpoena, does not have the burden of establishing a need for the breadth of the information sought in response to a non-party's prima facie showing that the discovery would be burdensome because AmeriTrust Group has made no *prima facie* showing that the discovery would be burdensome nor has Defendant Berryman posited any such argument.

"The burden of establishing the existence of the privilege rests with the person asserting it*."  In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447 (6th Cir. 1983) (collecting cases).  There is nothing more to the standard despite.

- 3 -

## <u>ARGUMENTS</u>

### I.  THE COURT SHOULD DENY DEFENDANT BERRYMAN'S REQUEST TO QUASH PLAINTIFF'S SUBPOENA AND TO ISSUE A PROTECTIVE ORDER WHERE IT IS UNTIMELY.

Objections to a subpoena must be served "before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B).  "The failure to serve written objections to a subpoena within the time specified by Rule 45 typically constitutes a waiver of such objections." *Am. Elec. Power Co., Inc*., 191 F.R.D. at 136.  "In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections." *Id*. (internal quotations and citation omitted).  "Courts have found unusual circumstances where: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoenaed witness is a non-party acting in good faith; ***and*** (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." *Id*. at 136-37 (emphasis added).

None of the unusual circumstances apply in this instance.  First, Plaintiff's subpoena is not overbroad on its face nor does it exceed the bounds of fair discovery.  Insurance claims files are produced in litigation

- 4 -

probably everyday throughout the country.  There is nothing overbroad or excessive about such requests.

Second, Defendant Berryman is not a non-party to this action.  In fact, he is a named Defendant.  Plaintiff would further submit that even making the present objection establishes that he is not acting in good faith either.

Lastly, AmeriTrust Group's counsel and Plaintiff's counsel have not been in contact concerning AmeriTrust Group's compliance prior to the time AmeriTrust Group challenged the legal basis for the subpoena.  In fact, personnel contacted Plaintiff's counsel's office weeks before Defendant Berryman posed the present request *in an effort to obtain the claim number so it could produce the requested documents*.  In short, not a single one of the three elements for establishing unusual circumstances apply in the instant cxase.  Accordingly, Defendant Berryman's Motion to Quash the Document Production Subpoena Directed to Ameritrust Group must be denied.[1]

---

[1] Plaintiff's counsel would note that during the period when Defendant Berryman could have posed a timely objection to Plaintiff's subpoena to Ameritrust Group Defendant Berryman was busy engaging in conduct such as attempting to subpoena Plaintiff's Character and Fitness file from the National Conference of Bar Examiners and Michigan Board of Law Examiners.  If Defendant Berryman truly desired to object to Plaintiff's subpoena to Ameritrust Group, he could have easily done so in a timely manner instead of pursuing discovery requests intended to harass Plaintiff and to needlessly increase the costs of the present litigation.

Haddad Law Firm, PLC.

## II. THE COURT SHOULD DENY DEFENDANT BERRYMAN'S REQUEST TO QUASH PLAINTIFF'S SUBPOENA AND TO ISSUE A PROTECTIVE ORDER WHERE THE DOCUMENTS REQUESTED IN PLAINTIFF'S NOVEMBER 6, 2018, SUBPOENA TO THE CITY OF ADRIAN'S INSURER, AMERITRUST GROUP, ARE NOT PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.

### A.    <u>Privilege: A Narrow Exception, Not a Broad Rule</u>

"For more than three centuries it has now been recognized as a fundamental maxim that the public ... has a right to every man's evidence." *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996) (internal quotation marks omitted).  Courts "start with the primary assumption that *there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule*." *Id*. (internal quotation marks and citations omitted).  *See also Trammel v. U.S.*, 445 U.S. 40, 50-51 (1980) ("Testimonial exclusionary rules and privileges contravene the fundamental principle that the public . . . has a right to every man's evidence.") "As such, they must be strictly construed and accepted only to the very limited extent that permitting a refusal to testify or excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *Id*. (internal quotation marks and citations omitted).

## B. Attorney-Client Privilege

"The attorney-client privilege exists to protect confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client."  *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 451 (6th Cir. 1983).  "The policy behind protecting confidential communications is self-evident:  In order to promote freedom of consultation of legal advisors by clients, the apprehension of compelled disclosure from the legal advisors must be removed; hence the law must prohibit such disclosure except on the client's consent."  *Id.*

In the Sixth Circuit, the essential elements of the attorney-client privilege are:

(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser (8) except the protection be waived.

