# EXHIBIT F

Original - Court
1st copy - Judge/Assignment clerk (green)
2nd copy - Respondent (blue)
3rd copy - Petitioner (pink)
4th copy - Return (yellow)

Approved, SCAO

**HONORABLE**
**MARGARET M.S. NOE**

| STATE OF MICHIGAN 39TH JUDICIAL CIRCUIT LENAWEE COUNTY | PETITION FOR PERSONAL PROTECTION ORDER (NONDOMESTIC) | CASE NO. 17-44270 PH |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| Judicial Bldg., 425 N. Main St., Adrian, MI 49221 | 517-264-4597 |

**(A)**

| Petitioner's name | Age |
|---|---|
| JAMES M. BERRYMAN | 70 |

Address and telephone no. where court can reach petitioner

v

| Respondent's name, address, and telephone no. | Age |
|---|---|
| WENDELL SHANE MACKEY | 51 |

1. The petitioner and respondent have never been husband and wife, resided in the same household together, had a child in common, or had a dating relationship with one another.

**(B)** 2. ☐ The respondent is required to carry a firearm in the course of his/her employment. ☑ Unknown.

**(C)** 3. a. There ☐ are ☑ are not other pending actions in this or any other court regarding the parties.

| Case number | Name of court, county, and state or province | Name of judge |
|---|---|---|
| | | |

b. There ☐ are ☑ are not orders/judgments entered by this or any other court regarding the parties.

| Case number | Name of court, county, and state or province | Name of judge |
|---|---|---|
| | | |

**(D)** 4. I need a personal protection order because: Explain what has happened (attach additional sheets).

SEE ATTACHED DOCUMENTS—
① CONVICTED OF BREAKING & ENTERING OF VINE STREET FLOWER SHOP 1400 W. MAUMEE ST. IN FEBRUARY 1986 — WAS FOUND GUILTY & SENTENCED TO STATE PRISON - 6 YEARS, 6 MONTHS, TO 10 YEARS.
② LETTER TO EDITOR IN THE DAILY TELEGRAM 5/20/17 — MADE ACCUSATIONS OF FRAUD, CORRUPTION & KICKBACKS, ETC.
③ SEE ATTACHMENTS —

**(E)** 5. I make this petition under the authority of MCL 600.2950a(1) and ask the court to grant a personal protection order prohibiting the respondent from

☑ a. stalking me as defined by MCL 750.411h and MCL 750.411i, which includes but is not limited to
   ☑ following me or appearing within my sight.
   ☑ appearing at my workplace or residence.
   ☑ approaching or confronting me in a public place or on private property.
   ☑ entering onto or remaining on property owned, leased, or occupied by me.
   ☑ sending mail or other communications to me.
   ☑ contacting me by telephone.
   ☑ placing an object on or delivering an object to property owned, leased, or occupied by me.
   ☐ threatening to kill or physically injure me.
   ☐ purchasing or possessing a firearm.
   ☐ other:

FILED
39TH CIRCUIT COURT
JUL - 6 2017
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

☑ b. posting a message through the use of any medium of communication, including the Internet or a computer or any electronic medium, pursuant to MCL 750.411s.

**(F)** ☑ 6. I request an ex parte order because immediate and irreparable injury, loss, or damage will occur between now and a hearing or because notice itself will cause irreparable injury, loss, or damage before the order can be entered.

**(G)** ☐ 7. I have a next friend petitioning for me. I certify that the next friend is not disqualified by statute and is an adult.

