UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

    Plaintiff,

v.

JAMES MICHAEL BERRYMAN,
Mayor of the City of Adrian, Michigan;
MARGARET M.S. NOE,
Judge of the Lenawee County Circuit Court,

    Defendants.

Case No: 17-12359
Judge Bernard A. Friedman
Magistrate David R. Grand

| | |
|---|---|
| Issa G. Haddad (P71699)<br>HADDAD LAW FIRM, PLC<br>Counsel for Plaintiff<br>30600 Telegraph Road, Suite 4280<br>Bingham Farms, MI  48025<br>248.633.8500<br>issa@haddlaw.com | John J. Gillooly (P41948)<br>Anthony Monticciolo (P76013)<br>GARAN LUCOW MILLER, P.C.<br>Attorneys for James M. Berryman<br>1155 Brewery Park Blvd., Ste 200<br>Detroit, MI   48207<br>313.446.5501<br>jgillooly@garanlucow.com<br>amonticciolo@garanlucow.com |
| Laura Amtsbuechler (P36972)<br>Holly S. Battersby (P72023)<br>ROSATI, SCHULTZ JOPPICH<br>& AMTSBUECHLER, P.C.<br>Attorneys for Margaret M.S. Noe<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI  48331<br>248.489.4100<br>lamtsbuechler@rsjalaw.com<br>hbattersby@rsjalaw.com | |

[1]

**DEFENDANT, JAMES BERRYMAN'S, REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO QUASH THE SUBPOENA DIRECTED TO AMERITRUST GROUP**

**NOW COMES** Defendant, **James Berryman**, by and though his Counsel, **Garan Lucow Miller, P.C.**, and for his **Reply to Plaintiff's Response to his Motion to Quash Subpoena Directed to AmeriTrust Group**, hereby states as follows,

I.  **PLAINTIFF HAS FAILED TO ESTABLISH A SHOWING THAT THE FACTS CONTAINED IN THE DOCUMENTS SOUGHT ARE ESSENTIAL TO PLAINTIFFS' CASE—I.E., THAT PLAINTIFF HAS A SUBSTANTIAL NEED FOR THE DOCUMENTS SOUGHT THAT WOULD PERMIT THIS COURT TO ORDER THE PROTECTED INFORMATION PRODUCED.**

A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26. See, e.g., *Martin v. Oakland Cty.*, No. 2:06-CV-12602, 2008 WL 4647863, at *1 (E.D. Mich. Oct. 21, 2008). Under Rule 26, parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action "more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But the scope of discovery is not unlimited.

Rule 26(b)(1) requires a "**threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence**" <u>in order to avoid the "proverbial fishing expedition, in hope that there might be something of relevance</u>." *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D.Mich.2012) (emphasis added).

Here, Plaintiff's argument in opposition to the present motion is that "Clearly, a claims file pertaining to this matter is highly relevant as it most likely contains evidence of Defendant Berryman's conduct, the City of Adrian's position regarding Defendant Berryman's conduct, …" This broad sweeping allegation clearly indicates that Plaintiff has no idea what is contained in the claim file and that it is a "proverbial fishing expedition, in hope that there might be something of relevance." Which is exactly the type of discovery conduct the court in *Tompkins* was referring to. Plaintiff has not demonstrated to this court whatsoever why the document production is essential to his case or how the document production is proportional to his needs in this case.

Strangely enough, when addressing the proportional requirement, Plaintiff responded with stating "<u>**Whatever that even means**</u>" when

attempting to demonstrate to this court how his discovery request is proportional to his needs.

Plaintiff's strange response why the document production is proportional to his discovery needs provides this court with a sufficient basis to quash the subject subpoena. Here, Plaintiff argues that:

> **Insurance documents maintained by Ameritrust Group are proportional to Plaintiff's discovery needs – <u>WHATEVER THAT EVEN MEANS</u> – insofar as claims files are routinely produced in federal and state litigation throughout the country. There simply is nothing "disproportional" about producing such business records. Accordingly, Defendant Berryman's Motion to Quash the Document Production Subpoena Directed to Ameritrust Group must be denied. (emphasis added)**

Clearly Plaintiff has not articulated to this court how the AmeriTrust Group files are proportional to his needs in this case. Just because documents are routine business records does not make said document proportional to a third-party in litigation. It should be abundantly clear that Plaintiff is just arguing anything he thinks will stick.

