UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

      Plaintiff,

                               Case No. 2:17-cv-12359

v.

                               JUDGE BERNARD A. FRIEDMAN

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;    MAGISTRATE DAVID R. GRAND
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

      Defendants.

_____

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

ROSATI, SCHULTZ, JOPPICH &
AMTSBUECHLER PC
By:  Holly S. Battersby (P72023)
     Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
By: John J. Gillooly (P41948)
     Anthony P. Monticciolo (P76013)
     Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT**
**MARGARET NOE'S MOTION FOR SUMMARY JUDGMENT**

Haddad Law Firm, PLC

NOW COMES Plaintiff, Wendell Shane Mackey, by and through counsel, Issa Haddad, pursuant to FED. R. CIV. P. 56 and LR 7.1, and respectfully requests that the Court deny Defendant Margaret Noe's Motion for Summary Judgment for all of the reasons more fully set forth in Plaintiff's brief in support which is hereby incorporated by reference.

Plaintiff refused to concur in Defendant Noe request for concurrence because Defendant refused to articulate the basis for her request for concurrence with sufficient specificity or otherwise articulate the legal basis for the request sufficient to allow Plaintiff to ascertain the merits of her request for concurrence. Plaintiff has previously requested that Defendant Noe articulate the factual and legal bases underlying her requests for concurrence, but she has refused to do so and opted instead to request relief in broad, generalized terms.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant Noe's Motion for Summary Judgment, impose sanctions against Defendant Noe and/or her attorney for filing this frivolous motion, award Plaintiff

all costs any attorney fees incurred in defending this motion, and award any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Issa G. Haddad

_____

HADDAD LAW FIRM, PLC
By:  Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025-4550
(248) 633-8500
Dated: January 10, 2019          issa@haddlaw.com

Haddad Law Firm, PLC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

      Plaintiff,

v.

    Case No. 2:17-cv-12359

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

    JUDGE BERNARD A. FRIEDMAN

    MAGISTRATE DAVID R. GRAND

      Defendants.

---

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

ROSATI, SCHULTZ, JOPPICH &
AMTSBUECHLER PC
By:  Holly S. Battersby (P72023)
    Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
By: John J. Gillooly (P41948)
    Anthony P. Monticciolo (P76013)
    Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

---

**PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT
MARGARET NOE'S MOTION FOR SUMMARY JUDGMENT**

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

**I.   WHETHER PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF IS IMMUNE FROM DEFENDANT NOE'S CLAIM OF ABSOLUTE JUDICIAL IMMUNITY DURING?**

Plaintiff Answers: Yes.

Defendants Answer: No.

**II.  WHETHER DEFENDANT NOE'S RETIREMENT FAILS TO MOOT PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF?**

Plaintiff Answers: Yes.

Defendants Answer: No.

**III. WHETHER PLAINTIFF'S CLAIMS REMAIN VIABLE NOTWITHSTANDING THE *ROOKER-FELDMAN* AND *YOUNGER* ABSTENTION DOCTRINES?**

Plaintiff Answers: Yes.

Defendants Answer: No.

**IV.  WHETHER THE COURT IS PRECLUDED FROM DETERMINING WHETHER DEFENDANT NOE'S *EX PARTE* PPO WAS "PROPERLY GRANTED" UNDER MICHIGAN STATUTE.**

Plaintiff Answers: Yes.

Defendants Answer: No.

Haddad Law Firm, PLC.

## CONCISE STATEMENT OF ISSUES PRESENTED

**V.    WHETHER PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANT NOE, WHO IS NO LONGER A JUDGE, REMAIN VIABLE DESPITE ABSOLUTE JUDICIAL IMMUNITY?**

Plaintiff Answers: Yes.

Defendants Answer: No.

**Haddad Law Firm, PLC.**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**<u>Cases</u>**                                                                 **<u>Page(s)</u>**

*Alexander v. Rosen*,
   804 F.3d 1203 (6th Cir. 2015) ............................................................... 16

*Alexander v. United States*,
   509 U.S. 544 (1993) ............................................................................... 15

*Ankenbrandt v. Richards*,
   504 U.S. 689 (1992) ............................................................................... 18

*Baird v. State B. of Ariz.*,
   401 U.S. 1 (1971) ................................................................................... 10

*Berkshire v. Klimowicz*,
   2014 WL 1032048 (E.D. Mich. Mar. 17, 2014) ................................................. 4

*Berry v. Schmitt*,
   688 F.3d 290 (6th Cir. 2012) ........................................................... 16, 17

*Calderon v. Moore*,
   518 U.S. 149 (1996) ............................................................................... 10

*Carroll v. City of Mt. Clemens*,
   945 F. Supp. 1071 (E.D. Mich. 1996),
   *aff'd in part, remanded in part*,
   139 F.3d 1072 (6th Cir. 1998) ............................................................... 23

*Catz v. Chalker*,
   142 F.3d 279 (6th Cir.1998) ................................................................. 16

*Devlin v. Kalm*,
   594 F.3d 893 (6th Cir. 2010) ............................................................... 21

*Doe v. U. of Kentucky*,
   860 F.3d 365 (6th Cir. 2017) ........................................................... 18, 19

Haddad Law Firm, PLC.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**<u>Cases</u>**                                                                                              **<u>Page(s)</u>**

*Elsman v. Stand. Fed. Bank*,
   46 Fed. Appx. 792 (6th Cir. 2002) ...................................................... 17

*Evans v. Cordray*,
   424 Fed. Appx. 537 (6th Cir. 2011) .................................................. 16

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*,
   544 U.S. 280 (2005) ........................................................... 11, 14, 15

