# EXHIBIT I

OSBURN, SARAH
10/24/2018                                                          Page 1

```
1                    UNITED STATES DISTRICT COURT

2                    EASTERN DISTRICT OF MICHIGAN

3                         SOUTHERN DIVISION

4   WENDELL SHANE MACKEY,

5           Plaintiff,

6

7   v                                  Case No. 2:17-cv-12359

8                                      HON. BERNARD A. FRIEDMAN

9   JAMES MICHAEL BERRYMAN,            MAG. DAVID R. GRAND

10  Mayor of the City of Adrian,

11  Michigan: MARGARET M.S. NOE,

12  Judge of the Lenawee County

13  Circuit Court,

14          Defendants.

15                            /

16      The Deposition of SARAH OSBURN,

17      Taken at 30600 Telegraph Road,

18      Bingham Farms, Michigan,

19      Commencing at 10:12 a.m.,

20      Wednesday, October 24, 2018

21      Before Diane H. Draugelis, CER-2530.

22

23

24

25
```

OSBURN, SARAH
10/24/2018                                                                    Page 45

```
 1   Q.   Are there any official duties from any of the

 2        commissioners relating to PPOs that you're aware of in

 3        the charter for the city of Adrian?

 4   A.   I'm not aware of any, no.

 5   Q.   Are there any other rules or regulations regarding the

 6        city of Adrian and commissioners obtaining PPOs as part

 7        of official duties?

 8   A.   Not that I'm aware of.

 9   Q.   Did the city consider Mr. Berryman's efforts to obtain

10        the PPO against Mr. Mackey Mr. Berryman's own personal

11        matter?

12                 MR. GILLOOLY:  Continuing objection.

13                 THE WITNESS:  I mean I can't speak for the

14        city.  I don't know how I would determine that.

15   BY MR. HADDAD:

16   Q.   Did Mr. Berryman come to you regarding advice on the

17        PPO?

18   A.   Trying to recall if I -- I don't -- I don't recall what

19        we talked about, if we talked about it.

20   Q.   Were you present when the defendant mayor, Defendant

21        Berryman had a conversation with Shane Horn regarding

22        Berryman not to get the PPO against Mackey?

23                 MR. GILLOOLY:  Objection; unintelligible.

24                 THE WITNESS:  I don't -- I don't recall such

25        a conversation.
```

```
 1                      MR. GILLOOLY:  He asked if you were there,

 2          ma'am.

 3                      THE WITNESS:  Oh.  I don't recall being

 4          present for a conversation.

 5     BY MR. HADDAD:

 6     Q.   Do you recall having any conversations with Mr.

 7          Berryman before or after getting the PPO regarding the

 8          PPO against Mr. Mackey?

 9     A.   I don't have specific recollections of it one way or

10          the other.

11     Q.   Do you recall if you made any memos or filed any memos

12          with the city clerk's office or requested Michelle

13          Dewey to file your memos regarding the PPO, Mr.

14          Berryman's PPO against Mr. Mackey?

15     A.   Are you asking if I gave any sort of legal opinion

16          about the PPO?

17     Q.   I'm asking if you filed any memorandum or anything?

18     A.   I don't believe I did for that, no.

19     Q.   And the next question is do you recall giving Mr.

20          Berryman any verbal or oral response regarding any

21          position regarding the PPO against Mr. Mackey?

22     A.   I don't recall.

23     Q.   Are you aware if the -- if Mr. Berryman obtaining a PPO

24          against Mr. Mackey was not one of his official duties,

25          then would you agree that section 4.14 of the city
```

OSBURN, SARAH
10/24/2018                                                                Page 47

```
 1        charter does not allow you as a city attorney to act as

 2        his attorney on that matter?

 3                    MS. BATTERSBY:  Sorry.  Object as to form.

 4                    THE WITNESS:  Yes.

 5                    MR. GILLOOLY:  I join.

 6                    THE WITNESS:  I agree that I could not

 7        represent him on that matter.

 8   BY MR. HADDAD:

 9   Q.   Now, does that refresh your memory if you gave him any

10        opinion one way or another on the PPO?

11                    MR. GILLOOLY:  I object.  I'm sorry, does

12        what refresh your opinion that 4.14 would not allow her

13        to do it?  You're reference is to the statute.  You

14        didn't reference any specific transcript to refresh her

15        recollection.

16                    MR. HADDAD:  What I asked her was that the

17        city charter did not allow her to represent him as his

18        attorney, does that refresh her memory then with giving

19        him any advice.

20   BY MR. HADDAD:

21   Q.   Now, my next question is -- we'll move on -- did you

22        ever tell Jim Berryman that you cannot give him advice

23        regarding the PPO because it's not part of your duties

24        as a city attorney?

25   A.   I don't recall that conversation.  I know that I would
```

OSBURN, SARAH
10/24/2018                                                                Page 86

```
 1                      CERTIFICATE OF NOTARY

 2     STATE OF MICHIGAN )

 3                       ) SS

 4     COUNTY OF WAYNE   )

 5

 6               I, DIANE H. DRAUGELIS, certify that this

 7         deposition was taken before me on the date

 8         hereinbefore set forth; that the foregoing

 9         questions and answers were recorded electronically

10         and transcribed by me; that this is a true, full,

11         and correct transcript of my recording so taken;

12         and that I am not related to, nor of counsel to,

13         either party nor interested in the event of this

14         cause.

15

16

17

18

19

20

21                              Diane H. Draugelis

22                              DIANE H. DRAUGELIS, CER-2530

23                              Notary Public,

24                              Wayne County, Michigan.

25         My Commission expires:  December 12, 2022
```