UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

               Plaintiff,

v.

JAMES BERRYMAN and
MARGARET NOE,

               Defendants.

_____/

Civil Action No. 17-12359
Honorable Bernard A. Friedman
Magistrate Judge David R. Grand

## ORDER ON MOTIONS – DOCKET NOS. 23, 24, 28, 34, 35, 36, 38

On November 29, 2018, this Court issued an Order Staying Compliance with Third-Party Subpoenas and Staying Discovery Pending Resolution of Motions. (Doc. #29).  In relevant part, that Order stayed the deadlines for compliance with certain third-party subpoenas served by Plaintiff Wendell Shane Mackey ("Mackey") on various non-parties, and stayed discovery in this case pending further order of the Court.

Now pending before the Court are seven discovery-related motions:  (1) Defendant Margaret Noe's ("Noe") Emergency Motion to Quash Subpoenas and for Protective Order (Doc. #23); (2) Noe's Emergency Motion for Stay of Discovery (Doc. #24); (3) Defendant James Berryman's ("Berryman") Motion to Quash Subpoena to AmeriTrust Group (Doc. #28); (4) Mackey's Motion for Complete Lift

of Stay of Discovery (Doc. #34); (5) Mackey's Motion to Quash Noe's Subpoena to

Lenawee County Prosecutor's Office (Doc. #35); (6) Mackey's Motion to Compel

Production of Documents from Lenawee County (Doc. #36); and (7) Mackey's

Motion to Compel as to Defendant Berryman  (Doc. #38).[1]  Oral argument was held

on all seven motions on January 25, 2019.[2]

For the reasons set forth in greater detail on the record:

(1) The Court **DENIES AS MOOT** Noe's Emergency Motion for Stay of

Discovery (**Doc. #24**) and Mackey's Motion for Complete Lift of Stay of Discovery

(**Doc. #34**).  As set forth below, the Court is lifting the stay of discovery presently

in place in this case, and the Honorable Bernard A. Friedman will establish new case

management deadlines.  Thus, the Court need not address in detail the merits of these

competing motions to stay or re-commence discovery, in whole or in part.

(2) The Court **DENIES AS MOOT** Mackey's Motion to Quash Noe's

Subpoena to Lenawee County Prosecutor's Office (**Doc. #35**), as counsel for Noe

indicated at oral argument that she will withdraw this third-party subpoena, given

that summary judgment has been granted in favor of Judge Noe (Doc. #59).

(3) The Court **DENIES** Berryman's Motion to Quash Subpoena to

---

[1] Also pending before the Court is Berryman's "Concurrence in Co-Defendant's Motions to Quash." (Doc. #60).  At oral argument, counsel for Berryman indicated that he would file a notice of withdrawal of this motion; thus, the Court need not analyze its merits.

[2] These motions were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docs. #25, #30, #40).

AmeriTrust Group (**Doc. #28**).  In his motion, Berryman argues that this subpoena should be quashed because it seeks information protected by attorney-client privilege and/or the attorney work product doctrine, and is not proportional to the needs of the case within the meaning of Fed. R. Civ. P. 26(b).  As explained in greater detail on the record, however, the subpoena contains only two narrowly-tailored requests that call for arguably relevant, factual information.  Moreover, AmeriTrust, the third-party records deponent, has neither objected to the subpoena nor moved to quash it.  Thus, the Court finds that the subpoenaed documents must be produced; however, to the extent the subpoena calls for the production of attorney-client privileged information and/or attorney work product, such documents need not be produced (but a privilege log must be provided).

(4) The Court **DENIES** Mackey's Motion to Compel as to Defendant Berryman (**Doc. #38**).  In this motion, Mackey seeks to compel Berryman to "disclose the remainder of any conversation that he had with legal counsel [for the City of Adrian] regarding the [PPO at issue]."  (*Id.* at 2).  Specifically, Mackey argues that the conversations between Berryman and former City Attorney Sara Osborn ("Osborn") are not privileged because Osborn was not authorized to represent Berryman in personal matters, such as the state PPO proceeding.  In the Sixth Circuit, however, the essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought (2) from a professional legal advisor in

his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor (8) except if the protection is waived. *See Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998).  As the Court explained at oral argument, at the time of the relevant conversations, Berryman was a member of the City Commission, and he was seeking advice from Osborn related to the conduct of City Commission meetings, including the procedure for conducting public comment; thus, he reasonably believed that his communications with Osborn were covered by attorney-client privilege. *See MJK Family LLC v. Corporate Eagle Mgmt. Servs.*, 676 F. Supp. 2d 584, 592 (E.D. Mich. 2009) (the test for an attorney-client communication is whether the purported client "reasonably believes an attorney-client relationship has been created") (internal quotations omitted).

Mackey also argues that, to the extent Berryman's conversations with Osborn were protected by the attorney-client privilege, he waived that privilege when he discussed the substance of these conversations on the local radio station and when he testified at the evidentiary hearing in the state court PPO proceedings.  (Doc. #38 at 21-24).  It is true that a client can waive attorney-client privilege by voluntarily disclosing his attorney's advice to a third party. *See U.S. v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997).  "The scope of the waiver turns on the scope of the client's disclosure, and the inquiry is whether the client's disclosure involves the same

4

'subject matter' as the desired testimony." *Id.*  Here, the statements Mackey points to in his brief[3] in support of his waiver argument are nothing more than statements by Berryman that he obtained a PPO after consulting with legal counsel.  (Doc. #38 at 7-8).  Such general statements do not amount to a broad waiver of the attorney-client privilege.  *See Bauer v. County of Saginaw*, No. 14-11158, 2015 WL 12806498, at *5 (E.D. Mich. Feb. 23, 2015) (an individual who merely states that a legal opinion was sought and used to make an informed decision has not waived attorney-client privilege).

