UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL SHANE MACKEY,

    Plaintiff,                                                               Civil Action No. 17-CV-12359

vs.                                                                             HON. BERNARD A. FRIEDMAN

JAMES MICHAEL BERRYMAN and
MARGARET M.S. NOE,

    Defendants.
_____/

**ORDER OVERRULING PLAINTIFF'S
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

        This matter is presently before the Court on plaintiff's objections to Magistrate Judge Grand's January 29, 2019, "Order On Motions - Docket Nos. 23, 24, 28, 34, 35, 36, 38" [docket entry 63].  In that order, Magistrate Judge Grand resolved the seven referenced discovery motions (two motions to compel, three motions to quash third-party subpoenas, one motion to lift the stay of discovery, and one motion to keep the stay in place).  Plaintiff objects to Magistrate Judge Grand's order insofar as it denied his motions to compel discovery and insofar as it granted in part defendant Noe's motion to quash certain third-party subpoenas issued by plaintiff.

        Plaintiff's objections are filed pursuant to Fed. R. Civ. P. 72(a), which permits a party to object to a magistrate judge's order concerning a nondispositive matter.  The rule provides that the Court "must . . . set aside any part of the order that is clearly erroneous or is contrary to law." As this Court noted recently in *Cratty v. City of Allen Park*, No. 17-11724, 2018 WL 3983806, at *1 (E.D. Mich. June 14, 2018),

A ruling is "'clearly erroneous' when, although there is evidence to support it, the reviewing court ... is left with the definite and firm conviction that a mistake *has been committed.*" *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). A legal conclusion is "contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Ford Motor Co. v. United States*, No. 08-12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009) (citation omitted).

Relatedly, in deciding discovery disputes, a magistrate judge is entitled to the same broad discretion as a district judge and her order is overruled only upon a finding of an abuse of discretion. *State Farm Mutual Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 703 (E.D. Mich. 2017) *report and recommendation adopted* No. 14-11700, 2017 WL 3116261 (July 21, 2017); *Bill Call Ford, Inc. v. Ford Motor Co.*, 48 F.3d 201, 209 (6th Cir. 1995). An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993).

Plaintiff has failed to show that any of Magistrate Judge Grand's rulings are clearly erroneous or contrary to law.  In fact, plaintiff neglects to mention – or otherwise show he is aware of – the applicable standard of review.  In any event, the Court has reviewed plaintiff's objections and the order in question, as well as the underlying motions, responses, and replies, and can conclude only that Magistrate Judge Grand, following a lengthy hearing, considered the parties' competing arguments and exercised his judgment, fairly and reasonably, so as to limit discovery in a manner that is consistent with the directives of Fed. R. Civ. P. 26(b)(1).[1]  In particular, the Court

---

[1] Federal Rule of Civil Procedure 26(b) states:

**(b) Discovery Scope and Limits.**

**(1) Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

agrees with Magistrate Judge Grand's determination that plaintiff's subpoenas to Gatehouse Media and Lenawee County are overbroad and that they seek information that is irrelevant and/or disproportionate to the needs of the case. The Court also concurs with Magistrate Judge Grand's ruling that defendant Berryman's conversations with the Adrian city attorney are protected by attorney-client privilege. Accordingly,

IT IS ORDERED that plaintiff's objections to Magistrate Judge Grand's January 29 order are overruled.

Dated: February 28, 2019  
      Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

---

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.