*E.E.O.C. v. Texas Hydraulics, Inc.*, 246 F.R.D. 548, 554 (E.D. Tenn. 2007).

"Since the attorney-client privilege may serve as a mechanism to frustrate the investigative or fact-finding process, it creates an inherent tension with society's need for full and complete disclosure of all relevant evidence during implementation of the judicial process."  *In re Grand Jury Investigation No. 83-2-*

*35*, 723 F.2d at 451.  "As a derogation of the search for truth, the privilege is to be narrowly construed."  *Id*.

There are several problems with Defendant Berryman's argument.  First, "Michigan courts have recognized that the interrelationship among defense counsel, the insured and the insurer 'contains rife possibility of conflict.'"  *Central Michigan Bd. of Trustees v. Employers Reinsurance Corp*., 117 F. Supp. 2d 627, 636 (E.D. Mich. 2000) (quoting *Atlanta International Ins. Co. v. Bell*, 475 N.W.2d 294 (1991) (emphasis omitted))

> Although an attorney is selected by an insurance company, the fees charged are paid by the insurance company as a benefit for which the insured has contracted, not because there is a duty of allegiance by the attorney to the insurer which eclipses the duty to the insured.  The primary duty of the attorney is always to the client, not to the entity who happens to be paying the bill.

*Central Michigan Bd. of Trustees*, 117 F. Supp. 2d at 636 (citation omitted).

Thus, "'courts have consistently held that the defense attorney's primary duty of loyalty lies with the insured, and not the insurer.'"  *Central Michigan Bd. of Trustees*, 117 F. Supp. 2d at 636 (citation omitted).  As a result, "it is well-settled law in Michigan that in cases in which an insurance carrier hires counsel to defend an insured, it is the insured and not the carrier who is the client."  *McClarty v. Gudenau*, 173 B.R. 586, 601 (E.D. Mich. 1994).  *See similarly Kirschner v. Process Design Associates, Inc*., 592 N.W.2d 707, 711 (Mich. 1999) ("'[N]o attorney-client relationship exists between an insurance company and the attorney

- 8 -

representing the insurance company's insured.  The attorney's sole loyalty and duty is owed to the client, not to the insurer.'") (Citation omitted.), *Koster v. June's Trucking, Inc.*, 625 N.W.2d 82, 84 (Mich. App. 2000) ("[W]e conclude that there was no attorney-client relationship between Michigan Mutual and the attorney retained to represent its insureds and, as a result, Michigan Mutual cannot assert any attorney-client privilege.

Even assuming *arguendo* that an attorney-client relationship somehow existed between Defendant Berryman's attorneys and the City of Adrian's insurer – which it does not – Defendant Berryman lacks standing to assert the privilege on behalf of the Ameritrust Group.  Ameritrust Group has not appeared in this matter or otherwise objected to the production of the subpoenaed information, and Defendant Berryman's attempt to assert Ameritrust Group's privilege by proxy is wholly inappropriate.

Moreover, again assuming *arguendo* that an attorney-client relationship somehow existed between Defendant Berryman's attorneys and the City of Adrian's insurer, "'[a] communication is not privileged simply because it is made by or to a person who happens to be an attorney.'"  *Zigler v. Allstate Ins. Co*., 2007 WL 1087607, at *1 (N.D. Ohio Apr. 9, 2007) (citation omitted).  "To be privileged, the communication must have the 'primary purpose of soliciting legal, rather than business, advice.'"  *Id*.  Because of its very narrow scope, "[t]he

Haddad Law Firm, PLC.

privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981).  *See also Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985).

> "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing.  The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."

"In general, the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged." *Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d at 1219 (holding that "the attorney-client privilege does not protect the identity of a client except in very limited circumstances"; "the amount of money paid or owed by a client to his attorney is not privileged except in exceptional circumstances ....")

As Defendant Berryman's counsel well knows, a proper assertion of the attorney-client privilege requires that the objecting party produce a privilege log.

> (A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) *describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a*

Haddad Law Firm, PLC.

> *manner that, without revealing information itself privileged or*
> *protected, will enable other parties to assess the claim.*

FED. R. CIV. P. 26(b)(5) (emphasis added).

"'[I]nformation provided [in a privilege log] must be sufficient to enable the court to determine whether each element of the asserted privilege or protection is satisfied.'" *Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010) (citations omitted).

Courts require the following to be included in privilege logs:

1. A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.;

2. The date upon which the document was prepared;

3. The date of the document (if different from # 2);

4. The identity of the person(s) who prepared the document;

5. The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, "including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney;"

6. The purpose of preparing the document, including an evidentiary showing, based on competent evidence, "supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;" a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, "that the documents do not contain or incorporate non-privileged underlying facts;"

Haddad Law Firm, PLC.

7. The number of pages of the document;

8. The party's basis "for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and

9. Any other pertinent information necessary to establish the elements of each asserted privilege."

*Cooey*, 269 F.R.D. at 649 (citation omitted).

"The privilege log must be detailed enough to prove that the communications in question were in fact confidential communications relating to legal advice." *Id*. (citation omitted). "[M]erely conclusory statements may not be enough to satisfy this minimal standard." *Cooey*, 269 F.R.D. at 649. "A 'cryptic privilege log' does not satisfy this standard if 'review of the documents themselves fails to reveal whether they were produced or transmitted in the course of legal representation.'" *Id*. (citations omitted). "'[I]f the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of the legal requirements for application of the privilege, his claim will be rejected.'" *Id*. (citations omitted).

The sufficiency *vel non* of Defendant Berryman's privilege log need not detain the Court for very long because Defendant Berryman has simply chosen to assert privilege without providing anyone any privilege log whatsoever. "'[I]f the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of the legal requirements for application of the privilege, his claim will

- 12 -

be rejected.'" *Id.* (citations omitted).  *See also Glidden Co. v. Jandernoa*, 173 F.R.D. 459, 483 (W.D. Mich. 1997) ("The court has cautioned the parties on more than one occasion that their privilege logs must be complete, such that the court can judge the propriety of the assertion of privilege by reference to the privilege log.  ....  Where, as here, a privilege log does not provide enough information to support the privilege claim, the assertion of privilege may be rejected on that basis. ....  For this reason, the assertion of privilege with regard to the following documents listed on Exhibit A to docket # 203 is rejected ...."), *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 178 (S.D. Ohio 1993) ("The privilege log provided by defendant, however, fails to describe or in any way refer to any documents apparently numbered 75 through 81.  Defendant has therefore failed to carry its burden of establishing the attorney-client privilege or work product doctrine for documents 75 through 81, and must therefore produce them.")

Defendant Berryman's blanket assertion of the attorney-client privilege brings a carpenter's hammer to a job requiring surgical skills.  As the Court in *Wright v. Jeep Corp.*, 547 F. Supp. 871 (E.D. Mich. 1982) stated:

> The respondent also says that the material is confidential and should, therefore, be protected. There is really no evidence in this case that any of the material is confidential and the court need not consider whether confidential material should be protected. In any event, a claim of confidential material is insufficient to support a blanket exemption.

*Id.* at 875.

Haddad Law Firm, PLC.

Similarly, the remedy of quashing a subpoena based upon a blanket assertion of privilege unsupported by a privilege log is simply not a remedy available at law. "It should go without saying that the court should never be required to undertake in camera review unless the parties have first properly asserted privilege/protection, then provided sufficient factual information to justify the privilege/protection claimed for each document, and, finally, met and conferred in a good faith effort to resolve any disputes without court intervention." *In re Haynes*, 577 B.R. 711, 738 (Bankr. E.D. Tenn. 2017).

> Thus, insuring that a privilege or protection claim is properly asserted in the first instance and maintained thereafter involves a several step process. *First, pursuant to Fed. R. Civ. P. 26(b)(5), the party asserting privilege/protection must do so with particularity for each document, or category of documents, for which privilege/protection is claimed. At this first stage, it is sufficient to meet the initial burden by a properly prepared privilege log. If, after this has been done, the requesting party challenges the sufficiency of the assertion of privilege/protection, the asserting party may no longer rest on the privilege log, but bears the burden of establishing an evidentiary basis – by affidavit, deposition transcript, or other evidence – for each element of each privilege/protection claimed for each document or category of document. A failure to do so warrants a ruling that the documents must be produced because of the failure of the asserting party to meet its burden.* If it makes this showing, and the requesting party still contests the assertion of privilege/protection, then the dispute is ready to submit to the court, which, after looking at the evidentiary support offered by the asserting party, can either rule on the merits of the claim or order that the disputed documents be produced for in camera inspection.

*In re Haynes*, 577 B.R. at 740 (all emphasis added). *See also U.S. v. Zolin*, 491 U.S. 554, 572 (1989) ("Before engaging an in camera review to determine the

Haddad Law Firm, PLC.

applicability of the crime-fraud exception, 'the judge should require a showing of a factual basis adequate to support a good faith belief by a reasonable person,' ... that in camera review of the materials may reveal evidence to establish the claim that [a privilege] applies.")

Defendant Berryman should not be permitted to shirk the heavy-lifting off onto the Court without first filing a detailed privilege log which comports with the detailed requirements set forth in *Cooey*, *supra*.  Accordingly, Defendant Berryman's Motion to Quash the Document Production Subpoena Directed to Ameritrust Group must be denied.

### III.  THE COURT SHOULD DENY DEFENDANT BERRYMAN'S REQUEST TO QUASH PLAINTIFF'S SUBPOENA AND TO ISSUE A PROTECTIVE ORDER WHERE THE DOCUMENTS REQUESTED IN PLAINTIFF'S NOVEMBER 6, 2018, SUBPOENA TO THE CITY OF ADRIAN'S INSURER, AMERITRUST GROUP, ARE NOT PROTECTED BY THE ATTORNEY WORK PRODUCT PRIVILEGE.

"The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process."  *In re Professionals Direct Ins. Co*., 578 F.3d 432, 438 (6th Cir. 2009).  The doctrine is governed by FED. R. CIV. P. 26(b)(3), which "protects (1) 'documents and tangible things'; (2) 'prepared in anticipation of litigation or for trial'; (3) 'by or for another party or its representative.'"  *Id*.  "To determine whether a document has been

Haddad Law Firm, PLC.

prepared 'in anticipation of litigation,' and is thus protected work product, we ask

two questions: (1) whether that document was prepared 'because of' a party's

subjective anticipation of litigation, as contrasted with ordinary business purpose;

and (2) whether that subjective anticipation was objectively reasonable." *In re*

*Professionals Direct Ins. Co*., 578 F.3d at 438.  "[T]he burden is on the party

claiming protection to show that anticipated litigation was the 'driving force

behind the preparation of each requested document.'"  *In re Professionals Direct*

*Ins. Co*., 578 F.3d at 438.

Defendant Berryman again posits a barebones, blanket assertion of privilege

without first providing a sufficiently detailed privilege log.  Thus, for all of the

aforementioned reasons, Defendant Berryman's Motion to Quash the Document

Production Subpoena Directed to Ameritrust Group must be denied.

## IV. THE COURT SHOULD DENY DEFENDANT BERRYMAN'S REQUEST TO QUASH PLAINTIFF'S SUBPOENA AND TO ISSUE A PROTECTIVE ORDER WHERE THE DOCUMENTS REQUESTED IN PLAINTIFF'S NOVEMBER 6, 2018, SUBPOENA TO THE CITY OF ADRIAN'S INSURER, AMERITRUST GROUP, ARE RELEVANT AND PROPORTIONAL TO THE NEEDS OF THE CASE.

"The general scope of discovery is defined by FED. R. CIV. P. 26(b)(1) ...."

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978).

> "Parties may obtain discovery regarding any matter, not privileged,
> which is relevant to the subject matter involved in the pending action,

Haddad Law Firm, PLC.

whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

*Id*. at 350-51 (quoting FED. R. CIV. P. 26(b)(1)).

The Court should and interpret "relevant" broadly "'to mean matter that is relevant to anything that is or may become an issue in the litigation.'" *Id*. at 363 n.12 (citation omitted). *See also Med. Ctr. at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013) ("Relevance for discovery purposes is extremely broad.") "[T]he deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). *Accord Schlagenhauf v. Holder,* 379 U.S. 104, 114–15 (1964), *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, "[t]he Federal Rules of Civil Procedure (F.R.C.P.) authorize *'extremely broad'* ... discovery." *U.S. v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976) (emphasis added, quoting C. Wright, LAW OF FEDERAL COURTS § 81 at 355 (2d ed. 1970)). "Unless the requested documents are either irrelevant or privileged, F.R.C.P. 26(b)(1), [a requesting party] [i]s entitled to their production." *Id*.

Defendant Berryman offers the following 95-word, half-page argument:

Here, Plaintiff cannot receive the document production he seeks because *it is not relevant to his claim and is not proportional to the*

- 17 -

*needs of the case*.  In Plaintiff's Complaint he is alleging a violation of the first amendment, procedural and substantive due process violation, equal protection violation, conspiracy to violation civil rights, abuse of process, civil conspiracy, and a claim for intentional infliction of emotional distress.

Insurance documents maintained by a carrier, administrator or claim agent are ***undeniably relevant to the case at bar and definitely not proportional to any of Plaintiff's discovery needs***.[2]

Defendant's Brief, pp. 5-6 (emphasis added).

How Defendant Berryman reached these broad sweeping conclusions without any citation to legal authority or other meaningful analysis can, once again, only leave the Court to guess as to the *ratio decidendi* that causes Defendant Berryman to deduce these highly self-serving conclusions.  Clearly, a claims file pertaining to this matter is highly relevant as it most likely contains evidence of Defendant Berryman's conduct, the City of Adrian's position regarding Defendant Berryman's conduct, whether Ameritrust Group treated Plaintiff's claim seriously by setting aside sufficient reserves to cover a potential damages award, etc.

Perhaps most importantly, however, the City of Adrian refused to pay for Defendant Berryman's attorney in the state court matter, forcing Defendant Berryman to use his own personal resources to secure legal counsel.  This implies that (a) the City of Adrian refused to submit Defendant Berryman's request for indemnification to the Ameritrust Group, or (b) the Ameritrust Group refused to

Haddad Law Firm, PLC.

---

[2] Defendant Berryman presumably meant to say that insurance documents maintained by a carrier, administrator or claim agent are undeniably ***ir***relevant to the case at bar.

provide such coverage.  Both of these implications are at odds with the Ameritrust Group's present indemnification of Defendant Berryman.  This fact alone makes the Ameritrust Group's claims file regarding both the state matter and this matter "relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ...."  Fed. R. Civ. P. 26(b)(1).

Insurance documents maintained by Ameritrust Group are proportional to Plaintiff's discovery needs – whatever that even means – insofar as claims files are routinely produced in federal and state litigation throughout the country.  There simply is nothing "disproportional" about producing such business records.  Accordingly, Defendant Berryman's Motion to Quash the Document Production Subpoena Directed to Ameritrust Group must be denied.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order denying Defendant Berryman's Motion to Quash the Document Production Subpoena Directed to Ameritrust Group and awarding any other relief to which it may appear Plaintiff is entitled.

Respectfully submitted,

*/s/ Issa G. Haddad*

_____

HADDAD LAW FIRM, PLC

By:   Issa G. Haddad (P71699)
Attorney for Respondent
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
Dated: December 12, 2018   (248) 633-8500

Haddad Law Firm, PLC.

- 20 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

      Plaintiff,

v.

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

      Defendants.

Case No. 2:17-cv-12359

JUDGE BERNARD A. FRIEDMAN

MAGISTRATE DAVID R. GRAND

---

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

ROSATI, SCHULTZ, JOPPICH &
AMTSBUECHLER PC
By:  Holly S. Battersby (P72023)
     Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
By: John J. Gillooly (P41948)
     Anthony P. Monticciolo (P76013)
     Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

---

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that s/he served a copy of Plaintiff's Response to

Defendant Berryman's Motion to Quash the Document Production Subpoena

- 1 -

*(vertical text, left margin)* Haddad Law Firm, PLC.

Directed to Ameritrust Group, a Brief in Support, and this Proof of Service upon all parties of record, or their counsel if represented, by uploading said papers to the Case Management / Electronic Case Files system for electronic transmission to the Court and to all parties of record, or their counsel if represented on the date set forth below.

Dated: December 12, 2018                    */s/ Issa G. Haddad*
                                            Affiant

Haddad Law Firm, PLC.