**(H)** 7-6-17
Date

James M. Berryman
Petitioner's/Next friend's signature

CC 377 (4/14) **PETITION FOR PERSONAL PROTECTION ORDER (NONDOMESTIC)**     MCL 600.2950a, MCR 3.703

| | Petition for Personal Protection Order (Nondomestic) |
|---|---|
| **PROOF OF SERVICE** | Case No. 17- 44270 PH |

**TO PROCESS SERVER:** You must serve the copies of the petition for personal protection order and file proof of service with the court clerk. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is **not** a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served a copy of the petition for personal protection order by:
☐ personal service   ☐ registered mail, delivery restricted to the respondent (return receipt attached)
on:

| Respondent name | Complete address of service | Day, date, time |
|---|---|---|
| | | |

☐ I have personally attempted to serve a copy of the petition for personal protection order on the following respondent and have been unable to complete service.

| Respondent name | Complete address of service |
|---|---|
| | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled  Fee $ | | Signature |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled  Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
　　　　　　　　　　　　　　　　　　　　Date

My commission expires: _____ Signature: _____
　　　　　　　　　　　　　　Date　　　　　　　　　　　　Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received a copy of the petition for personal protection order on _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Day, date, time

_____
Signature of respondent



MCR 2.105(A)

**Please list dates and locations of specific incidents, and describe what happened:**

④. WHILE ATTENDING A CITY COMMISSION MEETING (JUNE 19, 2017) I ASKED HIM IF HE WAS THE SAME WENDELL SHANE MACKEY THAT BROKE INTO MY STORE IN 1986? HE RESPONDED; YES! THEN WENT INTO A RANT; THAT IT WAS BECAUSE OF ME—THAT HE WENT TO PRISON. MADE AN ACCUSATION THAT JUDGE GLASER, JR. & I WENT INTO A BACK ROOM & CONSPIRED TO SEND HIM TO PRISON. HE CONTINUED TO RANT THAT I WAS AT FAULT FOR HIS INCARCERATION—SUCH THAT I FILED A POLICE REPORT WITH ADRIAN CHIEF VINCE EMRICK (REPORT# IR #170008268)

⑤ CONTINUES TO POSTS FALSE ACCUSATIONS ON SOCIAL MEDIA. NOT ONLY AGAINST ME BUT, FALSE STATEMENTS OF PRIVATE CITIZENS THAT ARE FRIENDS OF MINE — USING THEIR PICTURES & COPIES OF THEIR SIGNATURES WITHOUT THEIR PERMISSION.

⑥ LATEST EMAIL SENT TO CITY ATTORNEY SARAH OSBORNE & COPIED TO ALL CITY COMMISSIONERS — SEE ATTACHED  (7-5-17)

⑦ WENDELL SHANE MACKEY'S USE OF SOCIAL MEDIA & EMAILS & PUBLIC ENCOUNTERS ARE ESCALATING IN FREQUENCY & HOSTILE TONE.

⑧ WEDELL SHANE MACKEY CLEARLY BLAMES ME FOR HIS INCARCERATION IN 1986 & CARRIES THOSE MISGUIDED FEELING TO THIS DATE.

APPROVED BY THE
MICHIGAN SUPREME
COURT ADMINISTRATOR

COMBINATION CRIMINAL SET—Felony (Complaint)                          Order by Form No. DC-200A (9 part form)

| | |
|---|---|
| **STATE OF MICHIGAN** | CT I: BREAKING & ENTERING-A BUILDING WITH INTENT Fel(10) |
| THE DISTRICT COURT—JUDICIAL DISTRICT NO. | CT II: LARCENY IN A BUILDING Fel(4) |
| County of **LENAWEE** | **COMPLAINT** CASE NO. 86-05 |

| | |
|---|---|
| THE PEOPLE OF THE STATE OF MICHIGAN | Date of Offense January 20, 1986 |
| vs. | |
| **WENDELL SHANE MACKEY** | Location City of Adrian |
| | |
| | Complainant Jim Berryman |
| | Complaining |
| DOB:                    Defendant(s) | Witness |

WITNESSES (*Preliminary Exam)

FILED
39th CIRCUIT COURT

FEB 26 1986

Lou Ann Bluntschly
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

Attorney Name And Number

86-3102 FH

Z-2

STATE OF MICHIGAN

County of Lenawee

    The above-named COMPLAINING WITNESS being duly sworn before the undersigned Judge, Magistrate, or Clerk of the District Court, upon the date indicated below, says that heretofore on the DATE OF OFFENSE listed above, at the LOCATION listed above in the said County, State of Michigan, the above-named Defendant(s),

T I:  did break and enter a certain building, structure, private apartment, or unoccupied dwelling house, to-wit:  Vine Street Flower Shop, located at 1400 W. Maumee Street, Adrian, MI with the intent to commit the crime of larceny therein; contrary to MCL 750.110; MSA 28.305.   (750.110-A)

T II: did commit the crime of larceny in a certain building, to-wit:  Vine Street Flower Shop, situated at 1400 W. Maumee Street, Adrian, MI, by stealing property more fully described as:  approximately $20.00 - $25.00 in U.S. Currency and numerous miscellaneous items, which belonged to Vine Street Flower Ship; contrary to MCL 750.360; MSA 28.592.   (750.360)

RECEIVED
MAR 27 1987
COURT OF APPEALS
LANSING

APD

Warrant #86313
Authorized February 11, 1986
CT I-PROPOSAL B OFFENSE

30174

WARRANT AUTHORIZED BY

Assistant Prosecuting Attorney

202

contrary to the form of the statute in such case made and provided, etc.

    WHEREFORE, the said Complainant prays that the said Defendant(s) may be apprehended and held to answer this Complaint and further dealt with in relation to the same, as law and justice may require.
Dated 2-12-86

Subscribed and Sworn to on this day by

James M. Berryman

Complaining Witness

No.                                  Before the above-named District Judge/Deputy Clerk/Magistrate

COMPLAINT — ORIGINAL

FILED
39th CIRCUIT COURT

STATE OF MICHIGAN          FEB 28 1986

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

*Lou Ann Bluntschly*
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

THE PEOPLE OF THE
STATE OF MICHIGAN

JUDGMENT

-vs-

WENDELL SHANE MACKEY                    File No.   86-3102 FH
        Defendant

At a Session of said court, held at the Court-
house in the City of Adrian, in said County,
on the ___28th___ day of ___FEBRUARY___, 19 _86_

PRESENT:  HONORABLE ___KENNETH B. GLASER, JR.___, CIRCUIT JUDGE

The respondent having been arraigned, entered a plea of guilty.

Upon further examination of the respondent by the court, the court,

DOES HEREBY accept such plea of guilty to the charge con-
tained in the Information, AS TO Ct. I - Breaking & Entering A Building With Intent charge.

KENNETH B. GLASER, JR.          Circuit Judge

Or Court
1st y Defendant
2nd copy - Jail
3rd copy - Arresting agency

| STATE OF MICHIGAN | JUDGMENT | CASE NO. |
|---|---|---|
| 39th JUDICIAL CIRCUIT | OF SENTENCE XX COMMITMENT TO JAIL | 86-3102 FH |

Court address: 425 N. Main Street, Adrian, MI 49221          Court telephone no. (517) 263-8831

THE PEOPLE OF    XX The State of Michigan
☐ _____

v

Defendant name and address
**Wendall Shane Mackey**

SI _____ | DOB _____

1. At a session on **May 29, 1986**, Judge **Kenneth B. Glaser, Jr.**, P **14036** presiding:

2. THE COURT FINDS that defendant was found guilty on **2/28/86** of the crime(s) as stated below.

| Count | Plea* | Court | Jury | CRIME | CCH | MCL Specify section and sub section |
|---|---|---|---|---|---|---|
| | G | | | Ct. I – Breaking & Entering A Building With Intent | | MCL 750.110 |
| | | | | | | |
| | | | | | | |

*Plea: insert "G" for guilty plea; use "NC" for nolo contendere

3. Defendant XX was represented by an attorney: **David Goldstein**
☐ was advised of the right to counsel and/or appointed counsel and knowingly, intelligently and voluntarily waived that right.

4. IT IS ORDERED that defendant:

☐ Spend _____ days in jail, against which credit is given for _____ days previously served.

Actual time still to be served is _____ days.
☐ Defendant shall be released on day parole for the purpose checked during the times specified:
☐ seeking work   ☐ working at regular employment   ☐ attendance at educational institution
☐ medical treatment   ☐ other:
Times:

☐ Pay a fine of $ _____ and costs of $ _____, for a total of $ _____ .

☐ Be confined to jail for willful failure to pay a fine (in addition to any other jail term imposed) until fine and costs are paid, but not to exceed _____ days.

☐ Return to this court to pay the above fine and costs on or before _____

☐ Be placed on probation for _____ months and abide by the terms of the probation order.

XX Other: 6 years, 6 months, to 10 years at Michigan State Prison of Southern Michigan.
Credit from 2/10/86. Term is to run concurrent with #86-3100 and #86-3101.

_____ 1986   (SEAL)
Date
JUDGMENT OF SENTENCE/COMMITMENT TO JAIL

Judge KENNETH B. GLASER, JR   5-29-86
Form No. CC 219a   MCLA 774.22; MSA 28.1213
Approved, State Court Administrator 4/84

Original - Court
1st copy - Corrections

2nd copy - Corrections (for return)
3rd copy - Arresting agency

| STATE OF MICHIGAN DISTRICT COURT 39th CIRCUIT COURT | JUDGMENT OF SENTENCE Commitment To Corrections Department | CASE NO. |
|---|---|---|
| | | District Ct. Circuit Ct.   86-3102 FH |

THE PEOPLE OF THE STATE OF MICHIGAN    v    **WENDELL SHANE MACKEY**
Defendant

*FILED*
*39th CIRCUIT COURT*
*MAY 30 1986*

*Lou Ann Bluntschly*
*LENAWEE COUNTY CLERK*
*ADRIAN, MICH.*

Defendent information:

| | SID | DOB | Alias(es) |
|---|---|---|---|
| | | | |

Nathan T. Fairchild        P13272              David Goldstein    P14130
Prosecuting attorney name        Bar No.        Defendant attorney name        Bar No.

1. Date of session: _____ May 29, 1986 _____    Circuit Court Judge: Kenneth B. Glaser, Jr.    P14036
Bar No.

2. THE COURT FINDS that the defendant, represented by counsel, was found guilty on    2/28/86
of the crime(s) as stated below.        Date

| crime | CONVICTED BY | | | CRIME | CCH | MCL |
|---|---|---|---|---|---|---|
| | Plea* | Court | Jury | | | Specify section and sub section |
| A | G | | | Ct. I - Breaking & Entering With Intent | | 750.110; MSA 28.305 (750.110-A) |
| B | | | | | | |
| C | | | | | | |

*Plea: insert "G" for guilty plea; use "NC" for nolo contendre

IT IS ORDERED:

3. Defendant is sentenced to the custody of the Michigan Department of Corrections as stated below. This sentence shall be immediately executed.

| crime | SENTENCE DATE | MINIMUM Yrs. | Mos. | Days | MAXIMUM Yrs. | Mos. | DATE SENTENCE BEGINS | JAIL CREDIT Mos. | Days | OTHER INFORMATION |
|---|---|---|---|---|---|---|---|---|---|---|
| A | 5/29/86 | 6 | 6 | | 10 | | 5/29/86 | | | Credit from 2/10/86 |
| B | | | | | | | | | | |
| C | | | | | | | | | | |

Court recommendation:

State Prison of Southern Michigan, Jackson, Michigan

Term to run concurrent with File #86-3100 and #86-3101 FH.

*Kenneth B. Glaser* 5-30-86
Circuit Court Judge    KENNETH B. GLASER, JR.

I certify that this is a correct and complete abstract from the original court records. The sheriff shall, without needless delay, deliver defendant to the Michigan Department of Corrections at a place designated by it.

*Kathy Lynn Dull*

(SEAL)        Deputy Court Clerk

Revised 2/84
Form No. MC 219a (4 part)

414

JUDGEMENT OF SENTENCE, COMMITMENT TO CORRECTIONS DEPARTMENT

S T A T E   O F   M I C H I G A N

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

PEOPLE OF THE STATE OF MICHIGAN

vs.                                    *3100 ℑ H*

WENDELL SHANE MACKEY,

                    Defendants.

Case Nos:  86-3100
           86-3101
           86-3102
           86-3103

_____/

ARRAIGNMENT

BEFORE HONORABLE KENNETH B. GLASER, JR.

Adrian, Michigan — February 28, 1986

APPEARANCES:


    FRANK C. RILEY, ESQ.

Appearing on behalf of the People


    DAVID I. GOLDSTEIN, ESQ.

Appearing on behalf of the Defendant



Michelle M. Garrity, RPR, CSR-2728
Court Reporter

THE DEFENDANT: Yes, Your Honor.

THE COURT: The Count II, says that at that date and time, you did actually steal something after you got inside, namely, one RCA 19" color television set, one Fisher VCR, three Funai VCR's and $400.00 in US Currency, which belonged to Lenawee Video. That is called larceny in a building; that is a felony, has a maximum possible sentence of four eyars in prison. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. On File Number 3102, there are two further felony charges. The first of these alleges that on January 20, 1986, in the City of Adrian, Lenawee County, Michigan, you broke and entered Vine Street Flower Shop located at 1400 West Maumee Street, Adrian, Michigan, with the intent to commit the crime of larceny there. That is a felony called breaking and entering a building with intent to commit larceny, has a maximum possible sentence of ten years in prison. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The second charge in that file is that date and time, you did steal something after you got inside, namely, approximately 20 to 25 doaars in U.S. Currency and numberous miscellaneous items which belonged to Vine Street Flower Shop. That is another larceny in a building; that is a felony, has a maximum possible sentence of four years in prison. Do you understand

- 6 -

**From:** E-Edition noreply@newsmemory.com
**Subject:** The Daily Telegram E-Edition Article
**Date:** Today at 12:36 PM
**To:** Jim Berryman berryman2012@gmail.com

berryman2012@gmail.com sent you this article.

## Comment:

The Daily Telegram
05/20/2017 - Page A08

To the editor, Jim Berryman's most recent backroom deal smacks of fraud, corruption and kickbacks, yet not a single city commissioner has the courage to stand up and oppose the transaction much less question it.

For decades, Adrian College has sat across from a parcel of property fronting U.S. 223, yet the college never expressed an interest in the property. Then, on or about April 27, 2017, certain Adrian College officials, who remain unidentified, suddenly became so interested in the property, for no apparent reason, that they secured an option to purchase the property from the city for a whopping $1. Coincidently, merely a few days later, an Adrian College alumnus, who also remains unidentified, miraculously appeared with a small group of nationwide hotel developers who want to purchase the property.

Are current city commissioners so naïve that they believe it is mere coincidence that Jim Berryman aided his alma mater Adrian College in securing control over this property mere days before nationwide hotel developers magically appeared to purchase it? Do city commissioners naïvely believe Adrian College received nothing of value in return for allowing its option to purchase the property to be assigned to these developers? More importantly, do city commissioners naïvely believe that Jim Berryman received nothing of value in return for aiding Adrian College in securing control over the property and for ensuring that the city approved the assignment of the option to purchase to the developers?

No amount of "coincidence" can explain the suspicious timing of this transaction, and the timing alone bears the indicia of insider tra ding in the context of real estate development. This is espe! cially true where Jim Berryman has a history of brokering questionable transactions for his alma



135 E. Maumee St. • Adrian, Michigan 49221

(517) 264-4884 • Fax (517) 266-4693

Office Of The Mayor

*"respect for the individual voice, service for the common good"*

mater Adrian College (e.g., his attempt to circumvent the limit on no-bid contracts to sell the Adrian Armory to Adrian College, his $56,500 no-bid contract to the husband of the executive assistant to the president of Adrian College, etc).

In short, Jim Berryman and the usual suspects saw the deal coming, so they secured the exclusive rights to the property so they could profit at taxpayer expense. This is why Jim Berryman snuck around and worked out the details of the transaction behind everyone's back, and this is why he and his sycophantic "yes men" on the city commission must go during this November's election.

SHANE MACKEY, Candidate for Adrian City Commission 2017

< object type="text/html" id="frame_articleAds_middle" onload="onLoadframe(this)" data="http://thedailytelegram.mi.newsmemory.com/eeLayout/thedailytelegram/1.0.a/optionspage/template/splash3.html?md5hybrid=b9d199b7c3a471ba001aade810cc6fa0" style="border:0px;;height:266px;width:316px;">



City of Adrian

Office Of The Mayor

135 E. Maumee St. • Adrian, Michigan 49221
(517) 264-4884 • Fax (517) 266-4693

*"respect for the individual voice, service for the common good"*

 *THIS POSTING WAS SENT TO ME —*

From: **Jim Berryman** berryman2012@gmail.com
Subject: **Post**
Date: Today at 9:44 AM
To: Jim Berryman berryman2012@gmail.com



---

 

### I Need Your Help 'Pedes (self.The_Donald)
submitted 4 days ago * by ExposingAdrian

I've lurked on here every day for about a year. During that time, some of you posted that 'pedes should run for local office, so I did just that, and now, I'm on the ballot for our local city commission. I am by no means a politician, and I've never before done anything like this. As a proud person, I'm not one to easily ask for help, but I need your help with this one.

I live in a small community that has been held hostage by a corrupt, career-dem politician for several years now. My goal is not so much to win myself but to make sure he is unseated. Having fired off a few shots myself during the Great Meme War, I started a blog called ExposingAdrian.com and started shitposting on a Twitter account @Exposing_Adrian all anonymously of course (although they suspect it is me).

I know very few people in the area, and it appears that social media is going to play a part in this election. Thus far, @Exposing_Adrian has an unimpressive 9 followers. I saw the support others on here gave to based "Tammy with the 20 followers" and would humbly and greatly appreciate any support that you are willing to show me as well.

No, I'm not a "caterpillar" nor am I a social media whore. If I knew more people in the area, I wouldn't even ask this of you. But I'm trying to make this shithole town great again, and I need your help to do it. MAGA.

**Anon Candidate for City Commission 2017**

twitter.com/Exposing_Adrian

Sent from my iPad

From: **Jim Berryman** JBerryman2@adrianmi.gov
Subject: Fwd: Presiding Officer of City Commission Debating from the Chair
Date: Today at 1:58 PM
To: Jim Berryman berryman2012@gmail.com



Jim Berryman
Mayor
City of Adrian

Begin forwarded message:   (7-5-17)
                            7-5-17

From: "Shane Mackey" <shanemackey@gmail.com>
To: "Sarah Osburn" <SOsburn@adrianmi.gov>
Cc: "Allen Heldt" <AHeldt@adrianmi.gov>, "Andrew Munson"
<atmunson@gmail.com>, "Jeffrey Rising" <JRising@adrianmi.gov>, "Jim
Berryman" <JBerryman2@adrianmi.gov>, "John Dudas" <jdudas@adrianmi.gov>,
"Lad Strayer" <LStrayer@adrianmi.gov>, "Thomas Faulhaber"
<TFaulhaber@adrianmi.gov>
**Subject: Presiding Officer of City Commission Debating from the Chair**

Dear Ms. Osburn:

After watching the City Commission function under a form of parliamentary
procedure that largely appears foreign to me, and especially after being
personally attacked during the public comment segment at the City Commission
meeting on Monday, June 19, 2017, I decided to review Robert's Rules of Order
Newly Revised to ascertain whether my concept of parliamentary procedure is
askew. In response to a question that I posed during the City Commission
meeting on Monday, July 3, 2017, Mr. Jim Berryman claimed that the City
Commission adheres to Robert's Rules of Order. I then read two sections of
Robert's Rules of Order Newly Revised that Mr. Berryman habitually violates and
which seriously undermines the integrity of the impartiality requirement imposed
upon the Presiding Officer. Not surprisingly, Mr. Berryman dismissed my concern
out of hand while making an oblique reference to Section 4.5 of the City Charter

and claiming that the city attorney had approved of the current procedure. I was somewhat taken aback when Mr. Berryman made reference to the city attorney insofar as this is an issue of parliamentary procedure, not an issue of law, and I was unaware that you served as the de facto parliamentarian for the City Commission. However, since Mr. Berryman represented that the procedure followed by the City Commission has obtained the imprimatur of the city's legal department, I am writing to express grave concern regarding Mr. Berryman's serious deviations from the proper functions of the Presiding Officer.

One of the fundamental precepts codified in Robert's Rules of Order Newly Revised is that the Presiding Officer (or Chair of a committee) remain impartial on questions placed before the assembly. The reason for this impartiality requirement is that the Presiding Officer has special functionary authority over the assembly, so when he takes a partisan position on questions before it, he improperly lends the credibility and authority of the chair to his own partisan positions. This policy is borne out in several provisions of Robert's Rules of Order Newly Revised (a copy of which I have attached for your convenience with pertinent sections highlighted).

For example, under the heading "Pattern of Formality" in Section 3, Robert's Rules of Order Newly Revised provides: "Customs of formality that are followed by the presiding officer and members under parliamentary procedure serve to maintain the chair's necessary position of impartiality and help to preserve an objective and impersonal approach, especially when serious divisions of opinion arise." RONR (11th ed.), p. 22, ll. 25-31 (emphasis added). See analogously, RONR (11th ed.), p. 467, ll. 8-12 ("A member of an assembly who acts as its parliamentarian has the same duty as the presiding officer to maintain a position of impartiality ....") (emphasis added); RONR (11th ed.), p. 453, ll. 18-25 ("The practice in some organizations of permitting the chairman of a committee to preside over the assembly or put questions to vote during the presentation and consideration of the committee's report violates numerous principles of parliamentary law relating to the chair's appearance of impartiality and the inappropriateness of his entering into debate, not to speak of the regular presiding officer's duty to preside (see pp. 448–49).") (emphasis added). A

conflict arises, however, because "[a] member's debate is expected and intended to be partial."  RONR (11th ed.), p. 393, ll. 8-10.  Consequently, special rules apply when a Presiding Officer (or Chair of a committee) acting under an obligation of impartiality seeks to engage in partisan debate.  Specifically, the so-called "Rule Against the Chair's Participation in Debate" provides: "If the presiding officer is a member of the society [i.e., City Commission], he has – as an individual – the same rights in debate as any other member; but the impartiality required of the chair in an assembly precludes his exercising these rights while he is presiding. Normally, especially in a large body, he should have nothing to say on the merits of pending questions."  RONR (11th ed.), p. 394, ll. 25-21 (emphasis added).  In order to remedy this conflict, "[t]o participate in debate, he [the Presiding Officer] must relinquish the chair ...."  RONR (11th ed.), p. 394-95, ll. 1-2.  "The presiding officer who relinquished the chair then should not return to it until the pending main question has been disposed of, since he has shown himself to be a partisan as far as that particular matter is concerned."  RONR (11th ed.), p. 395, ll. 15-21 (emphasis added).  "Indeed, unless a presiding officer is extremely sparing in leaving the chair to take part in debate, he may destroy members' confidence in the impartiality of his approach to the task of presiding."  Id. (emphasis added).

Mr. Berryman claims that Section 4.5 of the City Charter allows him to disregard all of the foregoing mandates.  However, Section 4.5 of the City Charter only provides, as pertinent here, that the mayor "shall have a voice and vote in all proceedings of the commission equal with that of other members of the commission, but shall have no veto power."  City Charter, §4.5(a).  In light of the language "but shall have no veto power," the intent underlying Section 4.5 was not to wholly repeal by implication the Robert's Rules of Order Newly Revised but, rather, to clarify that the mayor has no greater power than any other member of the City Commission when it comes to debate and voting.  More importantly, I am not claiming that the mayor does not have a "voice and vote" in commission proceedings equal with that of other members of the Commission. Rather, it is the manner in which Mr. Berryman exercises his voice and vote – by using the Chair from which to advocate is own personal partisan positions and essentially turning commission proceedings into "The Jim Berryman Show." This approach is at odds with fundamental parliamentary procedure and violates the several tenets

set forth in Robert's Rules of Order Newly Revised, especially when juxtaposed with the 11 duties of a Presiding Officer that are expressly enumerated in Robert's Rules of Order Newly Revised.  See, RONR (11th ed.), pp. 449-450, ll. 15-25.

I would also note that Mr. Berryman wholly ignored my second point: absent a specially adopted rule (which the Commission has none), the general rule is that "no member can speak more than twice to the same question on the same day ...." RONR (11th ed.), p. 389, ll. 1-8.  Because this rule was wholly ignored during the Commission proceedings on Monday, June 19, 2017, the City Commission proceeding rambled on for hours with Mr. Berryman engaging in what was essentially a filibuster against the Commission postponing its vote on the Commission's recommendation regarding the proposed biergarten.

Here is the danger in refusing to adhere to the rules.  During the City Commission meeting on Monday, June 19, 2017, David Munson, a candidate for City Commission and a close friend of Mr. Berryman, stood up among the members of the public and interjected, "Point of Order," despite the fact that he is not a member of the City Commission.  Neither Mr. Berryman nor any of the City Commissioners censured, chastised, or even corrected Mr. Munson's conduct.  Accordingly, based upon this precedent, please be advised that I will henceforth be participating in City Commission meetings in the same manner as Mr. Munson, feeling free to stand up and interject points of order whenever Mr. Berryman or the Commission sees fit to ignore the Robert's Rules of Order Newly Revised (which is essentially every 5 minutes or so).  To deprive me of this right that was extended to Mr. Munson would be to deprive me of equal protection of the laws under the "class of one" legal concept.  This is the danger in refusing to adhere to the rules.

Accordingly, I am writing to kindly request that you change your position regarding the Presiding Officer's ability to engage in debate from the chair.  Mr. Berryman certainly has the same "voice and vote" as other members of the Commission, after he relinquishes the chair to preserve the integrity of its impartiality.  This should present no problem since Mr. Berryman should relinquish the chair "extremely sparing" lest he "destroy members' confidence in

the impartiality of his approach to the task of presiding." RONR (11th ed.), p. 395, ll. 15-21. I look forward to receiving your reply. Thank you.

Shane Mackey

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF LENAWEE

JAMES M BERRYMAN

Plaintiff

**HONORABLE
MARGARET M.S. NOE**

vs.

WENDELL SHANE MACKEY

File No. 17-44270  PH

Defendant

FILED
39TH CIRCUIT COURT
JUL - 6 2017
LENAWEE COUNTY CLERK
ADRIAN, MICHIGAN

To be filed with every Petition for Personal Protection Order

**Notice to Plaintiff: You must check either (a) or (b) on this form and this form must
accompany form CC 377 in filing a petition for personal protection order.**

[   ] (a)    There is no other pending or resolved criminal action involving any of these
             parties or any civil action arising out of the same transaction or occurrence alleged
             in the complaint.

**OR**

[X] (b)    A criminal action involving any of these parties or a civil action between these
             parties or other parties arising out of the same transaction or occurrence alleged
             in the complaint has been previously filed in the [ CIRCUIT  Court], where it
             was given docket number 86-3162 FH and was assigned to Judge GLASER, JR.
             The action [remains]/[is no longer] pending.