## II. THE FAILURE OF NON-PARTY, AMERITRUST GROUP'S, TO SERVE OBJECTIONS IS NOT REQUIRED FOR THIS COURT QUASH THE SUBPOENA.

Plaintiff argues that Defendant did not object to the subject subpoena timely enough. This argument is incorrect. Under Rule

45(d)(2)(B), Objections are for the non-party commanded to produce and must serve objections within 14 days. Defendant timely and appropriately filed the subject Motion to Quash under 45(d)(3).

### III. THE DOCUMENT PRODUCTION SOUGHT IS UNDENIABLY SUBJECT TO THE ATTORNEY WORK-PRODUCT DOCTRINE.

Federal law determines whether a work product privilege applies. *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 966 (3d Cir.1988) ("Unlike the attorney client privilege, the work product privilege is governed, even in diversity cases, by a uniform federal standard embodied in Fed.R.Civ.P. 26(b)(3)). The work product privilege protects "the mental impressions, conclusions, opinions or legal theories of an attorney or other representative of a party concerning the litigation." *Id* . (quoting Fed.R.Civ.P. 26(b)(3)). "[F]ederal courts have consistently ruled that the work product doctrine is not inapplicable merely because the material was prepared by or for a party's insurer or agents of the insurer." *Id*. An insurer's attorney "may invoke work product protection in favor of documents prepared by it in anticipation of litigation even though the insurer is not a named party in an action." *Id*.

Federal courts are split on the issue of whether a third-party's claim file is protected work product and have applied one of three tests. Some

courts have held that documents "not [ ] requested by nor prepared for an attorney nor which otherwise reflects the employment of an attorney's legal expertise must be conclusively presumed to have been made in the ordinary course of business and thus not within the purview of the" work-product doctrine. *Thomas Organ Co. v. Jadranska Slobodna Plovidba*, 54 F.R.D. 367, 372 (N.D. Ill. 1972). Other courts have applied a fact-specific inquiry and looked at whether the party claiming privilege has shown through objective, detailed evidence that the documents were prepared in anticipation of litigation. *Weber*, 2003 WL 161340, at *6; see also *Klee v. Whirlpool Corp*, 251 F.R.D. 507, 512-14 (S.D. Cal. 2006) (applying a face-specific approach to determine whether a report and opinion written by an expert retained by the defendants' third-party claims administrator was protected work product).

Lastly, a third subset of courts has concluded that "files generated during the investigation of third party claims are made in anticipation of litigation and are not discoverable." *Taylor v. Temple & Cutler*, 192 F.R.D. 552, 558 (E.D. Mich. 1999) (quoting *Weitzman v. Blazing Pedals*, 151 F.R.D. 125, 126 (D. Colo. 1993)) (internal quotations omitted). These courts have reasoned that the relationship between an insurer and a third-party claimant is inherently adversarial; "it [is] apparent who the plaintiff

w[ill] likely be, and what the claims w[ill] likely concern." *Fontaine v. Sunflower Beef Carrier. Inc.*, 87 F.R.D. 89, 93 (E.D. Mo. 1980); see also *Weitzman v. Blazing Pedals*, 151 F.R.D. 125, 126-27 (D. Colo. 1993) (**holding that third-party claim files are protected by the work-product doctrine "[b]ecause of the adversarial nature of the relationship between an insurer and a third party claimant"**)(emphasis added). As a consequence, **these courts have reasoned that third-party claim files are protected by the work-product doctrine, unless the party seeking the file can show substantial need.** Here, it is undeniable that the AmeriTrust Documents contains attorney work-product and the doctrine applies.

**WHEREFORE**, Defendant James M. Berryman, respectfully requests that this Honorable Court grant its Motion to Quash the Subpoena served upon AmeriTrust Group.

Respectfully submitted by,
GARAN, LUCOW, MILLER, P.C.

/s/ Anthony Monticciolo
JOHN J. GILLOOLY (P41948)
ANTHONY P. MONTICCIOLO (P76013)
Attorney for James Michael Berryman
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com

Dated: December 19, 2018

[7]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**Issa Hadda**  – issa@haddlaw.com
**Holly Battersby** – hbattersby@rsjalaw.com

and I hereby certify that on December 19, 2018, I mailed by United States Postal Service the foregoing document to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:  **NA**

/s/ Anthony Monticciolo
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5514
amonticciolo@garanlucow.com
P76013

[8]