*Fam. Tr. Found. of Kentucky, Inc v. Wolnitzek*,
   345 F. Supp. 2d 672 (E.D. Ky. 2004) .................................................. 4

*Gray v. City of Santa Fe, N. M.*,
   89 F.2d 406 (10th Cir. 1937) ............................................................ 6

*Hanas v. Inner City Christian Outreach, Inc.*,
   542 F. Supp. 2d 683 (E.D. Mich. 2008) ............................................. 5

*Hawaii Hous. Auth. v. Midkiff*,
   467 U.S. 229 (1984) ................................................................. 19, 20

*Hill v. Snyder*,
   878 F.3d 193 (6th Cir. 2017) ...................................................... 19, 20

*Hood v. Keller*,
   341 F.3d 593 (6th Cir.2003) .......................................................... 17

*In re Isaacs*,
   895 F.3d 904 (6th Cir. 2018) .......................................................... 16

*In re Loy*,
   557 B.R. 569 (Bankr. N.D. Ohio 2016) ........................................... 11

*In re Sun Valley Foods Co.*,
   801 F.2d 186 (6th Cir. 1986 .......................................................... 17

Haddad Law Firm, PLC.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**                                                                                  **Page(s)**

*Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*,
   161 Fed. Appx. 487 (6th Cir. 2005) ................................................................. 17

*Knox v. Serv. Employees Intern. Union, Loc. 1000*,
   567 U.S. 298 (2012) ........................................................................................... 8

*Lance v. Dennis*,
   546 U.S. 459 (2006) ..................................................................................... 10, 11

*LaPine v. Savoie*,
   2014 WL 5460825 (W.D. Mich. Oct. 27, 2014) .................................................. 5

*McPherson v. Mich. High Sch. Athletic Ass'n*,
   119 F.3d 453 (6th Cir.1997) ............................................................................. 10

*Michigan Bell Tel. Co. v. MFS Intelenet of Michigan, Inc.*,
   16 F. Supp. 2d 817 (W.D. Mich. 1998) ............................................................. 22

*Middlesex County Ethics Comm. v. Garden State B. Ass'n*,
   457 U.S. 423 (1982 ..................................................................................... 19, 22

*Mosley v. Hairston*,
   920 F.2d 409 (6th Cir. 1990) .............................................................................. 8

*Murphy v. Hunt*,
   455 U.S. 478 (1982) ............................................................................................ 8

*Nebraska Press Ass'n v. Stuart*,
   427 U.S. 539 (1976) .......................................................................................... 15

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
   491 U.S. 350 (1989) ..................................................................................... 17, 21

*Org for a Better Austin v. Keefe*,
   402 U.S. 415 (1971) .......................................................................................... 15

Haddad Law Firm, PLC.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Cases**                                                                    **Page(s)**

*People v. Booker*,
   527 N.W.2d 42 (Mich. App. 1994) ....................................................... 7

*People v. Sardy*,
   549 N.W.2d 23 (Mich. App. 1996) ....................................................... 7

*Skinner v. Switzer*,
   562 U.S. 521 (2011) ....................................................................... 11

*Smith v. Leis*,
   407 Fed. Appx. 918 (6th Cir. 2011) .................................................... 4

*Sprint Commun., Inc. v. Jacobs*,
   571 U.S. 69 (2013) ........................................................................ 18

*Spruytte v. Owens*,
   475 N.W.2d 382 (Mich. App. 1991) .................................................... 24

*Super Tire Engr. Co. v. McCorkle*,
   416 U.S. 115 (1974) ........................................................................ 8

*Tesmer v. Granholm*,
   114 F. Supp. 2d 603 (E.D. Mich. 2000) ............................................... 5

*Thomas v. Haslam*,
   303 F. Supp. 3d 585 (M.D. Tenn. 2018) ............................................. 16

*Traughber v. Beauchane*,
   760 F.2d 673 (6th Cir. 1985) ........................................................... 21

*Ward v. City of Norwalk*,
   640 Fed. Appx. 462 (6th Cir. 2016) .................................................... 4

*Zalman v. Armstrong*,
   802 F.2d 199 (6th Cir. 1986) ........................................................... 23

Haddad Law Firm, PLC.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Statutes**                                                        **Page(s)**

42 U.S.C. §1983 ................................................................. 1, 3

Mich. Comp. Laws Ann. § 691.140 ........................................ 24


**Other Authorities**

MICH. CONST. of 1963, art. 6, § 19 ........................................ 7

MICH. CONST. of 1963, art. 6, § 23 ........................................ 7

S. 1887 ................................................................................ 1, 3

SEN. REP. NO. 104-366 (1996) ............................................ 2, 3


**Rules**

FED. R. CIV. P. 8 ................................................................ 6

Haddad Law Firm, PLC.

Haddad Law Firm, PLC.

## STATEMENT OF FACTS

The Court has demonstrated a working understanding of the fact of the case, which Plaintiff will not belabor for the sake of brevity.  To the extent the Court requires further factual support or clarification, Plaintiff offers his attached affidavit.  **Ex. A**.

## ARGUMENTS

### I.   JUDICIAL IMMUNITY DOES NOT BAR PLAINTIFF'S CLAIM FOR DECLARATORY RELIEF.

On June 19, 1995, Senator Charles Grassley introduced the Federal Courts Improvement Act of 1996 as S. 1887.  **Ex. B**.  This bill, as introduced, did not seek to amend 42 U.S.C. §1983 or the general state of judicial immunity at that time.[1] *Id*.  The Senate bill was referred to the Senate Judiciary Committee the same day that it was introduced.

On July 30, 1996, the bill reemerged from the Senate Judiciary Committee with amendments, one of which sought to amend the language of 42 U.S.C. §1983 to include language affecting absolute judicial immunity.  Specifically, the Senate Judiciary Committee amended S. 1887 to add Section 311, which provided as follows:

---

[1]  S. 1887 did contain a provision immunizing judicial officers of the United States from civil liability when possessing or using a firearm, for the purpose of self-defense.  This provision is not pertinent to the present analysis before the Court.

SEC. 311. PROHIBITION AGAINST AWARDS OF COSTS, INCLUDING ATTORNEY'S FEES, AND INJUNCTIVE RELIEF AGAINST A JUDICIAL OFFICER.

*     *     *

(c) CIVIL ACTION FOR DEPRIVATION OF RIGHTS. – Section 1979 of the Revised Statutes (42 U.S.C. 1983) is amended by inserting before the period at the end of the first sentence: "**, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*"**.

SEN. REP. NO. 104-366 (1996) (all emphasis added.)  **Ex. C**

Slightly over a month later, on September 9, 1996, the Senate Judiciary Committee issued SEN. REP. NO. 104-366 (1996).  **Ex. C.**  This is the only congressional document that sheds light on the legislative intent of the Senate Judiciary Committee's addition of the language set forth in Section 311.

> *Sec. 311. – Prohibition of awards of costs, including attorney's fees, and injunctive relief against judicial officers*

> *     *     *

> ***This section does not provide absolute immunity for judicial officers*.** Immunity is not granted for any conduct "clearly in excess" of a judge's jurisdiction, even if the act is taken in a judicial capacity. ***Moreover, litigants may still seek declaratory relief, and may obtain injunctive relief if a declaratory decree is violated or is otherwise unavailable.*** Section 311 restores the full scope of judicial immunity lost in *Pulliam* and will go far in eliminating frivolous and harassing lawsuits which threaten the independence and objective decision-making essential to the judicial process.

Haddad Law Firm, PLC.

Select excerpts from SEN. REP. NO. 104-366 (1996), pp. 36-37 (all emphasis added).

On October 3, 1996, the Senate passed S. 1887 with amendments, which the House agreed to the following day, October 4, 1996.  On October 19, 1996, President William Clinton signed the Federal Courts Improvement Act of 1996 into law.  After amendment, 42 U.S.C. §1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, **injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable***. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. §1983 (emphasis added).

The amendatory language of 42 U.S.C. §1983 is clear and unambiguous: "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  *Id*.  As noted in SEN. REP. NO. 104-366 (1996), the amendatory language "does not provide absolute immunity for judicial officers."  Rather, it simply places a hierarchy on the type of equitable relief available.  A Court should first determine whether declaratory relief is "available."

If declaratory relief is unavailable, a Court may grant injunctive relief. Conversely, if declaratory relief is available, a Court should not resort to injunctive relief without a declaratory decree being first entered and then violated. *Smith v. Leis*, 407 Fed. Appx. 918, 930 (6th Cir. 2011) (unpublished), *Fam. Tr. Found. of Kentucky, Inc v. Wolnitzek*, 345 F. Supp. 2d 672, 689–90 (E.D. Ky. 2004).

Under either scenario, a judge is not immune from nonmonetary declaratory relief (nor is he or she immune from nonmonetary injunctive relief where a declaratory decree has been violated or is otherwise unavailable). Consequently, this amendatory language has no impact whatsoever upon Plaintiff's request for nonmonetary declaratory relief, and to the extent that declaratory relief is unavailable, this amendatory language has no impact upon Plaintiff's request for nonmonetary injunctive relief.

The Sixth Circuit Court of Appeals has reached the same conclusion. For example, in *Ward v. City of Norwalk*, 640 Fed. Appx. 462 (6th Cir. 2016) (unpublished), a Sixth Circuit panel addressed the amendatory language of the Federal Court Improvement Act of 1996 and unequivocally concluded: "Section 1983 now implicitly recognizes that declaratory relief is available against judicial officers." *Id*. at 467. *See also Smith*, 407 Fed. Appx. at 930. Michigan's lower district courts are also in agreement on this issue. *See e.g. Berkshire v. Klimowicz*, 2014 WL 1032048, at *8 (E.D. Mich. Mar. 17, 2014) ("[A]bsolute judicial

Haddad Law Firm, PLC.

- 4 -

immunity does not necessarily bar claims for declaratory relief."), *LaPine v. Savoie*, 2014 WL 5460825, at \*11 n.4 (W.D. Mich. Oct. 27, 2014), *Hanas v. Inner City Christian Outreach, Inc*., 542 F. Supp. 2d 683, 695–96, (E.D. Mich. 2008), *Tesmer v. Granholm*, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000).  Even this Court, in *Berkshire v. Klimowicz*, 2014 WL 1032048, at \*8 n8 (E.D. Mich. March 17, 2014), acknowledged that "[w]hile Defendants are correct that this doctrine bars claims against Defendant Baerwalde for monetary or injunctive relief, *absolute judicial immunity does not necessarily bar claims for declaratory relief*." *Berkshire v. Klimowicz*, 2014 WL 1032048, at \*8 (E.D. Mich. Mar. 17, 2014) (David R. Grand, Magis. J.) (emphasis added).

Defendant Noe cites to the relief section in Plaintiff's Complaint, noting that it provides: "Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages . . ."  *See* Defendant Noe's Brief, p. 9.  Defendant Noe once again resorts to half-truths.  The relief section in Plaintiff's Complaint provides in full:

> WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment awarding Plaintiff monetary damages in an amount to be determined by a jury (including but not limited to compensatory, special, consequential, and exemplary damages), ***to enter a declaratory judgement declaring that Defendants' conduct violated Plaintiff's constitutional rights, to enter injunctive relief enjoining Defendants from engaging in any further violation of Plaintiff's constitutional rights***, and awarding Plaintiff and other relief to which it may appear he is entitled.

Haddad Law Firm, PLC.

Plaintiff's Complaint (Doc #1), p. 29 (all emphasis added).

All that is required to state a claim for relief is "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, *which may include relief in the alternative or different types of relief*." FED. R. CIV. P. 8.  Consequently, a Complaint may not be dismissed simply because its prayer for relief alleges the wrong measure of damage or demands relief to which a plaintiff is not entitled.  *Gray v. City of Santa Fe, N. M*., 89 F.2d 406, 410 (10th Cir. 1937) (footnotes omitted; collecting cases).  This is true "especially where there is a prayer for general relief," *id*., such as in the instant case.  Even if *arguendo* Defendant Noe's argument was meritorious, the proper remedy would not be to dismiss the matter but, rather, to provide Plaintiff an opportunity to amend his Complaint in order to specify that he is suing Defendant Noe solely for declaratory relief, and if such relief unavailable, then for injunctive relief.  Accordingly, Defendant Noe's motion for summary judgment should be denied.

## II.   DEFENDANT NOE'S RETIREMENT DOES NOT MOOT PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF.

Plaintiff argues that there is no reasonable expectation that Defendant Noe's wrongful conduct will recur "because she will no longer be on the bench."

Defendant Noe's Brief, p. 15.  This is incorrect.  First, Defendant Noe can always run for reelection, so the issue is capable of repetition yet evading review.  Second, the Michigan Constitution expressly provides that "[t]he [Michigan] supreme court may authorize persons who have been elected and served as judges to perform judicial duties for limited periods or specific assignments."  MICH. CONST. of 1963, art. 6, § 23.  This state constitutional provision allows retired judges to sit by assignment.  Indeed, in sheer irony, this state constitutional provision grants Defendant Noe *greater* rights to sit on the bench insofar as the 70-year-old age restriction imposed on state judges by virtue of MICH. CONST. of 1963, art. 6, § 19(3) does not apply to judges sitting by appointment by virtue of MICH. CONST. of 1963, art. 6, § 23.  *See e.g. People v. Sardy*, 549 N.W.2d 23, 27 (Mich. App. 1996) (acknowledging that state constitutional provision allowing appointment of judges, MICH. CONST. of 1963, art. 6, § 23, was amended "to broaden the use of visiting judges."), *People v. Booker*, 527 N.W.2d 42, 50 (Mich. App. 1994) (allowing assignment of 79-year-old retired judge to preside over murder prosecution notwithstanding MICH. CONST. of 1963, art. 6, § 19(3) which provides that "[n]o person shall be elected or appointed to a judicial office after reaching the age of 70 years.")  Thus, Defendant Noe's claim that she will "no longer be on the bench" is not entirely accurate.

In essence, Defendant Noe argues that she has voluntarily ceased the wrongful conduct that gave rise to this action.  "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox v. Serv. Employees Intern. Union, Loc. 1000*, 567 U.S. 298, 307 (2012).  A party's continued claim that their conduct was lawful (as Defendant Noe has done in the instance case) gives rise to an inference that they will not refrain from the same conduct in the future.  *Id*.  Moreover, "voluntary cessation of wrongful conduct does not automatically render a case moot .... [unless] the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'" *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990).  Stated alternatively, voluntary cessation of wrongful conduct does not render a case moot unless the defendant can also demonstrate that the wrongful conduct is not capable of repetition yet evading review.  *Super Tire Engr. Co. v. McCorkle*, 416 U.S. 115 (1974).  This exception to the mootness doctrine applies where "'(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.'" *Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982).

Haddad Law Firm, PLC.

- 8 -

Defendant Noe's present motion is proof that the challenged action was too short in duration to be fully litigated prior to its cessation or expiration. Defendant Noe can seek reelection or return to the bench by appointment. Plaintiff is currently contemplating another run for public office for the 2019 election cycle, and his views on Defendant Berryman, Defendant Noe, and local government corruption has only been confirmed by the actions giving rise to this matter. Thus, there is clearly a reasonable expectation that Plaintiff may be subjected to the same action again, especially if Defendants' conduct receives the imprimatur of this federal Court.

Throughout the 2017 election cycle, Defendant Berryman and his attorney politically capitalized on the Personal Protection order by repeatedly claiming in articles on the front page of the local newspaper that Plaintiff was "obsessed" with Defendant Berryman and that Defendant Berryman and his family were fearful of Plaintiff, thus implying to the public that Plaintiff posed a danger to Defendant Berryman and his family. **Ex. D**. Unless and until Plaintiff is able to clear his name in this matter, he is unable to reapply for the Bar for certainly their decision will not fare well for Plaintiff with these outlandish yet very serious claims lingering against Plaintiff. To this day, Plaintiff still encounters members of the community who perpetuate Defendant Berryman's allegation and characterize Plaintiff as "the crazy guy with the PPO." **Ex. A**. "The test for mootness is

Haddad Law Firm, PLC.

whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Mich. High Sch. Athletic Ass'n,* 119 F.3d 453, 458 (6th Cir.1997).  This Court can make a grave difference to Plaintiff's legal interests if it rules that Defendant Noe's actions were wrongful since such a ruling would work at least in part to purge the harm to Plaintiff's name as well as the harm to Plaintiff's constitutional right to practice law.  *See Baird v. State B. of Ariz.,* 401 U.S. 1, 8 (1971) ("The practice of law is not a matter of grace, but of right for one who is qualified by his learning and his moral character.")  The remedy afforded need not be "fully satisfactory" to avoid mootness, and even the availability of a "partial remedy" is "sufficient to prevent [a] case from being moot."  *Calderon v. Moore,* 518 U.S. 149, 150 (1996).  Accordingly, Defendant Noe's motion for summary judgment should be denied.

### III.  THE *ROOKER-FELDMAN* AND *YOUNGER* ABSTENTION DOCTRINES DO NOT APPLY TO THIS MATTER.

#### A.  *Rooker / Feldman* **Abstention Doctrine**

"[U]nder what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."  *Lance v. Dennis,* 546 U.S. 459, 463 (2006).  "A party seeking to invoke the *Rooker–Feldman* doctrine, as Defendant does here, must prove the following elements: (1) a state court "loser", (2) initiated an action in federal court, (3) complaining of an injury caused by the state court judgment; and

(4) asking the federal court to reject the state court judgment." *In re Loy*, 557 B.R. 569, 576 (Bankr. N.D. Ohio 2016). "Neither *Rooker* nor *Feldman* elaborated a rationale for a wide-reaching bar on the jurisdiction of lower federal courts, *and [Supreme Court] cases since Feldman have tended to emphasize the narrowness of the* Rooker–Feldman *rule*."[2] *Lance*, 546 U.S. at 463 (emphasis added). In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), the U.S. Supreme Court "warned that the lower courts have at times extended *Rooker– Feldman* 'far beyond the contours of the *Rooker* and *Feldman* cases ....'" *Lance*, 546 U.S. at 464 (quoting *Exxon Mobil Corp.*, 544 U.S. at 283). The doctrine "is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id*. In short, "the *Rooker–Feldman* doctrine is not a panacea to be applied whenever state court decisions and federal court decisions potentially or actually overlap." *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006).

There is a plethora of reasons why the *Rooker–Feldman* doctrine has no application to the present case. First, Plaintiff does not and cannot invite this Court to review and reject Defendant Noe's issuance of the PPO because her PPO no

---

[2]  The doctrine is so narrowly construed that the only cases in which the U.S. Supreme Court has applied it was in the *Rooker* and *Feldman* cases themselves. *Lance*, 546 U.S. at 463. See also *Skinner v. Switzer*, 562 U.S. 521, 531–33 (2011) ("[T]he *Rooker–Feldman* doctrine has been applied by this Court only twice, *i.e.,* only in the two cases from which the doctrine takes its name ....")

Haddad Law Firm, PLC.

longer exists.  On October 10, 2017, after a three-day evidentiary hearing,

Washtenaw County Circuit Court Judge Patrick Conlin, Jr. substantially altered the

PPO that Defendant Noe had issued.

To be sure, because of Plaintiff's political blogging protected by the First

amendment, Defendant Noe enjoined Plaintiff from "posting a message through

the use of any medium of communication, including the Internet or a computer or

any electronic medium, pursuant to MCL 750.411s." **Ex. E**.  Judge Conlin,

however, allowed Plaintiff posting messages through the use of communication

media, including the Internet or a computer or other electronic medium.  **Ex. F**.

This distinction is crucial because social media in general and

ExposingAdrian.com in particular were crucial aspects of Plaintiff's election

strategy – a stagey that Defendant Noe silenced for Defendant Berryman who is

Defendant Noe's good friend and was then incumbent Mayor.

Similarly, throughout the state court proceedings, Judge Conlin repeatedly

indicated that Plaintiff's political speech was expression protected by the First

amendment.

> MR. HADDAD: The letter to the editor on May 20th is pure political
> speech, which is criticism of the mayor and how he operated.

> THE COURT: Correct. And so candidly, I would not -- I'm not considering
> -- I mean, for what it's worth, *I'm not considering anything in that letter to
> the editor as rising to the level that would warrant a personal protection
> order.*

MR. HADDAD: Thank you, your Honor.

**Ex. G**, p. 27 (emphasis added).

MR. HADDAD: Your Honor, there was approximately a dozen posts online on exposingadrian.com, which was all political in nature, criticizing the commission as a whole, and a few -- a few of them criticizing the mayor. We believe those are all political speech, and I was going to question him about those.

THE COURT: So to the extent that you're going to question him about -- I'm just going to open my mouth a little bit more.  I guess what I'm getting at is that, you know, I'm not really -- So as I've told you, I'm not that keyed to what you are identifying as political speech.  Mr. Smith has not directly asked his client whether any of those particular posts crossed over between political speech and personal threat.  So to some extent, I don't know that you need to ask him too much about that.

I would ask both parties -- both lawyers if there are -- I mean, again, I've looked at them, but I haven't scrutinized them. If there's a particular post that you think might cross the line between political to personal, then I think we would focus on that. But otherwise, I don't think I need to hear much, because I kind of looked at them -- I mean, I ran for office too, *but I kind of looked at them as political in nature*, so ...

**Ex. G**, pp. 78-79 (emphasis added).

Judge Conlin further ruled that his modification to Defendant Noe's PPO "d[id] not restrict [Plaintiff's] ability to confront [Defendant Berryman] in the context of public speech and/or debate," **Ex. H**, p. 92, which Defendant Noe had prohibited in her PPO.  Judge Conlin further ruled that he was "not restricting [Plaintiff] from contacting [Defendant Berryman]by telephone," **Ex. H**, p. 93, expressive communication that Defendant Noe's PPO had also prohibited.  Thus, it

is impossible for Plaintiff to invite this Court to review and reject Defendant Noe's PPO because it no longer exists.

A review of Judge Conlin's ruling reveals that he went to some lengths to accommodate Plaintiff's ability to conduct his political campaign, which Defendant Noe's order had outright shut down for months during the peak of the 2017 local election cycle.  Unfortunately, Judge Conlin's ruling was not made until October 10, 2017, merely weeks before the general election, making the remedy he provided too little, too late inasmuch as Defendant Noe had silenced Plaintiff since July 7, 2017, and her Order remained in place for most of the 2017 local election cycle.

Second, Defendant Noe issued the offending PPO on July 7, 2018, and Plaintiff initiated the present suit two weeks later on July 21, 2018.  The narrow *Rooker–Feldman* doctrine does not apply where a named defendant in a state court action commences a parallel action in federal court as a protective matter, not in attempt to overturn any judgment entered by state court, while the state court action remains pending.  *Exxon Mobil Corp.*, 544 U.S. at 292.  *Rooker–Feldman* is not triggered even if judgment is rendered in the state court matter while the federal court matter remains pending.  *Id*.  The U.S. Supreme Court "has repeatedly held that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"

Haddad Law Firm, PLC.

*Exxon Mobil Corp*., 544 U.S. at 292 (citations omitted).  "[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court."  *Id.*

Although Defendant Noe technically entered her PPO prior to Plaintiff's initiation of the present action, this fact should not alter application of *Exxon Mobil Corp*.  Defendant Noe's PPO constituted a prior restraint of Plaintiff's First Amendment rights as a candidate for City Commissioner.  *Alexander v. United States*, 509 U.S. 544, 550 (1993) ("Temporary restraining orders and permanent injunctions – *i.e.,* court orders that actually forbid speech activities – are classic examples of prior restraints.")  "[P]rior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).  Thus, "[a]ny prior restraint on expression comes to this Court with a 'heavy presumption' against its constitutional validity."  *Org for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971).  Defendant Noe should not be able to avoid the application of *Exxon Mobil Corp*. merely because she violated Plaintiff's constitutional rights through the use of an *ex parte* order that bears a heavy presumption of unconstitutionality.

Haddad Law Firm, PLC.

Third, Plaintiff is not seeking relief from Defendant Noe's PPO but, rather, seeks to litigate his constitutional rights that were never addressed in the state court proceedings. *Evans v. Cordray*, 424 Fed. Appx. 537, 541 (6th Cir. 2011).

Fourth, whether or not the *Rooker-Feldman* doctrine applies may depend upon the nature of the relief requested by Plaintiff. *In re Isaacs*, 895 F.3d 904, 912 (6th Cir. 2018). Nowhere in Plaintiff's complaint does Plaintiff request this Court to set aside much less review Defendant Noe's PPO. *See e.g. Berry v. Schmitt*, 688 F.3d 290, 299–300 (6th Cir. 2012).

Fifth, this is a case about the constitutionally impermissible collateral impact that Defendant Noe's PPO had on Plaintiff's constitutional rights, not a challenge to the propriety of Defendant Noe's issuance of the PPO in the first instance. *Cf., Catz v. Chalker,* 142 F.3d 279, 294 (6th Cir.1998), *Thomas v. Haslam*, 303 F. Supp. 3d 585, 603–05 (M.D. Tenn. 2018).

Sixth, *Rooker-Feldman* does not apply here because Plaintiff's injury did not emerge from the state court *judgment* but, rather, from the conduct of Defendants who happened to participate in that decision. *Alexander v. Rosen*, 804 F.3d 1203, 1206–07 (6th Cir. 2015) (holding that *Rooker–Feldman* doctrine did not preclude federal court from considering father's claims against federal judge, state family court judge, and state administrative employees for conspiring against him and violating his civil rights in connection with state child support proceedings).

Seventh, the *Rooker–Feldman* doctrine does not apply to cases such as the instant case which assert claims for prospective relief such as declaratory relief. *Berry v. Schmitt*, 688 F.3d 290, 300 (6th Cir. 2012), *Hood v. Keller*, 341 F.3d 593 (6th Cir.2003).

Eighth, Plaintiff presents a challenge to constitutionally of the state statue which allowed Defendant Noe to enter her PPO.  "[T]here is an exception to *Rooker/Feldman* when a plaintiff makes a claim facially attacking the constitutionality of a statute ...."  *Elsman v. Stand. Fed. Bank*, 46 Fed. Appx. 792, 797 (6th Cir. 2002).

Lastly, even if *Rooker–Feldman* did apply, "[a] federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, or mistake....'"  *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986).  *See also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 490–91 (6th Cir. 2005).  This is precisely the crux of Plaintiff's allegations against Defendants in the instant litigation.

### B.    *Younger* Abstention Doctrine

"[T]here is no doctrine that the availability or even the pendency of state judicial proceedings excludes the federal courts," *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373 (1989), so "'the pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the

Federal court having jurisdiction.'" *Sprint Commun., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).  See also *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (holding that abstention "'is the exception, not the rule'" and "rarely should be invoked, because the federal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them.'")  "[O]nly exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *New Orleans Pub. Serv., Inc.*, 491 U.S. at 367–68 (1989).  Such exceptional circumstances have been confined to (2) state criminal prosecutions, (2) state civil enforcement proceedings that are "akin to criminal prosecutions," *Sprint Commun., Inc.*, 571 U.S. at 72, and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions. *Id*. at 73.  Although ignored by Defendant Noe, the threshold analytical issue is whether the state court proceeding satisfies one of these three so-called "*NOPSI* categories" to which the *Younger* abstention doctrine applies. *Sprint Commun., Inc.*, 571 U.S. at 81, *Doe v. U. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017).

One it is determined that the state court proceeding falls within one of the three narrowly-defined *NOPSI* categories, "[t]o abstain under *Younger*, '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206

Haddad Law Firm, PLC.

(6th Cir. 2017).  When "[a] federal court action ... has proceeded well beyond the 'embryonic stage,' ... considerations of economy, equity, and federalism counsel against *Younger* abstention at that point."  *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984).  Likewise, "[e]ven if abstention is warranted, however, a plaintiff still has the opportunity to show that an exception to *Younger* applies."  *Doe*, 860 F.3d at 371.  "These exceptions include bad faith, harassment, or flagrant unconstitutionality of the statute or rule at issue."  *Id*.  *See also Middlesex County Ethics Comm. v. Garden State B. Ass'n*, 457 U.S. 423, 435 (1982).

Again, there are several reasons why *Younger* abstention does not apply in the instant case.  First, the state court proceeding was a wholly private civil matter between two political candidates that involved no state party.  The state civil matter was neither a state criminal prosecution nor a state civil enforcement proceeding.  Thus, in order for *Younger* abstention to even apply, Defendant Berryman's civil proceeding must satisfy the third and last *NOPSI* category, *i.e*., an order that uniquely furthers the state courts' ability to perform their judicial functions, "such as contempt orders."  *Doe*, 860 F.3d at 369.  There is nothing about the PPO that uniquely furthers the state courts' ability to perform judicial functions.  Plaintiff did not violate the PPO, so no enforcement proceedings were ever held, and the PPO expired months ago and is no longer in existence.  The PPO obtained by one private party against another private party does nothing to

uniquely further the state courts' ability to perform their judicial functions, so *Younger* abstention does not apply, and the Court's analysis should stop here.

Second, even if *arguendo* the PPO at issue could be characterized as satisfying one of the three narrowly-defined *NOPSI* categories, when "[a] federal court action ... has proceeded well beyond the 'embryonic stage,' ... considerations of economy, equity, and federalism counsel against *Younger* abstention at that point." *Midkiff*, 467 U.S. at 238. This matter has pended for one and one-half years during which Defendant Noe participated in discovery and even obtained an injunctive order regarding discovery without ever once making mention of judicial economy, comity, federalism, or any concomitant abstention doctrine. *Cf. Midkiff*, 467 U.S. at 238 ("A federal court action in which a preliminary injunction is granted has proceeded well beyond the 'embryonic stage' ....") But for Defendants' obstruction of discovery, this matter would have either already been tried or be on the eve of trial. This matter has proceeded well beyond its embryonic stage, so policies regarding judicial economy, equity, and federalism now counsel against *Younger* abstention. *Cf. Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) ("Both this court and the district court have invested significant time and energy on this case. So too have the parties. .... To jump ship now would be to exhibit a callous disregard for the meaningful litigation that has already occurred in the federal court system.")

- 20 -

Third, Plaintiff challenges the constitutionality of state statues and rules which allowed Defendant Noe to violate Plaintiff's constitutional rights. Such a claim poses a challenge to state legislative action to which *Younger* abstention does not apply. *New Orleans Pub. Serv., Inc.*, 491 U.S. at 368.

Fourth, "*Younger* does not apply when ... 'the plaintiffs are not attempting to use the federal courts to shield them from state court enforcement efforts.'" *Devlin v. Kalm*, 594 F.3d 893, 895 (6th Cir. 2010). Plaintiff seeks to vindicate his constitutional rights in this matter and in no way seeks to enjoin the state proceedings or otherwise use this federal Court to shield him from state enforcement efforts, especially where the PPO terminated long ago, Defendant Berryman did not seek renewal of the PPO, and there is nothing left to enforce against Plaintiff. *Id*.

Fifth, Plaintiff's appeal in the state court does not implicate important state interests. It is between two private parties. The City of Adrian chose not to get involved and made Defendant Berryman retain his own private counsel to defend the PPO. **Ex. I**. If an important state interest was at stake, the City of Adrian would have chosen to represent its interests in Defendant Berryman's state court proceeding. *Younger* does not apply under such circumstances. *Traughber v. Beauchane*, 760 F.2d 673, 680 (6th Cir. 1985).

Defendant Noe's bald assertion that "there is no question that the determination of whether a PPO was properly granted is an important state interest," Defendant Noe's Brief, p. 19, provides no analysis as to why the State of Michigan has an important state interest in determining whether a PPO was properly granted. Moreover, according to this logic, the State of Michigan could be said to have an important state interest in determining whether *any* court order was properly granted. This, in turn, would result in *Younger* abstention applying to *every* state court action instead of merely the "exceptional circumstances" to which the doctrine is supposed to be restricted this effectively allowing the proverbial exception to swallow the rule.

Fifth, application of *Younger* abstention "is contingent upon the availability of an adequate state remedy." *Michigan Bell Tel. Co. v. MFS Intelenet of Michigan, Inc*., 16 F. Supp. 2d 817, 827 (W.D. Mich. 1998). The action initiated by Defendant Berryman does not allow the state court to award Plaintiff monetary damages for the violation of Plaintiff's constitutional rights. Thus, the state court fails to provide an adequate remedy for the violation of Plaintiff's constitutional rights. *Id*.

Sixth, *Younger* does not apply in cases where the Plaintiff alleges bad faith, harassment, or flagrant unconstitutionality of the statute or rule at issue. *Middlesex County Ethics Comm.*, 457 U.S. at 435. *See also Zalman v. Armstrong*, 802 F.2d

Haddad Law Firm, PLC.

199, 205 (6th Cir. 1986).  "Generally, the establishment of bad faith requires a showing that there is an absence of fair state judicial proceedings." *Carroll v. City of Mt. Clemens*, 945 F. Supp. 1071, 1075 (E.D. Mich. 1996), *aff'd in part, remanded in part*, 139 F.3d 1072 (6th Cir. 1998).  Contrary to Defendant Noe's mischaracterizations, this case is about election fraud, not whether the state court PPO should have been granted.  Plaintiff alleges that Defendant Noe issued a PPO to her friend Defendant Berryman against Plaintiff as a political rival in an effort to silence Plaintiff's criticism of local public officials and thus impede Plaintiff's ability to campaign during the 2017 local election.  Plaintiff has clearly alleged bad faith, harassment, and an absence of fair state judicial proceedings sufficient to preclude the application of *Younger* abstention.  Accordingly, Defendant Noe's motion for summary judgment should be denied.

### IV. THE COURT MAY NOT DETERMINE WHETHER DEFENDANT NOE'S *EX PARTE* PPO WAS "PROPERLY GRANTED" UNDER MICHIGAN STATUTE.

In a display of sheer irony, after arguing that the *Rooker-Feldman* and *Younger* abstention doctrines preclude this Court from passing upon the propriety of Defendant Noe's issuance of the PPO, Defendant Noe's very next argument invites this Court to review her issuance of the PPO under various state statutes and to determine that it was "properly granted."  The propriety of Defendant Noe's PPO has already been rejected by Judge Conlin's subsequent order modifying and

- 23 -

expanding Defendant Noe's PPO based upon different reasons than those relied upon by Defendant Noe.  The issue in this case is not whether Defendant Noe's PPO has "properly granted" under state law but, rather, whether Defendants deprived Plaintiff of his constitutional rights by silencing Plaintiff as a political candidate in the midst of the 2017 local political election.  Accordingly, Defendant Noe's motion for summary judgment should be denied.

### V.   PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANT NOE, WHO IS NO LONGER A JUDGE, REMAIN VIABLE DESPITE STATE IMMUNITY.

Under Michigan law, "[a] judge ... are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial ... authority."  Mich. Comp. Laws Ann. § 691.1407(5).  *See also Spruytte v. Owens*, 475 N.W.2d 382, 384 (Mich. App. 1991).  This present action is not one for "injuries to persons" or "damages to property."  Thus, pursuant to the canon of statutory construction *expressio unius est exclusio alterius*, the immunity of this state has no bearing on the present action.  Moreover, Plaintiff has brought three state law claims against Defendant Noe.  Because Defendants have obstructed discovery and waiting 18 months to claim governmental immunity, it remains undetermined whether Defendant Noe's alleged tortious conduct occurred on the bench while she was acting within the scope of her judicial authority or whether it occurred wholly outside of the courthouse over dinner when Defendant

Haddad Law Firm, PLC.

Noe was not acting within the scope of her judicial authority. Defendant Noe has

offered no affidavit establishing that she was in fact acting within the scope of her

judicial authority when she engaged in the alleged tortious activity. Accordingly,

Defendant Noe's motion for summary judgment should be denied.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court deny

Defendant Noe's Motion for Summary Judgment, impose sanctions against

Defendant Noe and/or her attorney for filing this frivolous motion, award Plaintiff

all costs any attorney fees incurred in defending this motion, and award any other

relief the Court deems appropriate.

Respectfully submitted,

*/s/ Issa G. Haddad*
_____
Issa G. Haddad (P71699)
Attorney for Plaintiff

Haddad Law Firm, PLC.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WENDELL SHANE MACKEY**,

      Plaintiff,

                                Case No. 2:17-cv-12359

v.

                                JUDGE BERNARD A. FRIEDMAN

**JAMES MICHAEL BERRYMAN**,
Mayor of the City of Adrian, Michigan;
**MARGARET M.S. NOE**, Judge of the
Lenawee County Circuit Court,

                                MAGISTRATE DAVID R. GRAND

      Defendants.

---

HADDAD LAW FIRM, PLC
By: Issa G. Haddad (P71699)
Attorney for Plaintiff
30600 Telegraph Road, Suite 3150
Bingham Farms, Michigan 48025
(248) 633-8500
issa@haddlaw.com

ROSATI, SCHULTZ, JOPPICH &
AMTSBUECHLER PC
By:  Holly S. Battersby (P72023)
     Laura S. Amtsbuechler (P36972)
Attorney Defendant Margaret Noe
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331
(248) 489-4100
hbattersby@rsjalaw.com

GARAN LUCOW MILLER, PC
By: John J. Gillooly (P41948)
     Anthony P. Monticciolo (P76013)
     Attorney for Defendant James Berryman
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207
(313) 446-5501
jgillooly@garanlucow.com

---

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that s/he served a copy of Plaintiff's Response to Defendant Margaret's Noe's Motion for Summary Judgment, a Brief in Support, and this Proof of Service upon all parties of record, or their counsel if represented, by uploading said papers to the Case Management / Electronic Case Files system for electronic transmission to the Court and to all parties of record, or their counsel if represented on the date set forth below.

Dated: January 11, 2019                    */s/ Issa G. Haddad*

                                           _____

                                           Affiant

Haddad Law Firm, PLC.