(5) The Court **GRANTS IN PART AND DENIES IN PART** Noe's Emergency Motion to Quash Subpoenas and for Protective Order (**Doc. #23**) and **DENIES** Mackey's Motion to Compel Production of Documents from Lenawee County (**Doc. #36**) as specified below and on the record:

- Subpoena to Lenawee Country Club:  The parties agree that Mackey's subpoena to Lenawee Country Club is no longer at issue, as the Country Club has already responded to the subpoena.  The parties further agree, however, that Noe's personal information (*e.g.*, address, date of birth, phone number, and family names) will be redacted.

- Subpoena to Adrian College:  Adrian College, the third-party records deponent, has neither objected to the subpoena nor moved to quash it.  Moreover, while the records sought in Requests #8 and #9 (the only ones in issue) are of questionable value, particularly where Adrian College has not objected to conducting a search, Noe has not

---

[3] At the hearing, Mackey's counsel asserted, for the first time, that he has evidence that Berryman disclosed the substance of his conversations with Osborn to other, non-attorney third-parties. Because this argument was not briefed or supported by appropriate evidence, it does not provide a basis for the Court to find that Berryman waived the attorney-client privilege.

established that the Requests are so overly broad or unduly burdensome as to be disproportionate to the needs of the case.  Thus, the subpoena to Adrian College will not be quashed.

- Subpoena to Gateway Media:  Noe has moved to quash two document requests contained in this subpoena, and Gateway Media has lodged objections "to the production of 'any unpublished information obtained from an informant, or any unpublished matter or documentation, in whatever manner recorded, relating to a communication with an informant' pursuant to M.C.L.A. 767.5a(1)."  (Doc. #33-3 at 2).  For the reasons explained on the record, the Court finds that the requests in the Gateway Media subpoena, as drafted, are incredibly overbroad and infringe on the privacy rights of others, and that any marginal relevance in the information sought is disproportionate to the needs of the case, considering "the importance of the issues at stake in the action, the amount in controversy … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b).  For example, the subpoena seeks all electronically stored information, "including *but not limited to* electronic mail messages, text messages, or any other form of electronic communication, sent to/from Margaret M.S. Noe to/from any employee or contractor of The Daily Telegram between January 1, 2017, to the present."  (Doc. #23-4 at 6 (emphasis in original)).  Mackey has made no attempt to limit this request in scope (*i.e.*, to communications to or from Noe *pertaining to Mackey*).  Moreover, some of these subpoena requests infringe on the privacy rights (and, at least arguably, First Amendment rights) of individuals who have nothing whatsoever to do with this lawsuit (*i.e.*, Mackey's request for "a list of all Internet Protocol (IP) addresses used to post any message on www.lenconnect.com from January 1, 2017, to the present that relate to, pertain to, or otherwise reference in any way Wendell Shane Mackey").  (*Id.*).  As explained at the hearing, Mackey's willingness to trample on the important rights of others as he attempts to fish for evidence he believes will be useful in this case is but one of many concerning abuses of the discovery process he has employed in this case, and Mackey and his counsel are warned that further similar abuses may result in the imposition of an appropriate sanction.  The Court quashes this subpoena in its entirety.

- **Subpoena to Lenawee County:**  As explained at the hearing, Mackey's subpoena to Lenawee County is equally abusive.  These subpoena requests are incredibly overbroad and disproportionate to the needs of the case, considering "the importance of the issues at stake in the action, the amount in controversy … the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b).  While Mackey's claims raise important issues, every other Rule 26(b) factor favors quashing the subpoena.  For example, ESI Request #3 seeks all "electronic mail messages, text messages, or any other form of electronic communication, sent to or from any Lenawee County employee, contractor, or elected official between January 1, 2017, to the present that relate to, pertain to, or otherwise reference in any way Margaret Noe."  (Doc. #23-1 at 5-6).  In other words, Mackey asks the County to search for, review, and produce any electronic document that so much as references Noe during a more than two-year period of time.  Similarly, Document Request #5 seeks "copies of all telephone records for any telephone(s) routinely used by Margaret M.S. Noe from January 1, 2017, to the present, including but not limited to documents memorializing the date of call or text message, originating telephone number, terminating telephone number, and duration of call or length of text message."  (*Id.* at 7-8).  Neither of these requests – nor any of the others at issue – make an effort to limit the information sought to that pertaining to Mackey, or to the issues presented in this case, which is another way of saying that Mackey has woefully failed to show "the importance of the discovery in resolving the issues" in this case.  Moreover, the herculean effort that would be required by Lenawee County to respond to this subpoena simply cannot be overstated.  (*See* Doc. #62-2).  In short, this subpoena raises the same concern described above – that Mackey and his counsel seem completely unconcerned with the burdens their discovery requests place on others, and unconcerned with adhering to the concept of proportionality in the discovery process.  *See* Fed. R. Civ. P. 26(b).  Again, Mackey's "scorched earth" approach to discovery must stop.  The subpoena is not a reasonable way to conduct discovery, and the discovery sought therein is significantly disproportionate to the overall needs of the case.  Thus, Mackey's subpoena to Lenawee County is quashed in its entirety.

(6) **IT IS FURTHER ORDERED** that the **STAY** of discovery in this case is hereby **LIFTED**. The Honorable Bernard A. Friedman will issue an Amended Scheduling Order.

**IT IS SO ORDERED.**

Dated: January 29, 2019                           s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2019.

                                                  s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager